UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>E. MORENO, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-00014-SAB (PC)<br><br>ORDER VACATING MARCH 14, 2018 FINDINGS AND RECOMMENDATIONS, AND REQUIRING PLAINTIFF TO COMPLETE SERVICE ON DEFENDANTS WITHIN NINETY DAYS<br><br>[ECF Nos. 10, 11, 12, 13] |

Plaintiff Lenin Garcia is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**DISCUSSION**

**A.    March 14, 2018 Findings and Recommendations**

On March 2, 2018, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim for failure to protect against Defendants E. Moreno, Pena, H. Hinojosa, Segura and M. Silva, a cognizable claim for excessive force against Defendant Moreno, a cognizable claim for retaliation against Defendants Moreno, Pena, Hinojosa, Segura and E. Silva, and a cognizable claim for failure to decontaminate his cell against Defendants D. Hick, M. Harris, and E. Silva. (ECF No. 10.) Plaintiff was granted leave to file an amended complaint or notify the Court of his intent to proceed on the claims found to be cognizable. (Id.)

1

On March 12, 2018, Plaintiff notified the Court of his intent to proceed only on the claims found to be cognizable. (ECF No. 11.) On March 14, 2018, the undersigned issued Findings and Recommendations recommending dismissal of Plaintiff's due process claims in relation to the appeals process and false accusations. (ECF No. 12.)

Plaintiff filed objections to the Findings and Recommendations on March 27, 2018. (ECF No. 13.) In his objections, Plaintiff contends that he never intended to state due process violations and only intended to present claims for failure to protect, excessive force, retaliation and failure to decontaminate. Based on Plaintiff's representation that he never intended to present due process claims, the Court will vacate the Findings and Recommendations as rendered moot and will proceed with service of process on Plaintiff's failure to protect against Defendants E. Moreno, Pena, H. Hinojosa, Segura and M. Silva, excessive force claim against Defendant Moreno, retaliation claim against Defendants Moreno, Pena, Hinojosa, Segura and E. Silva, and claim based on the failure to decontaminate his cell against Defendants D. Hick, M. Harris, and E. Silva.

**B.    Authorization of Service of Complaint**

As previously stated, on March 2, 2018, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim for failure to protect against Defendants E. Moreno, Pena, H. Hinojosa, Segura and M. Silva, a cognizable claim for excessive force against Defendant Moreno, a cognizable claim for retaliation against Defendants Moreno, Pena, Hinojosa, Segura and E. Silva, and a cognizable claim for failure to decontaminate his cell against Defendants D. Hick, M. Harris, and E. Silva. (ECF No. 10.) Plaintiff is not proceeding in forma pauperis and therefore, he is responsible for serving Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Unless good cause for an extension of time is shown, Plaintiff must complete service of process and file proof of service with the Court within ninety days. Fed. R. Civ. P. 4(m). The following two sections contain instructions on how to serve Defendants.

**C.    Instructions on Completing Service**

1.    <u>Obtaining a Waiver of Service from Defendants</u>

Plaintiff has the option of notifying Defendants of the commencement of this action and requesting that Defendants waive service of the summons. Fed. R. Civ. P. 4(d)(1). If Plaintiff elects

to ask Defendants to waive service, he must mail to Defendants (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," (3) a copy of the complaint, and (4) a copy of this order. The documents must be addressed directly to Defendants (not to the Attorney General's Office), and the documents must be sent by first-class mail or other reliable means. Id. The "Waiver of Service of Summons" form must set forth the date on which the request is sent and must allow Defendants at least thirty days to return the waiver to Plaintiff. If Defendants sign and return the waiver form to Plaintiff, Plaintiff must then file the waiver form with the Court. After filing the waiver form, Plaintiff does not need to do anything further to serve the Defendants. Fed. R. Civ. P. 4(d)(4).

2. Personal Service on Defendants in Absence of Waiver

Plaintiff must effect personal service on Defendants if (1) Plaintiff chooses not to request that Defendants waive service, or (2) Plaintiff requests that Defendants waive service but Defendants fail to return the "Waiver of Service of Summons" form to Plaintiff. In either situation, the summons, a copy of the complaint, and a copy of this order must be personally served on Defendants (not the Attorney General's Office). Personal service may be effected by any person who is *not* a party to this action and who is at least eighteen years old; Plaintiff may not effect personal service himself. Fed. R. Civ. P. 4(c)(2). Plaintiff should review Rule 4(e), provided with this order, as it more fully addresses how personal service is effected.

## II.

## ORDER

In accordance with the above, it is HEREBY ORDERED that:

1. The March 14, 2018 Findings and Recommendations are VACATED;

2. This action shall proceed on Plaintiff's complaint, filed on December 29, 2017, against Defendants E. Moreno, Pena, H. Hinojosa, Segura and M. Silva for failure to protect, against Defendant Moreno for excessive force claim, against Defendants Moreno, Pena, Hinojosa, Segura and E. Silva for retaliation, and against Defendants D. Hick, M. Harris, and E. Silva for failure to decontaminate his cell;

3. The Clerk of the Court shall issue and send Plaintiff eight summonses and shall send

3

Plaintiff one copy of the following documents:

    a)     The complaint filed on December 29, 2017;

    b)     A "Notice of Lawsuit and Request for Waiver of Service of Summons" form;

    c)     A "Waiver of Service" form; and

    d)     Rule 4 of the Federal Rules of Civil Procedure;

4.     Plaintiff shall complete service of process on Defendants within **ninety (90) days** from the date of service of this order;[1] and

5.     Unless good cause is shown, Plaintiff's failure to (1) complete service of process on Defendants and (2) file a proof of service within ninety days will result in dismissal of this action. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:   **March 28, 2018**

                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants are cautioned that Rule 4(d) of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.