UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>E. MORENO, et al.,<br><br>　　　　　　Defendants. | No. 1:18-cv-00014-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 32, 39, 43, 44) |

Plaintiff Lenin Garcia is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 1, 2018, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment for failure to exhaust his administrative remedies (Doc. No. 32) be denied without prejudice. (Doc. No. 39.) In doing so, the magistrate judge noted that defendants were entitled to an evidentiary hearing pursuant to *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) to resolve certain factual issues related to plaintiff's exhaustion, and invited defendants to file a motion to that effect. (*Id.* at 12.) The findings and recommendations were served on the parties and contained notice that any objections were due within thirty days. (*Id.*) On November 15, 2018, plaintiff filed objections.

1

(Doc. No. 41.) Defendants filed a response on November 29, 2018 indicating their belief that an evidentiary hearing was necessary to resolve the underlying dispute (Doc. No. 42), and concurrently filed a motion requesting such a hearing. (Doc. No. 43.) On December 26, 2018, plaintiff filed a request for leave to file a sur-reply to defendants' response to his objections. (Doc. No. 44.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections and defendants' response, the court finds the findings and recommendations to be supported by the record and proper analysis.

In his objections, plaintiff contends that a hearing is not necessary, and that he has established as a matter of law that "generally unavailable administrative remedies [were] effectively unavailable to him." *Albino*, 747 F.3d at 1172. Plaintiff repeats this argument in his request for permission to file a sur-reply. (Doc. No. 44.) The undersigned disagrees with plaintiff's contention. As noted by the assigned magistrate judge, plaintiff did present evidence that he attempted to exhaust his administrative remedies, but "[w]hether due to some inadvertent loss of the grievance form, or for some other reason," prison officials took no action with respect to this inmate grievance. (Doc. No. 39 at 12.) Thus, the magistrate judge concluded that the issue of whether plaintiff properly submitted such a grievance turns on a credibility determination, which necessarily requires an evidentiary hearing. The undersigned finds no error with this analysis.

Accordingly,

1. The finding and recommendations issued on November 1, 2018 (Doc. No. 39) are adopted in full;
2. Defendants' motion for summary judgment for plaintiff's failure to exhaust his administrative remedies (Doc. No. 32) is denied without prejudice;

/////
/////
/////

3. Defendants' motion for an evidentiary hearing (Doc. No. 43) is granted; and

4. Plaintiff's request for leave to file a sur-reply (Doc. No. 44) is denied.

IT IS SO ORDERED.

Dated: **April 3, 2019**

UNITED STATES DISTRICT JUDGE