LENIN GARCIA-J12590
MCSP-AL-217L
P.O. BOX-409020
IONE, CA 95640
  IN-PROPER

COPY

**FILED**

MAY 10 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

LENIN GARCIA,
  PLAINTIFF

CASE: 1:18-CV-00014-DAD-SAB(PC)

PLAINTIFF EXHIBITS LIST
FOR EVIDENTIARY HEARING
ON MAY 15, 2019, AT 10:30 A.M.
IN COURT ROOM 9.

E. MORENO, et al.,
  DEFENDANTS

**AMENDED EXHIBIT LIST**

TO: COURT ROOM DEPUTY MAMIE HERNANDEZ

EXHIBIT:#1, CASE NO: 18C0380, IS A TRUE AND CORRECT COPY OF WRIT OF MANDAMUS FOR THE RETURN OF PROPERTY SPECIFICALLY, GARCIA LEGAL DOCUMENTS AND 602, CDCR 22 FORMS RELATED TO CASE: 1:18-CV-00014-DAD-SAB PC

EXHIBIT:#2, CDCR-22 FORM SERVICE OF SUMMONS FOR DEFENDANT H. HINOJOSA CASE NO: 18C0380

EXHIBIT:#3. IS A TRUE AND CORRECT COPY OF DECLARATION OF SERVICE BY MAIL BY MULE CREEK STATE PRISON MAIL ROOM AKNOWLEDGEMENT OF MAILING SUMMONS TO DEFENDANT H. HINOJOSA ON CASE: NO 18C0380.

EXHIBIT #4, IS A TRUE AND CORRECT COPY OF PAGE #9 OF PLAINTIFF COMPLAINT NO: 1:18-CV-00014-DAD-SAB(PC)

EXHIBIT #5. APPEAL LOG CSPC-3-16-06159, SUBMITTED-DECEMBER.22.2016, AGAINST THE APPEALS COORDI

1  NATOR-STAFF.

2      EXHIBIT #6. APPEAL LOG CSPC 3-16-05450 SUBMITTED

3  NOVEMBER.08.2016, AGAINST C/o SEGURA, C/o HINOJOSA,

4  AND C/o M. SILVA.

5      EXHIBIT: #7. IS A TRUE AND CORRECT COPY OF A LETTER

6  SUBMITTED TO CHIEF, INMATE APPEALS BRANCH DATED -

7  JANUARY.8.2017, AND THE RESPONSE BY M.VOONG,

8  CHIEF OFFICE OF APPEALS.

9      EXHIBIT: #8. APPEAL LOG CSPC-2-17-000759 IS A

10  TRUE AND CORRECT COPY, SUBMITTED AGAINST THE

11  APPEAL COORDINATOR OFFICE, DATED FEBRUARY.12.2017

12      EXHIBIT: #9. IS A TRUE AND CORRECTO COPY OF C.C.R.

13  TITLE 15 PAGE #77, 3084.2.

14      EXHIBIT #10. IS A TRUE AND CORRECT COPY OF CCR

15  TITLE 15 PAGE #80, 3084.6.

16      EXHIBIT #11. IS A TRUE AND CORRECT COPY OF CCR

17  TITLE 15 PAGE #82, 83, 3084.7.

18      EXHIBIT #12, IS A TRUE AND CORRECT COPY OF CCR

19  TITLE 15 PAGE #84, 3084.8

20      EXHIBIT: #13, IS A TRUE AND CORRECT COPY OF CCR

21  TITLE 15 PAGE # #103, 8142

22      EXHIBIT #14. IS A TRUE AND CORRECT COPY OF APPEAL

23  LOG COR-17-06231. SUBMITTED OCTOBER.31.2017.

24      EXHIBIT: #15. IS A TRUE AND CORRECT COPY OF EMAIL

25  DATED OCTOBER, 5.2016, MARCH 8, 2017.

26      EXHIBIT #16, IS A TRUE AND CORRECT COPY OF

27  PLAINTIFF OPPOSITION MOTION TO SUMMARY JUDGMENT

28

1 | EXHIBIT #17, IS A TRUE AND CORRECT COPY OF DEFENDANTS
2 | REPLY TO PLAINTIFF OPPOSITION, AND DECLARATIONS FROM
3 | CORCORAN APPEALS COORDINATORS D. GOREE, T. GALAVIZ,
4 | AND CDCR CHIEF OF THE APPEALS OFFICE M. VOONG.
5 | EXHIBIT #18, IS A TRUE AND CORRECT COPY OF SUMMONS
6 | CITACION JUDICIAL, PROOF OF SERVICE OF SUMMONS,
7 | DECLARATION OF SERVICE BY MAIL OF OFFICER C/O J. CRUZ,
8 | CDCR 22 FORM SUBMITTED TO OFFICER CRUZ REGARDING
9 | SERVICE OF WRIT OF MANDAMUS CASE # 18C0380.
10 | EXHIBIT #19. IS A TRUE AND CORRECT COPY OF SUMMONS
11 | CITACION JUDICIAL, PROOF OF SERVICE OF SUMMONS,
12 | DECLARATION OF SERVICE BY MAIL OF KEN CLARK, CDCR
13 | 22 FORM SUBMITTED TO OFFICER, WARDEN KEN CLARK
14 | REGARDING SERVICE OF WRIT OF MANDAMUS CASE # 18C0380.
15 | EXHIBIT #20. IS A TRUE AND CORRECT COPY OF PRISONER
16 | RUBEN GARCIA CDCR # J73373 DECLARATION.
17 | EXHIBIT #21. IS A TRUE AND CORRECT COPY OF PRISONER
18 | CHRISTOPHER NATHANIEL EL-BEY WASHINGTON
19 | CDCR # P-77851, DECLARATION
20 |
21 |        I DECLARED UNDER THE PENALTY OF PERJURY
22 | THAT THE FOREGOING ARE TRUE AND CORRECT.
23 |      LENIN GARCIA
24 |      PLAINTIFF              MAY. 07. 2019
25 |
26 |
27 |
28 |

*WRiT MANDAMUS*

# EXHIBIT COVER PAGE

EXHIBIT: 1

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:  {Check Only one}

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ Circuit Court
☐ United States Supreme Court
☐ Grand Jury
[ ] Other

Approved for use
with Judicial
Council forms
#Jan 1, 1997's

LENIN GARCIA - J12590
MCSP-FAC-A1-217L
P.O.BOX-409020
IONE, CA 95640

CONFORMED COPY
ORIGINAL FILED ON

DEC 21 2018

MICHELLE S. MARTINEZ, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY

In Pro Per

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF KINGS

Case No.: 18C 0380

LENIN GARCIA
PLAINTIFF-PETITIONER

vs.

KEN CLARK
DEFENDANT-RESPONDENT
WARDEN-CSP-CORCORAN

) WRIT OF MANDAMUS
) FOR THE RETURN OF
) PROPERTY OR THE VALUE
) THEREOF.
) ESCAMILLA V. CDCR, 141 CAL
) APP4th 498,

ON JULY, 2015 PETITIONER WAS TRANSFER FROM DONOVAN STATE PRISON, TO CORCORAN STATE PRISON, THE SENDING FACILITY STAFF INVENTORY HIS PERSONAL AND LEGAL PROPERTY IN AN INVENTORY-FORM (CDCR 1083), THE INVENTORY FORM INDICATED PETITIONER ARRIVED AT CORCORAN PRISON WITH (SIX-BOXES), HE POSSESED THE FOLLOWING LEGAL DOCUMENTS CASE-BA05527-8-VOLUMES OF TRIAL TRANSCRIPTS, 3-VOLUMES-OF PRELIMINARY HEARING, OPENING BRIEF, REPLY, OPINION, WRIT OF HABEAS CORPUS... CASE-12CV-00718-AJB-NLS-GARCIA V. CLUCK-43 DOCUMENTS 1,496 PAGES., CASE 316-CV2433 JAHMDD-GARCIA V. SMITH, 2,970 PAGES., CASE-311-CV0763 MMA-KSC-GARCIA V. RIVERA,1,415-PAGES., CASE-16-CV-1606-CAB-B66-GARCIA V. PICKETT 136-PAGES., (SEE ATTACHMENT, CLERK-USDC, MEMORANDUM.)

PURSUANT TO CDCR OPERATIONAL MANUAL-
54030.13.1 - UPON AN INMATE TRANSFER BETWEEN INSTITUTIONS OF THE
DEPARTMENT THE SENDING INSTITUTION SHALL INVENTORY THE INMATE
PROPERTY ON A CDCR FORM 1083 A SIGNED COPY OF THE CDCR FORM 1083 SHALL
BE PLACED IN EACH BOX, A COPY SHALL BE RETAINED BY THE SENDING INSTITUTION
AND A COPY SHALL BE RETAINED BY THE RECEIVING INSTITUTION TO FACILITATE
THE RESOLUTION OF INMATE PROPERTY CLAIMS... ON JULY.09.2015 GARCIA
ARRIVED TO CORCORAN STATE PRISON HIS PROPERTY WAS STORED AT R&R
RECEIVING AND RELEASE, WHEN THE PROPERTY WAS ISSUED TO HIM IT WAS
AGAIN INVENTORY IN A FORM 1083, CORCORAN STAFF ISSUED HIM ALL THE DOCU-
MENTS - LEGAL MATERIAL DESCRIBED ABOVE... ON JANUARY. 18.2017, GAR-
CIA - WAS HOUSED AT THE MENTAL HEALTH PROGRAM (E.O.P.) AT CORCORAN
PRISON WITHIN FACILITY 3B - C1 - CELL 138, HE DID NOT HAD A CELLIE, HE HAD ON
HIS CELL ALL OF THE ABOVE MENTIONED LEGAL DOCUMENTS, INCLUDING, 602, CDCR
FORM 22 RELATED TO GRIEVANCES SUBMITTED AGAINST THE HOUSING UNIT OFFIC-
ERS - ON THESE DATE (01.18.17) HE SUFFERED A MENTAL CRISIS AND WAS
ADMITTED INTO A CRISIS BED AND TRANSFER TO (CHCF. STOCKTON HOSPITAL)
ON JANUARY 26, 2017, GARCIA WAS TRANSFER FROM STOCKTON HOSPITAL TO
TO CORCORAN INFIRMARY AND ADMITTED TO CRISIS BED...
PURSUANT TO CDCR OPERATIONAL MANUAL 54030.6 " STATES" UPON
NOTIFICATION OF THE INMATE BEING RETAINED ELSEWHERE, BUT WITHIN 24
HOURS, THE INMATE PROPERTY SHALL BE INVENTORIED, PACKAGE FOR TRANSFER
AND PLACED IN A SECURED AREA, A COPY OF THE CDCR FORM 1083 SIGNED BY
THE PERSON WHO INVENTORIED THE PROPERTY SHALL BE FURNISHED TO THE
INMATE... PURSUANT TO CDCR OPERATIONAL MANUAL (54030.13.2) INMA-
TES - PLACED IN THE HOSPITAL DUE TO ACCIDENT OR EMERGENCY SHALL HAVE
THEIR PROPERTY COLLECTED, INVENTORIED, AND STORED IN R&R OR OTHER
APPROVED AREA BY THE HOUSING UNIT OFFICERS OR DESIGNEE...
ON FEBRUARY 10.2017 GARCIA WAS DISCHARGED FROM THE HOSPITAL

AND IMMEDIATELY TRANSFER TO ADMINISTRATIVE SEGREGATION...

NOTE: DURING THE ENTIRE TIME THAT GARCIA WAS IN THE HOSPITAL AND ADMINISTRATIVE SEGREGATION - HE WAS NOT ALLOWED TO POSSESS ANY OF HIS PROPERTY, THE PROPERTY WAS STORED IN R&R.

ON FEBRUARY 24, 2017 ( AD-SEG, OFFICER CRUZ, NOTIFY GARCIA THAT HE WAS GOING TO BE TRANSFER TO MULE CREEK STATE PRISON, C/o J. CRUZ WENT TO R&R (PROPERTY ROOM) COLLECTED AND INVENTORIED GARCIA PROPERTY ON A CDCR FORM 1083. GARCIA WAS NOT PRESENT DURING THE TIME THAT OFFICER J. CRUZ INVENTORIED THE PROPERTY. OFFICER CRUZ SIMPLY APPROACHED GARCIA AND DEMANDED THAT GARCIA SIGN THE FORM 1083, WENT GARCIA REVIEW THE FORM 1083 HE NOTICE THAT NONE OF HIS LEGAL DOCUMENTS WERE INVENTORY, GARCIA REQUESTED THAT OFFICER J. CRUZ INVENTORY HIS LEGAL DOCUMENTS, OFFICER CRUZ REFUSED AND AGAIN DEMANDED THAT GARCIA PLACE HIS SIGNATURE NEXT TO A STATEMENT WHICH STATES AS FOLLOWS:

" WITH THIS SIGNATURE, I AGREE THAT THE ABOVE LISTED PROPERTY IS THE EXTENT OF ALL MY PROPERTY "

(SEE, ATTACHMENT # 1. CDCR. FORM 1083) A REVIEW OF THESE DOCUMENT INDICATE THAT NO LEGAL MATERIALS/DOCUMENTS WERE INVENTORY, THUS GARCIA REFUSED TO SIGN...

ON MARCH 12, 2017, GARCIA FILED A FIRST LEVEL APPEAL FORM, SUBSTANTIALLY SETTING FORTH THE FACTS AS DESCRIBED, ANTE, AND STATING THAT UPON HIS TRANSFER FROM CORCORAN TO MULE CREEK, ALL HIS MATERIAL LEGAL DOCUMENTS THREE BOXES DID NOT ARRIVE, HE REQUESTED THE FOLLOWING ACTION. THAT ALL LEGA MATERIAL, DOCUMENTS BE FORWARDED ON THE NEXT SCHEDULE TRANSPORTATION FROM COR - TO - MCSP, ON THE ALTERNATIVE THAT THE CDCR ACCEPT LIABILITY FOR THE AMOUNT TO ORDER COPIES OF THE LEGAL DOCUMENTS FROM THE COURTS

IN DENYING THE FIRST LEVEL APPEAL, SEARGENT R. CHILDRESS "NOTED IN PART" ACCORDING TO A CDCR 1083 FORM DATED FEBRUARY 24, 2017, WHICH IS THE DAY YOU TRANSFERRED FROM CSP - COR - TO - MCSP, YOU DID NOT POSSESS ANY LEGAL MATERIALS " IN DENYING THE SECOND LEVEL APPEAL, CHIEF DEPU

TY-WARDEN M.C. HENSE, NOTED IN PART " YOU FAILED TO PROVIDE ANY DOCUM-
ENTATION-AS EVIDENCE THAT UPON ARRIVAL TO CSP-COR ON JULY.09.2015
THAT YOU ARRIVED WITH YOUR LEGAL WORK, STAFF DID AN ADEQUATE JOB
DURING THIS INQUIRY AND YOU HAD FAILED TO PROVIDE ANY ADDITIONAL
INFORMATION OR DOCUMENTATION WHICH WOULD LEAD THE REVIEWER TO
BELIEVE YOU HAD LEGAL DOCUMENTS IN YOUR POSSESSION WHILE YOU WERE
HOUSED AT CSP-COR"... IN DENYING THE THIRD LEVEL APPEAL, NOTED IN
PART, " THE APPELLANT HAS NOT PROVIDED EVIDENCE TO SUPPORT HIS CLAIM
THAT STAFF LOST THE ITEMS HE CLAIM ARE MISING, TLR NOTES THAT THE
CORCORAN STAFF ATTESTED THE APPELANT HAD NO LEGAL WORK WITHIN HIS
POSSESSION " (SEE, ATTACHMENT # 3, 602, APPEAL)...

    GARCIA, CONTEND THAT IT WAS IMPOSSIBLE FOR HIM TO PROVIDE SUPP
ORTING-DOCUMENTS SUCH AS FORM 1083, BECAUSE ALL OF HIS LEGAL MATER
IALS- WAS AND STILL IS IN THE POSSESSION OF CORCORAN STAFF AND HE HAS
NOT HAD ACCESS TO HIS DOCUMENTS, GARCIA FURTHER CONTEND THAT THE
APPEAL/602, REVIEWERS FAILED TO CONDUCT AN ADEQUATE INQUIRY, RES-
EARCH-OF GARCIA CLAIMS, FOR EXAMPLE, PURSUANT TO CCR, 3084.9.F.
3.B, " STAFF SHALL RESEARCH THE APPELLANTS LOSS OF PROPERTY CLAIM
BY UTILIZING DEPARTMENTAL INMATE PROPERTY RECORDS"... HOWEVER
A REVIEW OF THE APPEAL, 602, FIRST, SECOND, AND THIRD LEVEL SHOW
THAT THE REVIEWERS FAILED TO RESEARCH OR USE THE DEPARTMENTA
INMATE PROPERTY RECORDS... IF THE APPEAL REVIEWERS WOULD HAD
CONDUCTED AN ADEQUATE INQUIRY, RESEARCH, BY UTILIZING THE INVENTOR
FORM AUTHORED IN JULY.09.2015, BY THE SENDING INSTITUTION( DONO
VAN- PRISON), THE FORM 1083 AUTHORED IN JULY.09.2017, BY THE RECE
IVING-INSTITUTION(CORCORAN PRISON), AND THE FORM 1083 AUTHORED
ON JANUARY.18.2017, BY THE HOUSING UNIT OFFICERS, THESE RECORD
WOULD SHOW THE FOLLOWING: #1. THAT ON JULY.09.2015 GARCIA WA
TRANSFER FROM DONOVAN PRISON TO CORCORAN THE SENDING INSTITU

TION-INVENTORY SIX- BOXES WHICH INCLUDED All THE LEGAL DOCUMENTS DESCRIBED, ANTE, *2. ON JULY. 09. 2015, THE RECEIVING INSTITUTION INVENTORY THE PROPERTY WHICH AGAIN INCLUDED All THE LEGAL DOCUMENTS DESCRIBED ABOVE., *3. ON JANUARY- 18 -2017, GARCIA WAS TRANSFERRED TO THE HOSPITAL HIS PROPERTY LEGAL DOCUMENTS AS DESCRIBED ABOVE SHAll BE ING INVENTORY BY HOUSING UNIT OFFICERS...

PURSUANT TO CDCR, OPERATIONAl MANUAL (54030-13-1) COPIES OF THE INVENTORY FORMS 1083 SHAll BE RETAINED BY THE INSTITUTION, FURTH- ER- DURING THE ADMINISTRATIVE PROCESS OF THE APPEAL/602, GARCIA REQUESTED THAT THESE FORMS 1083 BE REVIEWED (SEE, APPEAl- SECT- ION- D, AND F, ATTACHMENT *2)...

IN THIS CASE, GARCIA WAS TRANSFER TO THE HOSPITAL ON JANUARY, 18, 2017, HIS LEGAL DOCUMENTS WERE IN HIS ASSIGNED CEll, HE DID NOT HAD A CElliE, HOUSING UNIT OFFICERS COllECTED THE PROPERTY AND INVE- NTORIED-AND STORED IN A PROPERTY ROOM IN R&R, ON FEBRUARY, 24, 2017, OFFICER J. CRUZ, WHEN TO R&R COllECTED THE PROPERTY AND INVEN- TORIED- IN A 1083, BUT REFUSED TO INVENTORY GARCIA LEGAl DOCUMENTS All IN All GARCIA DID NOT HAD ACCESS TO HIS PROPERTY FROM JANUA- RY- 18, 2017, WHICH IS THE DATE HE WAS PlACED IN THE HOSPITAl Till THE DATE THAT MULE CREEK STATE PRISON ISSUED HIM THE PROPERTY ON JUNE 13, 2017,... THE FORM 1083 AUTHORED ON FEBRUARY 24, 2017, BY CORCORAN AD-SEG OFFICER CRUZ, IS THE ONLY FORM 1083 REVIEWED DURING THE APPEAL PROCESS., AS DESCRIBED ABOVE THE FORMS 1083 WHICH SUPPORT GARCIA CLAIMS WERE IGNORED AND SUPPRESSED BY THE APPEAl REVIEWERS, IT WAS THE REVIEWERS RESPONSIBILITY TO OBTAIN THE PROPERTY RECORDS, GARCIA ASSERT THAT HE SHOULD BE AllOW DISCOVERY TO DEVELOP FACTS SUPPORTING HIS PETITION AllEGATIONS GARCIA FILED THE FOllOWING GRIEVANCES AGAINST HOUSING UNIT OFFI- CERS-AND OTHER CORCORAN STAFF, DURING HIS STAY AT CORCORAN

STATE PRISON - (LOG#COR-16-01518,) (LOG#COR-16-04702) (LOG#COR-16-04-794) (LOG#COR-2-17-CO759) (LOG#COR-HC-16061227) (LOG#COR-1700-719) LEGAI MATERIAIS RELATED TO THIS GRIEVANCES AND OTHER GRIEAVANCES WERE ALSO KEPT BY CORCORAN PRISON STAFF.

FURTHER, THE RECORD IS UNDISPUTABLE THAT GARCIA HAS SEVE-RAL CASES IN CALIFORNIA COURTS (SEE, EXHIBITS ATTACHED TO THE APPEAI-602, HERE ATTACHED AS #2), IS UNDISPUTABLE THAT GARCIA HAS ATLEAST SOME EVIDENCE THAT HE POSSESSED LEGAI PAPER WORK FOUR 4-BOXES (SEE, EXHIBITS ATTACHED TO THE APPEAI-602, HERE ATTACHED AS #2). IT IS UNDISPUTABLE THAT PURSUANT TO CDCR, CCR 3161, INMATES ARE ALLOWED TO POSSESS LEGAI MATERIAL/DOCUMENTS...

SUPPORTING CASES, RULES OR AUTHORITIES

ESCAMILLA V. CDCR, 141 CAL. APP. 4TH 498; " THE MOST APPROPRIATE WRIT TO DIRECT THE GOVERNMENT TO RETURN PERSONAL PROPERTY OR ITS VALUE... IS A WRIT OF MANDAMUS. THIS AVAILABILITY OF THE MANDAMUS REMEDY IS GOVERNED BY CODE CIV. PROC. 1085, WHICH PROVIDES IN PART THAT THE WRIT MAY ISSUE TO COMPEL THE PERFORMANCE OF AN ACT WHICH HE SPECIFICAIIY ENJOINS, AS A DUTY RESULTING FROM AN OFFICE TO UST. OR STATION, WHERE A GOVERNMENT ENTITY IS UNDER A DUTY TO RETURN THE CLAIMED PROPERTY TO ITS OWNER. A WRIT OF MANDAMUS IS APPROPRIATED TO COMPEL ITS RETURN" (Id. AT 500).,

GARCIA, ARGUES, FOR THESE REASON THE CORCORAN PRISON WARDEN OR THE SECRETARY OF THE DEPARTMENT SHOULD RETURN THE LEGAI MATERIAIS TO GARCIA:

PRAYER, RELIEF REQUESTED:

WRIT OF MANDAMUS ORDERING THE CORCORAN WARDEN TO RETURN THE LEGAI DOCUMENTS, OR THE VALUE TO ORDER COPIES OF THE LEGAI DOCUMENTS, DISCOVERY, ORDER TO SHOW CAUSE, APPOINTMENT OF COUNSEL, ATTORNEYS FEES, FILING FEES, AND COST...

PETITIONER "GARCIA" STATEMENTS ON THE WRIT
OF MANDAMUS ARE BASED ON PERSONAL KNOWLEDGE
HE SWEAR UNDER THE PENALTY OF PERJURY THAT THE
CONTENTS OF THE PETITION ARE TRUE AND CORRECT

LENIN GARCIA                    DECEMBER. 17. 2018

PETITIONER - PLAINTIFF

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

Side 1

CSP CORCORAN

*IAB USE ONLY*

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| Institution/Parole Region: | Log #: | Category |
|---|---|---|
| MCSP-O | 17-1632 | 5 |
| | 17-00965 | |
| *FOR STAFF USE ONLY* | | |

1709467    J12590

Yo...................... Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, (CCR) Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**    **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| GARCIA TLENIN | J12590 | A1-115L | E.O.P |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
ON 3-3-17, GARCIA WAS TRANSFER FROM COR-TO MCSP, HOWEVER HE

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): WAS NOTIFY BY
R&R SGT. PFPIFFER, THAT All HIS PERSONAl PROPERTY ARRIVED BUT
THAT All HIS MATERIAl LEGAl DOCUMENTS THREE BOXES DID NOT...
THE LEGAl DOCUMENTS HERE IN QUESTION ARE RELATED TO THE

B. Action requested (If you need more space, use Section B of the CDCR 602-A): __
THAT All LEGAl MATERIAl-DOCUMENTS BE FORWARDED TO
GARCIA ON THE NEXT SCHEDULE TRANSPORTATION FROM COR
CORAN-STATE PRISON TO MCSP... ON THE ALTERNATIVE

**Supporting Documents: Refer to CCR 3084.3.**
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):
ECA 5-15-17-BED ASSIGNMENTS-3-15-17    CASES X 3:15-CV-02433 JAH-MDD, BA-055-
1083-4-FL-11, TWO PROPERTY CARDS    C27, DE-3:16-CV-01606-CAB-BGS.

☐ No, I have not attached any supporting documents. Reason:
REC BY OOA
AUG 21 2017

Inmate/Parolee Signature: _____    Date Submitted: 3-12-2017

☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only** A & 3/22/16 CW    Staff – Check One: Is CDCR 602-A Attached? ☒ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☒ Accepted at the First Level of Review.    REC BY OOA
Assigned to: AWSA DY    Title: _____    Date Assigned: MAR 28 2017    Date Due: 5/10/17
OCT 16 2017

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: 4/18/17    Interview Location: VIA TELEPHONE
Your appeal issue is: ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.

| Interviewer: R CHILDRESS | Title: SGT | Signature: _____ | Date completed: 4/18/17 |
|---|---|---|---|
| Reviewer: _____ | Title: Acy | Signature: _____ | |

Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___/___/___

APR 26 2017

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL**

CDCR 602 (REV. 08/09)    Side 2

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

THE F.L.R. IS ABSOLUTE ARBITRARY, CAPRICIOUS; "BED ASSIGNMENTS MOVEME-
NT-SHEET," ATTACHED INDICATES ON 1-18-17, GARCIA WAS TRANSFER FROM COR-
COR. AT ARRIVAL TO R&R, HE WAS IMMEDIATELY PLACED IN CRISIS BED 3A-C3-1,
3A-01-138, TO CHCF STOCKTON CRISIS BED. ON 1-26-17, HE WAS RETURNED TO
COR. AT ARRIVAL TO R&R, HE WAS IMMEDIATELY PLACED IN CRISIS BED 3A-C3-1,
ON 1-21-17, HE WAS ADMITTED TO COR CENTRAL SERVICE SINCE 1-05 CRISIS
BED. ON 2-10-17 HE WAS RELEASED AND IMMEDIATELY PLACED IN AD-SEG. →

Inmate/Parolee Signature: *[signature]*    Date Submitted: JUNE 06, 2017

**E. Second Level - Staff Use Only -** Check One: Is CDCR 602-A Attached? ☐ Yes ☒ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date:
☐ Cancelled (See attached letter)   Date:
☒ Accepted at the Second Level of Review

Assigned To: ___   Title: ___   Date Assigned: 6/26/17   Date Due: 2/3/17

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title.

Interview Location: ___   Date of Interview: ___

Your appeal issue is: ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other
See attached letter. If dissatisfied with Second Level response, complete Section below.

Interviewer: *[signature]*   Title: R.N.   Signature: *[signature]*
Reviewer: *[Print Name]*   Title: CDCR   Signature: *[signature]*   Date completed: 7/6/17

AC Use Only
Date received by AC: 7/31/17
Date mailed/delivered to appellant: ___

**F.** If you are dissatisfied with the Second Level response, explain the reason below, attach supporting documents and submit it for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

INQUIRY, FOR EXAMPLE & CDCR POLICY REQUIRES THAT STAFF CONDUCT AN INVENTORY
OF PROPERTY OF ALL NEW ARRIVAL INMATES AND TO DOCUM ENT PROPERTY ITEMS ON A
1083 FORM., GARCIA ARRIVED AT CSF-COR ON JULY 09, 2015, HIS PROPERTY WAS
INVENTORY ON A 1083 FORM BY R&R OFFICER RODRIGUEZ, THE FLR, SLR, FAILED
FLR, SLR, FAILED TO CONDUCT AN ADEQUATE REVIEW OF DOCUMENTS DURING THE

Inmate/Parolee Signature: *[signature]*    Date Submitted: AUGUST 04, 2017

**G. Third Level - Staff Use Only -**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: SEP 2 6 2017
☐ Cancelled (See attached letter)   Date:
☒ Accepted at the Third Level of Review. Your appeal issue is: ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant: JAN - 5 2018

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: ___   Date: ___
Print Staff Name: ___   Signature: ___   Title: ___   Date: ___

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)                                                                                    Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| 1709467 | CSP CORCORAN | 17-1632 | | 5 |
| | | M CSP-0 17-00965 | | |
| | | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.      WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| GARCIA, LENIN | J12590 | A1-115ᴸ | E.O.P. |

A.  Continuation of CDCR 602, Section A only (Explain your issue): Following ACTIVE CASES
GARCIA V. STATE OF CA, 8 VOLUMES TRIAL TRANSCRIPTS, 4 VOLUMES OF PRE
LIMINARY-HEARING, OPENING BRIEF, REPLY BRIEF, OPINION, WRIT OF
HABEAS CORPUS; GARCIA V. SMITH, All DOCUMENTS; GARCIA V.
CLUCK, 1983, PRETRIAL MOTIONS, TRIAL TRANSCRIPTS, APPEAL BRIEF;
GARCIA V. RIVERA, All DOCUMENTS; GARCIA V. PICKETT. All DOCUME-
NTS-PERSONAl LETTERS.. GARCIA HAS NOT RECEIVE A 1083
FORM AND HE HAS NEVER SIGN FOR HIS MISSING PROPERTY
PER.3160. A. INMATE ACCESS TO COURT SHAll NOT BE OBSTRUCTED
STAFF SHAll NOT RETALIATE AGAINST ANY INMATE FOR INITIATING
OR MAINTAINING A LAW SUIT. All OF THE ABOVE LISTED MATERIAl
DOCUMENTS ARE IN THE POSSESSION OF CDCR, PER. 3193. THE DEP-
ARTMENT-SHAll ACCEPT LIABIlITY FOR THE LOSS OR DESTRUC-
TION-OF PERSONAl/LEGAl PROPERTY IN THE CDCR POSSE-
SSION-OR CONTROl AT THE TIME OF ANY WILLFUl ACT BY
STAFF, RESUlTING FROM INTENTIONAl OR CARELESS
ACT OR ACTIVITIES OF ANY STAFF...

Inmate/Parolee Signature: _____      Date Submitted: 3.12.2017

B.  Continuation of CDCR 602, Section B only (Action requested): PURSUANT TO CCR 3193-b THE CDCR SHAll
ACCEPT LIABIlITY FOR THE LOSS OR DAMAGE AND THE AMOUNT TO ORDER
COPIES OF THE LEGAl DOCUMENTS FROM THE COURTS.

REC BY OOA   REC BY OOA

OCT 16 2017      AUG 2 7 2017

Inmate/Parolee Signature: _____      Date Submitted: MARCH 12, 2017

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

Side 2

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** THE SAME DATE 2.10.17, DURING HIS STAY AT TAD-SEG, STAFF DID NOT ISSUED HIM ANY PROPERTY, ON 2-24-17 % CRUZ NOTIFY GARCIA THAT HE WAS BEING TRANSFER, HE DEMANDED GARCIA TO SIGN A 1083, GARCIA SEEN NONE OF HIS LEG.H DOCUMENTS WERE INVENTORY, THUS HE HE REFUSED TO SIGN AND RE QUESTED % CRUZ TO INVENTORY HIS LEGAL DOCU- MENTS-% CRUZ REFUSED. AS DESCRIBED ABOVE GARCIA WAS TRANSFER FROM 3B-01-TO CRISIS BED ON 1-18-17, AND SUBSEQUENTLY PLACED IN AD-SEG, PURSUANT TO GENERAL POLICY (31.4g.T) 3B-01, % HERNANDEZ, % SILVA, SHALL HAD INVENTORY GARCIA PROPERTY, INSTEAD THE PROPERTY WAS INVENTORY BY % CRUZ 24 DAYS AFTER GARCIA WAS TRANSFER- EA-TO CRISIS. AD-SEE, 3B-01, STAFF INTENTIONALLY REFUSED TO INVENTORY THE PROPERTY IN ORDER TO COVER UP THEIR RETALIATORY ACTS OF LOSS, DESTRU- CTION-OF LEGAL DOCUMENTS, FURTHER-THE F.L.R, STATES "THERE IS NO RECORD OF ANY PENDING CASES, HOWEVER, GARCIA IS PROVIDING SUPPORTING DOCUMENT- S-INDICATING HE HAS SEVERAL PENDING CASES, (SEE ATTACHMENTS)...

FINALLY, GARCIA IS PROVIDING SUPPORTING DOCUMENTATION INDICATING HE DID IN FACT POSSESSED SEVERAL BOXES OF LEGAL DOCUMENTS, SEE ATTACHMENTS 1083, PROPERTY INVENTORY CARD, THE 1st LEVEL RESPONSE WAS GIVEN TO GARCIA ON MAY-15,2017, VIA C.C.I. R. ARTEAGA (SEE EFFECTIVE COMMUNICATION ASSIG- NMENT-FORM, ATTACHED), THUS, GARCIA REQUEST FOR A 2ND LEVEL REVIEW IS TIMELY, PER, CCR, 3084.8, 8.3.1...

Inmate/Parolee Signature: GARCIA   Date Submitted: JUNE. 06. 2017

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** To REVIEW THE ARRIVAL 1083 INVENTORY FORM of GARCIA PROPERTY DATED 1.09.15, THESE 1083 FORM IS IN THE POSSESSION of CSP-CORCORAN R&R STAFF, THIS DOCUMENT WAS NOT DIS- CLOSE-DURING THE "INQUIRY" of THE APPEAL, AND CSR-CCR STAFF HAS FAILED TO PROVIDE GARCIA A copy of THESE 1083 FORM DATED 1.09.15.. NOTE:-THIS 1083 WOULD INDICATE THAT GARCIA ARRIVED AT CORCORAN - WITH THREE BOXES OF LEGAL DOCUMENTS AND THREE BOXES OF PERSO- NAL PROPERTY FOR A TOTAL OF SIX BOXES ... FURTHER THE FLR, S.L.R, STATES GARCIA HAS NO RECORD OF ANY PENDING CASES, HOWEVER, AGAIN STAFF FAILED TO CONDUCT ADEQUATE REVIEW of DOCUMENTS AVAILABLE TO THEM, EXHIBITS ATTACHED TO THE APPEAL CLEARLY INDICATES THAT GARCIA DID HAD THREE PENDING CASES DURING THE TIME THAT HE WAS HOUSED AT CORCORAN STATE PRISON. ... THEREFORE THE FLR, S.L.R, FAILED TO CONDUCT A ADEQUATE INQUIRY of THE APPEAL CLAIMS AND EVIDENCE. A THIRD LEVEL REVIEW/INQUIRY IS NEEDED AND GARCIA REITERATES HIS ACTION REQUESTED AS STATED IN PART 'B'...

Inmate/Parolee Signature: GARCIA   Date Submitted: AUGUST   2017

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                                                     EDMUND G. BROWN JR., GOVERNOR

DIVISION OF ADULT INSTITUTIONS
CALIFORNIA STATE PRISON - CORCORAN
P.O. Box 8800
Corcoran, CA 93212



**APRIL 18, 2017**

**Inmate GARCIA, J12590**
Housing: Facility A, Building 1 - 150L
Mule Creek State Prison

Re:  **FIRST LEVEL APPEAL RESPONSE**
       Appeal Log # CSPC-02-17-01632

**APPEAL ISSUE:**  On March 12, 2017 you contend that you were transferred from California
State Prison-Corcoran (CSP-COR) to Mule Creek State Prison (MCSP) received your personal
property *except* three (3) boxes of legal material.

You request your legal material be sent to your current location or be reimbursed the amount to
order new copies of your legal materials.

**EFFECTIVE COMMUNICATION:**  A review of the Test of Adult Basic Education list
reveals you have a Reading Grade Point Level of 9.9. However, you are identified as a
participant in the Mental Health Services Delivery System (MHSDS) at the Enhanced Outpatient
Program (EOP) Level of Care and require special accommodations to achieve effective
communication. Effective communication was established utilizing slow, simple English.

**INTERVIEW:** On April 18, 2017 you were interviewed by Correctional Sergeant R. Childress
via institutional telephone due to your current location at MCSP. You were afforded the
opportunity to further explain your issue and to provide any supporting evidence. During the
interview with Sergeant Childress, you restated each part of your appeal in your own words. You
answers and interaction with Sergeant Childress convinced him you completely understood the
issues of the appeal. You were asked if you still had not received any of the items you claim are
missing. You stated you had not received any legal work, and that it was CSP-COR's job to find
it. You were then asked if you had any new supporting information or documents pertaining to
this appeal. You did not have any new information to add to your appeal at this time. This
concluded the interview with Sergeant Childress.

**APPEAL RESPONSE:**  Your appeal, the attachments, and the California Code of Regulations
(CCR), Title 15 have been reviewed.

According to a CDCR 1083 Inmate Property Inventory form dated February 24, 2017, which is
the day you transferred from CSP-COR to MCSP you did not possess any legal materials. You
left with two (2) boxes, neither of which contained any type of legal documents. It is notated on
this CDCR 1083 form that you refused to sign the finalized CDCR 1083, but you would not give
a reason why you would not sign to Officer J. Cruz at the time of the inventory. You did not
mention missing any legal property at this time.

First Level Response
Garcia, J12590
CSPC-02-17-01632
Page 2 of 2

The Facility 3A Law Library was contacted and there was no record of any pending cases you had worked on while housed in 3A04, nor was there any records of copies being made for any cases you listed. Although it is the duty of staff to investigate claims made in the appeal, the burden of proof lies with the inmate who must provide supporting evidence. You have not provided anything but a list of court procedures

Your request for the monetary amount to order copies of the legal documents is denied. Monetary compensation is not within the jurisdiction of this department.

**DECISION**:  Your appeal is **DENIED** at the First Level of Review as you provided no supporting evidence that you are missing three boxes of legal documents.

R. CHILDRESS
Facility 3A EOP ASU Sergeant
California State Prison-Corcoran

B. ODLE
Associate Warden-Housing
California State Prison-Corcoran

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                              EDMUND G. BROWN JR., GOVERNOR

DIVISION OF ADULT INSTITUTIONS
CALIFORNIA STATE PRISON - CORCORAN
P.O. Box 8800
Corcoran, CA 93212



June 14, 2017

Inmate GARCIA CDCR No. J-12590
Re:    SECOND LEVEL APPEAL RESPONSE
       Log # CSPC-8-17-01632
       Issue: PROPERTY

**DECISION: DENIED**

**EFFECTIVE COMMUNICATION:** A review of the Test of Adult Basic Education list reveals you have a Reading Grade Point Level of 9.9 therefore you do not require special accommodations to achieve Effective Communication.

**PROBLEM DESCRIPTION:** You contend within your appeal on March 12, 2017, you were transferred from California State Prison-Corcoran (CSP-COR) to Mule Creek State Prison (MCSP) and you received your personal property except for three boxes of legal material. You requested your legal material be sent to your current location or be reimbursed the amount in order to place orders for new copies of your legal materials.

**ACTION REQUESTED:** You are requesting for your legal material be sent to your current location or be reimbursed the amount in order to place orders for new copies of your legal materials.

**APPEAL RESPONSE:** You were interviewed by Correctional Sergeant R. Childress, on April 18, 2017, at the First Level Review (FLR) via Institutional telephone due to your current location MCSP. It is noted you are dissatisfied with the FLR. Upon reviewing the FLR, you were provided with an appropriate response by Sergeant Childress.

An inquiry was completed at the Second Level of Review (SLR). Upon review of the documentation submitted, you did not provide any additional evidence or documentation beyond what was provided at the FLR.

A review of the documentation you have provided as evidence includes a 1083 Property Inventory Form from when you were housed at Richard J. Donovan Correctional Facility in April of 2011, which indicates you did at one time have four boxes of legal paper work. Also, the Non-Expendable Property Inventory Form you submitted as evidence is dated January 22, 2007, which is when you arrived to RJD from California State Prison-Lancaster (LAC). The two forms you have provided in an attempt to prove you had in your possession legal work are not current and the most current Property Inventory Form you provided indicates you do not have legal work.

Second Level Response
Garcia, J-12590
CSPC-8-17-01632
Page 2 of 2

Between the years of 2007 and 2017, you have been housed at multiple institutions and been placed on General Population Facilities, Short Term Restricted Housing, and Mental Health Crisis Beds. Upon your arrival to CSP-COR on July 9, 2015, you failed to provide any documentation as evidence that you arrived with your legal work. The most recent 1083 Property Inventory Form which is dated February 24, 2017, prior to your departure from CSP-COR, indicates you did not have in your possession any legal materials as documented by the 3A04 Property Officer J. Cruz. Officer Cruz was interviewed in regard to this appeal and he stated when he inventoried your personal property, you had no legal documents within your possession. Officer Cruz also indicated during interview, you refused to sign the 1083 Property Inventory Form, but refused to give a reason as to why you were refusing to sign the property form.

Also, as the First Level Review indicates, you have no record of any pending court cases nor were there any records of copies being made for any of the cases you had listed. Staff did an adequate job during this inquiry and you have failed to provide any additional information or documentation which would lead this reviewer to believe you had legal documents within your possession while you were housed at CSP-COR.

DECISION: Your appeal is DENIED at the SLR.

L. C. Hense
Chief Deputy Warden (A)
California State Prison-Corcoran

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## THIRD LEVEL APPEAL DECISION

Date:       JAN - 4 2018

In re:     Lenin Garcia, J12590
           Mule Creek State Prison
           P.O. Box 409099
           Ione, CA  95640

TLR Case No.: 1709467          Local Log Nos.: COR-17-01632 and MCSP-17-00965

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Briggs, Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT:  It is the appellant's position that staff lost his property. The appellant contends that on March 12, 2017, he was transferred from the Corcoran State Prison (COR) to the Mule Creek State Prison (MCSP) and he received his personal property except for three boxes of legal materials. In remedy, the appellant requests his legal materials be sent to his current location or he be reimbursed the amount in order to place orders for new copies of his legal materials.

II   SECOND LEVEL'S DECISION:  The reviewer found that a thorough review and consideration of the appellant's appeal and respective issues have been completed. A review of the documentation the appellant provided as evidence includes a CDC Form 1083, Inmate Property Inventory form when he was housed at the R.J. Donovan Correctional Facility (RJD) in April 2011, which indicates the appellant did at one time have four boxes of legal paper work. Also, the non-Expendable property Inventory Form the appellant submitted as evidence is dated January 22, 2007, which is when the appellant arrived at RJD from the California State Prison, Los Angeles County. The reviewer noted that the two forms the appellant provided is an attempt to prove he had in his possession legal work not current and the most current Property Inventory Form the appellant provided indicates the appellant does not have any legal work.

Between the years of 2007 and 2017, the appellant has been housed at multiple institutions and been placed on general population facilities, Short Term Restricted Housing, and Mental Health Crisis Beds. Upon the appellant's arrival at COR on July 9, 2015, the appellant failed to provide any documentation as evidence that he arrived with his legal work. The most recent CDC Form 1083, which was dated February 27, 2017, prior to the appellant's departure from the COR, indicated the appellant did not have in his possession any legal materials as documented by "3A04," Property Officer J. Cruz. Correctional Officer (CO) Cruz was interviewed in regard to this appeal and he stated when he inventoried the appellant's personal property, the appellant had no legal material documented within his possessions. CO Cruz also indicated during the interview, the appellant refused to sign the CDC Form 1083, but refused to give a reason why he was refusing to sign the property form.

Also, the First Level of Review indicated the appellant had no record of any pending court cases nor were there any records of copies made for any of the cases that the appellant had listed. The reviewer noted that staff did an adequate job during this inquiry and the appellant had failed to provide any additional information or documentation which would lead the reviewer to believe that appellant had legal documents in his possession while he was housed at the COR. Based on the aforementioned, the Second Level of Review (SLR) denied the appeal.

III   THIRD LEVEL DECISION:  Appeal is denied.

   A.   FINDINGS:  The documentation and arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The Department does accept liability for the loss of inmate personal property when it is determined that such loss results from employee negligence. The regulations are clear in that the Department cannot accept responsibility for the appellant's property where there is no liability established. The Third Level of Review (TLR)

LENIN GARCIA, J12590
CASE NO. 1709467
PAGE 2

acknowledges the appellant alleges a property loss; however, he has failed to provide any proof that would suggest staff are responsible for the loss of his property. In permitting inmates to possess personal property, the Department does not accept liability for the theft, loss, damage or destruction of such property resulting from the intentional or careless act or activities of any inmate. The appellant has not provided evidence to support his claim that staff lost the items he claims are missing. The TLR notes that the COR staff attested the appellant had no legal work within his possession. Therefore, in view of the above, relief at the TLR is not warranted.

The appellant has added new issues and requests to the appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

B.  BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3000, 3001, 3005, 3084, 3084.1, 3084.5, 3190, 3191, 3193, 3287, 3379

C.  ORDER:  No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Department of General Services, Office of Risk and Insurance Management, Government Claims Program, P.O. Box 989052, MS 414, West Sacramento, CA, 95798-9052, for further review.

R. BRIGGS, Appeals Examiner
Office of Appeals

cc:     Warden, MCSP
        Appeals Coordinator, MCSP
        Appeals Coordinator, COR

M. VOONG, Chief
Office of Appeals



# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

## MEMORANDUM

**To:**      Lenia Garcia

**From:**    D. Nanula            , Case Administrator

**Date:**    3/5/2018

**Re:**      Letter Requesting Copies

Mr. Garcia,

Our office received your enclosed letter requesting the number of pages on each of the dockets listed below:

16-cv-1606-CAB-BGS - 136 pages
10-cv-2433-JAH-MDD - 2,970 pages
11-cv-0763-MMA-KSC - 1,415 pages
12-cv-0718-AJB-NLS - 1,496 pages

Total pages - 6,017

Please see the enclosed fee form. The cost per page is .50 cents (at 6,017 pages, the full docket for each case would total $3,008.50).

Regards,

Clerks Office
USDC, Southern District of California

**INMATE PROPERTY INVENTORY**

CDCR Form 1083 | Page 1 of 1

NAME: GARCIA    CDCR #: J-15490    INSTITUTION: CSP-CORCORAN    DATE: 2-24-17

REASON FOR INVENTORY: TRANSFER    SENT TO: MCSP    # OF BOXES: 2    # OF BAGS: 0

### Personal Clothing
| | |
|---|---|
| ☒ Athletic Shorts | |
| ☐ Athletic Supporter | |
| ☐ Briefs / Boxers | |
| ☒ Hats and Caps | 2 |
| ☐ Hand Band | |
| ☐ Rain Coat / Poncho | |
| ☐ Shoelaces | |
| ☒ Shower Shoes | 4 |
| ☐ Slippers / House Shoes | |
| ☒ Socks | 1 |
| ☐ Sweat Pants | 1 |
| ☒ Sweat Shirts | 1 |
| ☒ Tennis Shoes: NIKE | |
| ☐ Thermal Tops | |
| ☐ Thermal Bottoms | |
| ☒ Undershirts | 4 |
| ☐ Wave Caps | |

### Female Specific
| | |
|---|---|
| ☐ Brassieres | |
| ☐ Pajama / Nightgown | |
| ☐ Panties | |
| ☐ Personal Jeans | |
| ☐ Robe | |
| ☐ Sandals | |
| ☐ Scarf | |
| ☐ Walking Shoes | |

### Personal Care/Hygiene
| | |
|---|---|
| ☐ After Shave | |
| ☐ Body Powder | |
| ☐ Comb/Hair Pick | |
| ☐ Cosmetic / Shave Bag | |
| ☒ Cotton Swabs | 4 |
| ☐ Denture Adhesive | |
| ☐ Denture Cleanser | |
| ☐ Dental Flossers / Gliders | |
| ☐ Depilatory's (Magic Shave | |
| ☒ Deodorant | 1 |
| ☒ Face Cream (Noxzema) | 2 |
| ☐ Conditioner | |
| ☒ Hair Oil / Grease | 2 |
| ☐ Hair Ties | |
| ☐ Insect Repellant | |
| ☒ Laundry Detergent | 2 |
| ☐ Laundry Soap Bar | |
| ☐ Lip Balm | |
| ☒ Lotions / Baby Oil | 5 |
| ☐ Medication / Over Counter | |
| ☐ Mirror | |
| ☒ Mouth Wash | 1 |
| ☐ Muscle / Vapor Rub | |
| ☐ Nail Clipper | |
| ☐ Palm Brush / Comb | |
| ☐ Perm Curl / Relax Kit | |
| ☐ Perm Wave Kit | |
| ☐ Perm Wave Rods | |
| ☐ Petroleum Jelly | |
| ☐ Razors, Disposable | 2 |
| ☒ Shampoo | 2 |
| ☒ Shaving Cream / Gel | 1 |
| ☒ Soap Bars | 4 |
| ☒ Soap liquid-body wash/dish | 3 |
| ☐ Sunblock | |
| ☐ Toothbrush | |
| ☒ Toothbrush Holder | 1 |
| ☐ Toothpaste / Powder | |
| ☐ Wash Cloths | |

### Female Specific
| | |
|---|---|
| ☐ Bath Towel | |
| ☐ Blush | |
| ☐ Brush | |
| ☐ Cotton Balls | |
| ☐ Douche | |
| ☐ Emery Board | |
| ☐ Eyebrow Pencil / Eyeliner | |
| ☐ Eye Shadow Kit | |
| ☐ Fabric Softener | |
| ☐ Facial Astringent | |
| ☐ Facial Cleanser | |
| ☐ Feminine Hygiene Wash | |
| ☐ Foundation | |
| ☐ Hair Clips / Scrunchies | |
| ☐ Hair Sprays | |
| ☐ Hair Rollers | |
| ☐ Lip gloss / Liner / Lipstick | |
| ☐ Mascara | |
| ☐ Pumice Stone | |
| ☐ Shower Bag | |
| ☐ Shower Cap | |
| ☐ Shower Puffs / Loofah | |
| ☐ Tweezers | |

### Food
| | |
|---|---|
| ☐ Artificial Sweetener | |
| ☐ Beverages | |
| ☐ Candy; Bags ___ Bars | |
| ☐ Canned Food | |
| ☐ Cereals | |
| ☐ Cheese | |
| ☐ Chips / Taco Shells | |
| ☐ Cocoa | |
| ☐ Cookies | |
| ☐ Coffee | |
| ☐ Condiments | |
| ☐ Crackers | |
| ☐ Dry Mix Drinks | |
| ☐ Food Pouches | |
| ☐ Supplements | |
| ☐ Meats, Dry | |
| ☐ Snack Items | |
| ☐ Nuts | |
| ☐ Peanut Butter | |
| ☐ Precooked Foods | |
| ☐ Protein Supplements | |
| ☐ Soups / Noodles | |
| ☐ Tea (Instant or Bags) | |
| ☐ Vitamins | 1 |
| ☐ Dried Fruit/Veg (Female) | |

### Miscellaneous Items
| | |
|---|---|
| ☐ Address Book | |
| ☐ Audio Cassettes | |
| ☐ Ballpoint Pens | |
| ☐ Battery Recharger | |
| ☐ Batteries | |
| ☒ Books / Magazines / Newspaper | 3 |
| ☒ Bowl | 2 |
| ☐ Calendar | |
| ☐ Can Opener | |
| ☐ Card Stock / Drawing | |
| ☐ Chalk / Pastels | |
| ☐ Clock | |
| ☐ Combination Lock | |
| ☒ Compact Discs | 12 |

### Correspondence Course
| | |
|---|---|
| ☐ Ear Plugs | |
| ☐ Envelopes | |
| ☐ Envelopes Metered | |
| ☐ Extension Card | |
| ☐ Greeting Cards | |
| ☐ Handkerchiefs/Bandannas | |
| ☐ Legal Material | |
| ☐ Legal Pads / Tablets | |
| ☐ Legal Size Folders Etc. | |
| ☐ Light Bulb | |
| ☐ Pencils | |
| ☐ Pencil Eraser | |
| ☐ Pencil Sharpener | |
| ☒ Photos, Loose | 3 |
| ☒ Photo Album | |
| ☐ Reading Glasses (Non-prescription - magnifying glasses) | |
| ☐ Stamps | |
| ☐ Stationary | |
| ☒ Sun Glasses / CASE | 2 |
| ☐ Storage Container | |
| ☒ Tumbler / Cups | 4 |
| ☐ Wallet | |

### Female Specific
| | |
|---|---|
| ☐ Antenna Wire (CIW only) | |
| ☐ Clothes Pins | |
| ☐ Eyeglass Repair Kit | |
| ☐ Footlocker (CIW only) | |
| ☐ Hangers | |
| ☐ Immersion Heater | |
| ☐ Umbrella (CIW only) | |

### Games
| | |
|---|---|
| ☐ Cards ☐ Checkers ☐ Chess | |
| ☐ Dominoes ☐ Scrabble | |
| ☐ Uno (Female Only) | |

### Religious Items
| | |
|---|---|
| ☐ Altar Cloth | |
| ☐ Head Band Bhad | |
| ☐ Wrist Band band | |
| ☐ Clacker Bead | |
| ☐ Beading Materials: | |
| ☐ Bowl/Chalice ☐ Chalk | |
| ☐ Religious Medallion & Chain Color _____ Material _____ | |
| ☐ Devotional Scapular | |
| ☐ Dream Catcher | |
| ☐ Feathers | |
| ☐ Head Gear ☐ Medicine Bag | |
| ☐ Miswak ☐ Powders | |
| ☐ Prayer Beads ☐ Prayer Oil | |
| ☐ Prayer / Holy cards / Photos | |
| ☐ Prayer Rug/Mat ☐ Prayer Shawl | |
| ☐ Runa Tiles ☐ Sea Salt | |
| ☐ Stones ☐ Tallit Katan/Tzitzit | |
| ☐ Tarot / Rune Cards ☐ Wand | |
| ☐ Tefillin / Phylacteries | |
| ☐ Herbs; | |

### Registerable Property
| | |
|---|---|
| ☒ Audio Entertainment Appliance | |
| ☒ AM/FM ☐ CD ☐ Cassette | |
| Make: SONY | |
| S/N: | |
| ☐ Calculator | |
| ☐ CD Wallet | |
| ☒ Ear Buds / Headphones | |
| Make: KOSS | |
| ☒ Fan: WESTRON | |
| ☒ Hair Clipper / Trimmer | |
| ☐ A/C ☐ Battery | |
| Make: | |
| ☐ Headband: | |
| | |
| ☒ Hot Pot: EBOX BRUSHY CREEK | |
| ☒ Lamp/Book Light | |
| ☐ A/C ☐ Battery | |
| Make: | |
| ☐ Musical Instrument: ☐ String | |
| Make: | |
| S/N: | |
| ☒ Razor / Groomer NOSE | |
| Make: PANSONIC | |
| ☐ A/C ☒ Battery | |
| ☐ Wedding Ring | |
| ☐ White Metal ☐ Yellow Metal | |
| Stones ☐ Yes ☐ No | |
| ☒ Television: ☐ B&W ☒ Color | |
| ☒ With CD player ☐ With Radio | |
| Tested: ☒ Works ☐ Doesn't Work | |
| Make: HITACHI | |
| S/N: # 0375 | |
| ☐ Electronic Tablet | |
| Make: | |
| S/N: | |
| ☐ MP3 | |
| Make: | |
| S/N: | |
| ☐ Adaptor ☒ Coaxial Cable | |
| ☐ Splitter ☐ Digital Antenna | |
| ☐ Typewriter | |
| ☐ Manual ☐ A/C ☐ Battery | |
| Make: | |
| S/N: | |
| ☒ Watch: ☒ Wrist ☐ Pocket | |
| Make: SEIKO Color: SILVER | |
| ☒ Battery Charger | |
| Make: ENERGIZER | |

### Female Specific
| | |
|---|---|
| ☐ Chain / Necklace / Bracelet | |
| ☐ White Metal ☐ Yellow Metal | |
| ☐ Curling / Flat / Straightening Iron | |
| Make: | |
| ☐ Earrings: | |
| ☐ Hair Dryer | |
| Make: | |
| ☐ Hair Rollers | |
| Make: | |
| ☐ Pression Comb | |
| Make: | |

### Health Care Appliances

I'M REFUSED TO SIGN

☐ With this signature, I agree that the above-listed property is the extent of ALL my property.
J-15490    GARCIA    J (signature)    CDC #    8/24/17
Inmate Signature (upon inventory)    CDC #    Date

☐ With this signature, I am receiving the property as marked on this inventory sheet.
Inmate Signature (upon inventory)    CDC #    Date

☐ Property inventoried by: Olsen (signature)    2-24-17
Staff Name (Print & Signature)    Date

☐ Property Received by:
Staff Name (Print & Signature)    Date

☐ Property Issued to inmate by:
Staff Name (Print & Signature - upon inventory)    Date

### Additional Items
- BODY WASH (2)
- VAPOR RUB
- HEADPHONE EXTENSION (2)

DISTRIBUTION - Original: R&R. Copies: Inventory Officer, Inmate, Retained in Property being Shipped/Transferred

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS
INMATE PROPERTY INVENTORY
CDC 1083 (Rev 2/00)

| INMATE'S NAME Garcia | CDC NUMBER J12590 | PRIVILEGE GROUP | INSTITUTION RJD | DATE 4-12-11 |
|---|---|---|---|---|
| PROPERTY INVENTORIED BY Terrell G. | | TITLE C/O | REASON FOR INVENTORY AD SEG | NUMBER OF BOXES |

## CANTEEN ITEMS

- [ ] Cereal
- [ ] Cheese
- [ ] Cocoa
- [ ] Cookies
- [ ] Crackers
- [ ] Creamer
- [ ] Dry Meat
- [ ] Dry Drink Mix
- [ ] Health Food
- [ ] Protein Supplement
- [ ] Vitamins
- [x] Soup 55
- [ ] Nuts
- [ ] Sugar Cubes
- [ ] Tea
- [ ] Instant Coffee
- [ ] Soda
- [ ] Peanut Butter
- [ ] Jelly
- [ ] Chips
- [ ] Honey
- [ ] Pork Rinds
- [ ] Hot Sauce

### Stationary Items

- [ ] Envelopes
- [ ] Stamps
- [ ] Stamped Envelopes
- [ ] Greeting Cards
- [ ] Writing Tablets
- [ ] Stationary
- [ ] Pencil Sharpener
- [x] Pens (4)
- [ ] Writing Paper
- [ ] Pencils

### Hygiene Items

- [x] Razor (6)
- [ ] Tweezers
- [ ] Shaving Cream
- [ ] After Shave
- [x] Nail Clipper (2)
- [ ] Nail Polish
- [x] Soap
- [x] Soap Dish (1)
- [x] Toothpaste (6)
- [x] Mouthwash (1)
- [x] Baby Powder (1)
- [ ] Talc
- [x] Shampoo (3)
- [ ] Conditioner
- [ ] Hair Grease/Gel
- [x] Deodorant (3)
- [ ] Perm Kit
- [ ] Mirror
- [ ] Nail Polish
- [ ] Foundation
- [ ] Makeup Ball
- [ ] Blush
- [ ] Mascara
- [x] Other: Tooth (5) Brush

### Tobacco Items

- [ ] Pipe Tobacco
- [ ] Chewing Tobacco
- [ ] Other Tobacco
- [ ] Cigarette Lighter
- [ ] Tobacco Pouch
- [ ] Cigarette Case
- [ ] Cigarette Roller
- [ ] Smoking Pipe

### Other Items

- [ ] Immersion Heater
- [ ] Tumbler
- [x] Bowl (3)
- [ ] Can Opener
- [x] Extension Cord
- [x] Batteries 8 (D)
- [ ] Size: _____

## PERSONAL ITEMS

- [x] Photo Album (2)
- [ ] Photos
- [x] Cassette Tape (3)
- [x] CDs (10)
- [x] Religious Medallion
- [ ] Ring G S
- [ ] Chain G S
- [ ] Earrings G S
- [x] Watch G S SKO
- [ ] Wallet
- [ ] Prescription Glasses
- [x] Sunglasses (2)
- [ ] Handkerchief
- [x] Wash Cloth
- [ ] Magazines
- [x] Books (2)
- [ ] Address Book
- [ ] Calendar
- [ ] Shoe Horn
- [ ] Shaving Bag
- [ ] Brush
- [x] Comb (1)
- [ ] Cosmetic Bag
- [ ] Perm Rods

### Clothing Items

- [x] B/B Hat (2)
- [x] Watch Cap (2)
- [ ] Head Band
- [ ] Gloves
- [x] Shower Thongs (2)
- [ ] Slippers
- [x] Sweat Pants
- [ ] Sweat Shirt
- [x] Tennis Shoe (1)
- [ ] Raincoat
- [x] Thermal Top
- [x] Thermal Pant (2)
- [ ] Bras
- [ ] Panties
- [x] Gym Short (3)
- [ ] Athletic Supporter
- [ ] Slip

(3) Socks

### Games

- [ ] Chess
- [ ] Checkers
- [x] Dominoes

### Other

Rice (5) bags
Hot Pot
(1) Detergent
ear swabs
light bulbs (2)
(3) Drink Bottles
1 extension cord

### Hobby Items

1 ear plug (2 watch)
(religious) Items/Cross
legal paper work 4 boxes

## NON-EXPENDABLE ITEMS

- [x] Television
- [ ] A/C Adapter
- Operational [ ] Yes [ ] No
- Model: Hitachi
- SRN: 1001H589771133

- [ ] CD/Cassette Player
- [ ] A/C Adapter
- Operational [ ] Yes [ ] No
- Model: _____
- SRN: _____

- [x] Radio
- [ ] A/C Adapter
- Operational [ ] Yes [ ] No
- Model: Cw, N
- SRN: 030500198

- [ ] Musical Instrument
- Operational [ ] Yes [ ] No
- Type: _____
- Model: _____
- SRN: _____

- [ ] Typewriter
- Operational [ ] Yes [ ] No
- Model: _____
- SRN: _____

- [x] Fan
- Model: Cool Operator

- [x] Lamp
- [ ] Electric Shaver
- [x] Blow Dryer
- [ ] Hair Dryer
- [ ] Curling Iron
- [ ] Hair Rollers
- [ ] Pressing Comb
- [ ] Calculator

All nonoperational items shall either be repaired, sent home, or disposed of. Note disposition of the item below:

| Inmate's Signature Noting Disposition | Date |
|---|---|

| TO BE SIGNED UPON INVENTORY OF THE INMATE'S PROPERTY | TO BE SIGNED UPON RETURN TO THE INMATE |
|---|---|
| The above listed items constitute all of my personal property which I am authorized to retain. | I have received all the above listed personal property or have noted any discrepancies below: |
| INMATE'S SIGNATURE: Refused. DATE 4-12-11 | INMATE'S SIGNATURE: DATE |
| RECEIVED IN R&R BY: INSTITUTION DATE | |

All property being disposed of per CCR Section 3091 shall be on a separate inventory.

Distribution: Original: R&R    Copy: Inventory Officer    Copy: Inmate    Copy: Retained in Property being Shipped/Transported

 Activity in Case 3:10-cv-02433-JAH-MDD Garcia v. Smith et al Settlement Disposition
Conference
efile_information@casd.uscourts.gov
to:
efile_information
03/27/2017 09:40 AM
Hide Details
From: efile_information@casd.uscourts.gov
To: efile_information@casd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by the
filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each
document during this first viewing. However, if the referenced document is a transcript, the free
copy and 30 page limit do not apply.

### U.S. District Court

### Southern District of California

## Notice of Electronic Filing

The following transaction was entered on 3/27/2017 at 9:39 AM PDT and filed on 3/27/2017
**Case Name:**      Garcia v. Smith et al
**Case Number:**    3:10-cv-02433-JAH-MDD
**Filer:**
**Document Number:** 222(No document attached)

Docket Text:
MINUTE ORDER: On March 27, 2017, at 9:15 a.m., a telephonic Settlement Disposition
Conference ("SDC") was held before Magistrate Judge Mitchell D. Dembin. Accordingly,
a further telephonic SDC will be held on APRIL 28, 2017 AT 9:30 A.M. Only counsel are
required to participate. A Joint Motion for Dismissal shall be submitted to the Honorable
John A. Houston prior to the SDC. If a Joint Motion for Dismissal is filed prior to the
SDC, the SDC will be taken off calendar without further court order and no further
appearances will be required. If a Joint Motion for Dismissal is not filed prior to the SDC,
counsel are required to participate in the SDC. Counsel are ordered to use the dial-in
information filed as a separate notice to access the Courts teleconference service. (The
teleconference information sheet can be accessed through ECF using the login
information assigned to an attorney of record in the case and then selecting the report
option. In the next screen, the docket sheet option should be selected, prompting the
user for a PACER login (assigned to the attorney of record). Once the PACER login is
accepted, the case number should be entered which will display the docket sheet for the
case and allow the user to open the teleconference information sheet.). (Plaintiff
Attorney Randy Scott Grossman). (Defendant Attorney Susan E. Coleman). (Mike Davis).
(no document attached) (jb1)

WESLEY A. VAN WINKLE
Attorney At Law
State Bar No. 129907
P.O. Box 5216
Berkeley, CA 94705-0216
(510) 848-6250

Attorney for appellant
LENIN GARCIA

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

IN AND FOR THE SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, ) <br><br> Plaintiff and Respondent, ) <br><br> vs. ) <br><br> LENIN GARCIA, ) <br><br> Defendant and Appellant. ) | B082499 <br><br> Los Angeles Superior Court No. BA055027 <br><br> APPELLANT'S REQUEST FOR JUDICIAL NOTICE |

Appellant LENIN GARCIA, by and through his attorney of record,

Wesley A. Van Winkle, hereby requests that this honorable court take judicial

notice of the following matters, copies of which have been attached as exhibits

hereto:

     1.  Pages one through four of the Assembly Public Safety Committee
analysis of Senate Bill 1444, constituting part of the legislative history of
the 1992 amendment of Government Code section 13967, subdivision (a),
attached hereto as Exhibit A; and

     2.  Pages 51120-5 and 51120-6 of the Operations Manual of the

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| FILED |
| --- |
| APR 06 2017 |
| MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

LENIN GARCIA,

                Plaintiff - Appellant,

   v.

GINA PICKETT, Correctional
Counselor I; et al.,

                Defendants - Appellees.

No. 16-56302

D.C. No. 3:16-cv-01606-CAB-BGS
U.S. District Court for Southern
California, San Diego

**ORDER**

Appellant Lenin Garcia, prison identification number J-12590, has been

granted leave to proceed in forma pauperis in this appeal and has completed and

filed the required authorization form directing the appropriate prison officials to

assess, collect, and forward to the district court the filing and docketing fees for

this appeal pursuant to 28 U.S.C. § 1915(b)(1) and (2). This court hereby assesses

an initial filing fee of 20 percent of the greater of (A) the average monthly deposits

to the prisoner's account; or (B) the average monthly balance in the prisoner's

account for the six-month period immediately preceding the filing of the

September 6, 2016 notice of appeal. Appellant is not responsible for payment when

the funds in appellant's prison trust account total less than $10, but payments must resume when additional deposits are made or funds are otherwise available.

The Clerk shall serve this order and appellant's completed authorization form on the Attorney General for the State of California, who shall notify the appropriate agency or prison authority responsible for calculating, collecting, and forwarding the initial payment assessed in this order and for assessing, collecting, and forwarding the remaining monthly payments of the fee to the district court for this appeal. *See* 28 U.S.C. § 1915(b)(2). Each payment should be accompanied by the district court and appellate docket numbers for this appeal and a record of previous payments made for this appeal.

The Clerk shall also serve a copy of this order on the clerk and the financial unit of the district court.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Cyntharee K. Powells
Deputy Clerk
Ninth Circuit Rule 27-7

# Critical Condition

This inmate has one or more Movement Warnings that are active which should be reviewed before attempting to move this inmate.

Name: GARCIA, LENIN                                    CDC #: J12590  PID #: 11729238

IPTS022A

## Bed Assignments

Wednesday March 15, 2017 01:11:37 PM

1 - 20 of 149

| Date | Time | Facility Name | Housing Area | Bed # | Housing Program | Status |
|------|------|---------------|--------------|-------|-----------------|--------|
| 03/07/2017 | 15:09 | MCSP-Facility A | A 001 1 | 115001L | Sensitive Needs Yard | Moved |
| 03/01/2017 | 11:45 | MCSP-Facility A | A 001 1 | 121001L | Sensitive Needs Yard | Unassigned |
| 02/28/2017 | 10:09 | MCSP-Facility A | A 001 2 | 203001L | Sensitive Needs Yard | Unassigned |
| 02/25/2017 | 13:09 | MCSP-Facility C | C 012 2 | 250001L | Administrative Segregation Unit | Unassigned |
| 02/24/2017 | 20:45 | MCSP-Facility C | C 012 2 | 233001L | Administrative Segregation Unit | Unassigned |
| 02/24/2017 | 20:28 | MCSP-Facility A | A 001 1 | 122001U | Sensitive Needs Yard | Unassigned |
| 02/16/2017 | 18:38 | COR-Facility 03A | 03A004 2 | 231001L | Administrative Segregation Unit | Unassigned |
| 02/11/2017 | 12:23 | COR-Facility 03A | 03A004 2 | 227001L | Administrative Segregation Unit | Unassigned |
| 02/10/2017 | 18:45 | COR-Facility 03A | 03A003 1 | 150001L | General Population | Unassigned |
| 02/10/2017 | 15:56 | COR-Facility 03B | 03B002 2 | 206001L | Sensitive Needs Yard EOP | Unassigned |
| 01/27/2017 | 18:13 | COR-Central Service | S INFC1 | 005001L | Mental Health Crisis Bed | Unassigned |
| 01/26/2017 | 23:45 | COR-Facility 03A | 03A003 1 | 135001L | General Population | Unassigned |
| 01/18/2017 | 18:06 | CHCF-Facility A | A 302B1 | 128001L | Mental Health Crisis Bed | Unassigned |
| 01/14/2016 | 22:24 | COR-Facility 03B | 03B001 1 | 138001L | Sensitive Needs Yard EOP | Unassigned |
| 01/14/2016 | 18:47 | COR-Facility 03B | 03B001 1 | 138001U | Sensitive Needs Yard EOP | Unassigned |
| 12/18/2015 | 20:48 | COR-Facility 03B | 03B005 1 | 128001L | Sensitive Needs Yard | Unassigned |
| 12/16/2015 | 16:50 | SAC-Facility B | B 001 1 | 020001L | Mental Health Crisis Bed | Unassigned |
| 12/04/2015 | 10:54 | SAC-Central Service | S CTC 1 | 003001L | Mental Health Crisis Bed | Unassigned |
| 12/02/2015 | 20:29 | SAC-Central Service | S CTC 1 | 008001L | Mental Health Crisis Bed | Unassigned |
| 11/30/2015 | 15:36 | COR-STRH | Z 001A1 | 100001L | Administrative Segregation Unit | Unassigned |

Next Page

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA          )
                             ) SS
COUNTY OF **IONE**           )

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746]

I, **LENIN GARCIA** _____, am a resident of the State of California and am over the age of eighteen years and am  ¢, a party to the above entitled action. My address is listed below.

On **DECEMBER. 17 .2018**, I served the following documents:

**WRIT OF MANDAMUS**

By placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at Ione, California, addressed as follows:

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF KINGS
1640 KING COUNTY DRIVE
HANFORD, CA 93230**

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of Ione, California on **DECEMBER. 17. 2018**

**LENIN GARCIA - J12590
A1 - 217ᴸ MULE CREEK STATE PRISON
IONE, CA 95640**

Pursuant to the holding of the United States Supreme Court in Houston v. Lack 108 S. Ct. 2379, 487 U.S. 266. 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.

# EXHIBIT COVER PAGE

2

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:  {Check Only one}

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States District Court
- [ ] Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury
- [ ] Other

Approved for use
with Judicial
Council form
 filed 1, 1997 a

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A:  INMATE/PAROLEE REQUEST

| NAME (Print):   (LAST NAME)   (FIRST NAME) | | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| GARCIA, LENIN | | J12540 | |
| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
| A1-217L | N/A | | SUBMITTING SUMMONS |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

THE FOLLOWING DOCUMENTS ARE BEING SEND TO ( C/O H. HINOJOSA, AT CSP-CORCORAN ) SUMMONS CITATION JUDICIAL NOTICE TO DEFENDANT, PROOF OF SERVICE OF SUMMONS, COPY OF THE MANDAMUS PETITION ( CASE # 18CO380 ) FOR THE RETURN OF PROPERTY OR THE VALUE THEREOF; THESE DOCUMENTS ARE BEING MAILED BY FIRST CLASS CONFIDENTIAL MAIL, ADDRESSED TO: CSP-CORCORAN-P.O. BOX-8800, CORCORAN CA 93212; CAN YOU RESPOND BELOW AND ACKNOWLEDGEMENT RECEIPT OF SERVICE OF SUMMONS, PER, CCR-3086.b.F, 1,2,3. ( S.A.S.E. ENCLOSED )

METHOD OF DELIVERY (CHECK APPROPRIATE BOX)  **\*\*NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED \*\***
☐ SENT THROUGH MAIL:  ADDRESSED TO:_____ DATE MAILED: ___/___/___
☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)  YES  NO |
|---|---|---|---|
| A | | | |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON   BY US MAIL |
|---|---|---|
| CSP-CORCORAN-3B-01-C/O H.HINOJOSA | FEBRUARY 18, 2019 | |

## SECTION B:  STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C:  REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D:  SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

EXHIBIT- 3

Garcia ; L
A1-211

# Declaration of Service By Mail

LENIN GARCIA V. KEN CLARK

CASE NAME: _____ CASE NO. 18CO 380

I, LENIN GARCIA _____, am a resident of the State of California, Mule Creek State Prison, (M.C.S.P.) at Ione, County of Amador, California, and I am at least 18 years of age and I am    *a* party to the written action. My mailing address is, P.O. Box 409060 Ione, California 95640-9000.

On FEBRUARY, 18 ,2019 ____, I served a true and correct copy of the following document(s);

SUMMONS CITATION JUDICIAL NOTICE TO DEFENDANT. H. HINOJOSA

PROOF OF SERVICE OF SUMMONS

COPY OF THE MANDAMUS PETITION

SELF ADDRESS ENVELOPE WITH POSTAGE

On each party listed below by placing it in a sealed envelope, with adequate postage or provided, and depositing said envelope in the institutional mail box or turned said envelope to custodial personnel for the United States Mail at Mule Creek State Prison, P.O. Box 409000, Ione, California 95640-9000.
This copy is being mailed to: OFFICER , H. HINOJOSA
CSP- CORCORAN
P.O. BOX - 8800
CORCORAN, CA, 93212

I have mailed additional copies to:

_____

_____

_____

There is regular service by the United States Mail between the above place of mailing and the parties listed.
I declare, under penalty of perjury, that the foregoing is true and correct.
Executed this date: O2, 18 ____, 20 19 , at Ione, California.

Signed: _____    CDCR No.: J12590

## MULE CREEK STATE PRISON MAILROOM ACKNOWLEDGEMENT OF MAILING

DATE: 2/19/19 _____    SIGNED: _____

# EXHIBIT COVER PAGE

4

EXHIBIT

Description of this Exhibit:


Number of pages to this Exhibit: _____ pages.


JURISDICTION:  {Check Only one}

[ ]  Municipal Court
[ ]  Superior Court
[ ]  Appellate Court
[ ]  State Supreme Court
[ ]  United States District Court
[ ]  Circuit Court
[ ]  United States Supreme Court
[ ]  Grand Jury
[ ]  Other

CONTINUATION, PAGE #3, A,B,C,D.
ADMINISTRATIVE REMEDIES.

ON NOVEMBER, 2016, PLAINTIFF SUBMITTED A 602 REQUESTING ADMINISTRATIVE RELIEF ON CLAIM I, II, III, AND IIII, THE APPEALS OFFICE STAFF FAILED TO LOG, PROCESS, OR RESPOND, FURTHER PLAINTIFF SUBMITTED SEVERAL CDCR 22 FORMS ASKING ABOUT THE STATUS OF 602, AGAIN NO RESPONSE WAS GIVEN, PLAINTIFF ALSO SUBMITTEDD A 602 AGAINST THE APPEALS COORDINATOR STAFF FOR FAILING TO LOG, PROCESS, RESPOND THE APPEAL DESCRIBED ABOVE, AGAIN NO LOG, NO PROCESS, AND NO RESPOND, THEREAFTER, PLAINTIFF SUBMITTED A REQUEST TO THE HIGHEST ADMINISTRATIVE-LEVEL REQUESTING FOR THEM TO ORDER CORCORAN APPEALS COORDINATOR-TO LOG, RESPOND, SEVERAL APPEALS 602$^S$, PLAINTIFF REQUEST WAS TO NO AVAIL, FINALLY, PLAINTIFF FILED ANOTHER APPEAL AGAINST THE APPEALS-COORDINATOR OFFICE STAFF FOR NOT PROCESSING, LOG, OR RESPOND TO ALL THE APPEALS AS DESCRIBED ABOVE, THE APPEALS COORDINATOR STAFF AGAIN REFUSED TO PROCESS AND CANCELLED THE APPEAL...

THE APPEAL COORDINATOR STAFF AND DEFENDANTS WERE IN CHARGE OF THE INSTITUTIONAL MAIL GOING OUT AND COMING IN THE HOUSING UNIT, THEY ACTED IN CONCERT TO ENSURE THAT PLAINTIFF APPEALS 602$^S$ WERE NOT LOG, NOT PROCESS, NOT RESPOND, AND NOT RETURNED TO HIM, PLAINTIFF MADE A GOOD FAITH EFFORT TO EXHAUST HIS REMEDIES THROUGH HIS MANY FILINGS, HE WAS DILIGENT IN HIS MANY ATTEMPTS TO GET APPEALS COORDINATOR STAFF TO LOG, PROCESS, RESPOND, HIS APPEALS, BUT HE ENCOUNTER A CONCRETE WALL OF DECEPTION, THEREFORE, THIS COURT SHOULD FIND THAT PLAINTIFF EXHAUSTED ALL THE REMEDIES THAT WERE "AVAILABLE" TO HIM.

EXHIBIT 5

APPEAL LOG-CSPC-3:16-06159

SUBMITTED - DECEMBER, 22, 2016

EXHIBIT- 6
APPEAL LOG - CSPC - 3 - 1605450
SUBMITTED NOVEMBER .C8- 2016

**EXHIBIT** _____

LENIN GARCIA - J12590
38-01-138L
P.O. BOX - 3466
CORCORAN, CA 93212

Case 1:18-cv-00014-DAD-SAB   Document 50   Filed 05/10/19   Page 40 of 117

REC BY ODA
JAN 11 2017

CHIEF, INMATE APPEALS BRANCH,

DEPARTMENT OF CORRECTIONS AND REHABILITATION,

P.O. BOX - 942883, SACRAMENTO, CA 94283 - 0001

GARCIA HAS SUBMITTED SEVERAL APPEALS, HOWEVER CSP-APPEALS COORDINATOR HAD FAILED/REFUSED TO LOG, PROCESS, RESPOND, FURTHER IT HAS FAILED TO ENSURE 695 FORM/REJECTED APPEALS ARE RETURNED TO GARCIA, IT SHOULD BE NOTED THE SAME STAFF WHOM GARCIA HAS ACCUSSED OF MISCONDUCT ARE THE SAME ONES ASSIGNED TO DELIVER APPEALS, THESE STAFF ARE ACTING IN CONCERT CHAIN CONSPIRACY TO ENSURE GARCIA DOES NOT EXHAUST REMEDIES... FOR EXAMPLE ON THE MONTH OF NOVEMBER 2016 GARCIA SUBMITTED THE FOLLOWING APPEALS...

※1. APPEAL AGAINST LT-AMAYA, CDW, SEXTON,.. ※2. APPEAL AGAINST C/o SILVA, C/o SEGURA, C/o HINOJOSA. ※3. APPEAL AGAINST C/o SILVA, C/o SEGURA, C/o HINOJOSA, C/o PEÑA, C/o MORENO...

ON THE MONTH OF DECEMBER, 2016,... ※4. APPEAL AGAINST, CCI MAJOR, SPS, MINTER., ※5. APPEAL AGAINST, APPEAL COORDINATORS, M. OLIVEIRA CCII, K. CRRIBBS, AGPA, D. GOREE JR. CCII ...

THESE STAFF HAS FAILED TO LOG, PROCESS, RESPOND (OR RETURN ANY 695-FORM REJECTED APPEALS, APPELLANT HAS ATTEMPTED TO EXHAUST REMEDIES ONLY TO ENCOUNTER A CONCRETE WALL OF DECEPTION BY STAFF, THEREFORE APPELLANT REQUEST, THAT THE CHIEF INMATE APPEALS BRANCH ORDER CSP-APPEALS COORDINATOR STAFF TO LOG, PROCESS, RESPOND, THE APPEALS DESCRIBED ABOVED, AND TO ALLOW APPELLANT TO EXHAUST HIS REMEDIES...

LENIN GARCIA                    JANUARY, 8, 2017

APPELLANT

State of California

Department of Corrections and Rehabilitation
Office of Appeals

# Memorandum

Date    :    FEB 1 5 2017

To      :    Garcia, J12590.
             COR

Subject:    **CORRESPONDENCE/APPEAL ACTIVITY**

If you have questions or concerns you may submit a CDCR Form 22 **to appropriate staff/unit,** who will then have three working days within receipt to respond, unless precluded by unusual or exigent circumstances.  Pursuant to the California Department of Corrections and Rehabilitation Operations Manual Section (DOM) 13030.16 and 13030.17, if you wish to obtain copies of documents contained in your Central File you must submit your request to your assigned Correctional Counselor I.

Be advised, an inmate/parolee is required to utilize the appeal process  to grieve any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.  You may request assistance with the appeals process from your Correctional Counselor or the Appeals Coordinator at your institution. Any dissatisfaction with institutional staff should be directed to the hiring authority.

It is the responsibility of the Chief, OOA to examine inmate/parolee appeals after the appellant has received a decision at the institution/parole region, or Second Level of Review. Correspondence does not constitute a formal appeal submission.  Appeal documentation must be attached to the original corresponding CDCR Form 602 and submitted in accordance with the California Code of Regulations (CCR) 3084.  If an appeal is accepted, the Third Level Review is attached to the appeal documentation and returned to the appellant.  Third Level responses shall be completed within 60 working days unless exceptional delay prevents completion of the review within specified time limits.  If an appeal is not accepted, a rejection letter, explaining the reason that the appeal did not qualify for processing at the Third Level of Review, is attached to the appeal packet and returned to the appellant.

The attached page(s) lists a summary of your recent appeal history and status of appeals still under review at the Third Level.

M. Voong, Chief
Office of Appeals

Attachment(s)

**EXHIBIT** 8

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*Wednesday, February 15, 2017*

*GARCIA, J12590*
*03A004 2227001L*

LEGAL, , 02/15/2017
Log Number: CSPC-2-17-00759
**(Note: <u>Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.</u>)**

The enclosed documents are being returned to you for the following reasons:

*RO  Other*

*Your appeal is dated 02/12/2017.  You are not allowed to appeal the processing of an appeal only it's cancellation.  Therefore, this appeal is cancelled.*

- [ ]  M. Oliveira, CCII Appeals Coordinator
- [ ]  M. Ledezma, AGPA
- [ ]  K. Cribbs, AGPA
- [x]  D. Goree Jr, CCII

Appeals Coordinator
Corcoran State Prison

**NOTE:**  If you are required to respond/explain to this CDCR Form 695, use <u>only</u> the lines provided below.

_____

_____

_____

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b).  Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.
NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED.

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | Cor | 17-759 | 10 |

FOR STAFF USE ONLY

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance on the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**     **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): GARCIA, LENIN | CDC Number: J12590 | Unit/Cell Number: 3A-04-227 | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):
APPEALS COORDINATOR FAILED TO LOG, RESPOND, APPEALS

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):
APPEALS AGAINST APPEALS COORDINATORS, CCII OLIVEIRA, CCII GOREE, CCII CRIBBS... APPELLANT HAS SUBMITTED FIVE APPEALS, APPELLANT HAS NOT RECEIVE, ANY LOG#, RESPONSES,

B. Action requested (If you need more space, use Section B of the CDCR 602-A):
LOG, RESPOND, THE APPEALS DESCRIBED IN SECTION (A) - ENUMERATED #1,#2,#3,#4,#5... COMPLY WITH THE TIME FRAMES AS MANDATED CCR. 3084.

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☐ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature: _____ Date Submitted: 02.12.2017
☐ By placing my initials in this box, I waive my right to receive an interview.

CSP-CORCORAN RECEIVED FEB 15 2017 INMATE APPEALS OFFICE

**C. First Level - Staff Use Only**     Staff – Check One: Is CDCR 602-A Attached? ☐ Yes ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: 2/15/17 Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____
First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____ Interview Location: _____
Your appeal issue is: ☐ Granted ☐ Granted in Part ☐ Denied ☐ Other: _____
See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
Reviewer: _____ Title: _____ Signature: _____
Date received by AC: _____

AC Use Only
Date mailed/delivered to appellant ___/___/___

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL
CDCR 602 (REV. 03/12)
Side 2

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature:                              Date Submitted :

**E. Second Level - Staff Use Only**

Staff – Check One:  Is CDCR 602-A Attached?   ☐ Yes   ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date:____  Date:____  Date:____
☐ Cancelled (See attached letter)                                          Date:____
☐ Accepted at the Second Level of Review

Assigned to:                          Title:              Date Assigned:              Date Due:

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview:____    Interview Location:____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other:
See attached letter.  If dissatisfied with Second Level response, complete Section F below.

Interviewer: _____(Print Name)    Title:____    Signature:____    Date completed:____

Reviewer: _____(Print Name)    Title:____    Signature:____

Date received by AC:____

**AC Use Only**
Date mailed/delivered to appellant   ___/___/___

**F. If you are dissatisfied with the Second Level response,** explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

Inmate/Parolee Signature:                              Date Submitted:

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date:____  Date:____  Date:____  Date:____
☐ Cancelled (See attached letter)                        Date:____
☐ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other:
See attached Third Level response.

**Third Level Use Only**
Date mailed/delivered to appellant   ___/___/___

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature:____                 Date:____

Print Staff Name:____    Title:____    Signature:____    Date:____

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)                                                                                    Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

*FOR STAFF USE ONLY*

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.     WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): GARCIA, LENIN | CDC Number: J12590 | Unit/Cell Number: 3A-04-227 | Assignment: |
|---|---|---|---|

**A.  Continuation of CDCR 602, Section A only (Explain your issue):** OR ANY REJECTED
LETTERS, AND THE ORIGINALS HAS NOT BEING RETURNED
TO HIM... #1. STAFF COMPLAINT AGAINST LIEUTENANT AMAYA,
A.W. SEXTON. SM. SUBMITTED NOVEMBER. 2016.
        #2. CELL LIVING CONDITIONS SUBMITTED NOV. 2016
        #3. GRIEVANCE AGAINST, C/O SEGURA, C/O PENA, C/O SILVA,
C/O HINOJOSA, C/O MORENO... SUBMITTED NOVEMBER, 2016...
        #4. GRIEVANCE AGAINST, CCI-MAJORS, SSM, MUNTER
SUBMITTED DECEMBER, 2016.
        #5. GRIEVANCE AGAINST, APPEALS COORDINATORS
CCI, OLIVEIRA, CCI. GOREE, CCI CRIBBS...
        THE ONGOING FAILURE TO LOG, RESPOND, RETURN
APPEALS TO APPELLANT VIOLATES THE TIME FRAMES
SPECIFIED IN CCR. 3084, 3084.1.d, 3084.6.a, 3084.8-b.

Inmate/Parolee Signature: _LG_     Date Submitted: 02.12.2017

**B.  Continuation of CDCR 602, Section B only (Action requested):** _____

Inmate/Parolee Signature: _LG_     Date Submitted: FEBRUARY.12.2017

CSP-CORCORAN
INMATE APPEALS OFFICE
RECEIVED
FEB 15 2017

STAFF USE ONLY

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):

Inmate/Parolee Signature: _____

Date Submitted: _____

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):

Inmate/Parolee Signature: _____

Date Submitted: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)
DEPARTMENT OF CORRECTIONS AND REHABILITATION
Side 2

EXHIBIT -9

(f) An inmate or parolee has the right to file one appeal every 14 calendar days unless the appeal is accepted as an emergency appeal. The 14 calendar day period shall commence on the day following the appellant's last accepted appeal.

(g) An appellant shall adhere to appeal filing time constraints as defined in section 3084.8.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code; Civil Rights of Institutionalized Persons Act; Title 42 U.S.C. Section 1997 et seq., Public Law 96-247, 94 Stat. 349; Section 35.107, Title 28, Code of Federal Regulations; and *Wolff v. McDonnell* (1974) 418 U.S. 539, 558-560.

HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3003.
2. Certificate of Compliance as to 5-18-89 order including a clarifying change of subsection (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. Amendment of subsection (a) filed 1-16-92; operative 2-17-92 (Register 92, No. 13).
4. Amendment of subsections (a) and (d), new subsection (e), and amendment of Note filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
5. Amendment of subsections (a) and (d), new subsection (e), and amendment of Note refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
6. Editorial correction of History 5 (Register 97, No. 24).
7. Certificate of Compliance as to 5-29-97 order, including amendment of subsections (a) and (e), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).
8. Amendment of subsection (c) filed 9-13-2005; operative 9-13-2005 pursuant to Government Code section 11343.4 (Register 2005, No. 37).
9. Amendment of subsection (e) and amendment of Note filed 11-3-2006 as an emergency; operative 11-3-2006 (Register 2006, No. 44). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 4-12-2007 or emergency language will be repealed by operation of law on the following day.
10. Certificate of Compliance as to 11-3-2006 order transmitted to OAL 3-12-2007 and filed 4-19-2007 (Register 2007, No. 16).
11. Amendment of section and Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.
12. Certificate of Compliance as to 12-13-2010 order, including amendment of Note, transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

**3084.2. Appeal Preparation and Submittal.**

(a) The appellant shall use a CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, to describe the specific issue under appeal and the relief requested. A CDCR Form 602-A (08/09), Inmate/Parolee Appeal Form Attachment, which is incorporated by reference, shall be used if additional space is needed to describe the issue under appeal or the relief requested.

(1) The inmate or parolee is limited to one issue or related set of issues per each Inmate/Parolee Appeal form submitted. The inmate or parolee shall not combine unrelated issues on a single appeal form for the purpose of circumventing appeal filing requirements. Filings of appeals combining unrelated issues shall be rejected and returned to the appellant by the appeals coordinator with an

explanation that the issues are deemed unrelated and may only be submitted separately.

(2) The inmate or parolee is limited to the space provided on the Inmate/Parolee Appeal form and one Inmate/Parolee Appeal Form Attachment to describe the specific issue and action requested. The appeal content must be printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font. There shall be only one line of text on each line provided on these forms.

(3) The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

(4) The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

(b) The inmate or parolee shall submit the signed original appeal forms and supporting documents. If originals are not available, copies may be submitted with an explanation why the originals are not available. The appeals coordinator shall have the discretion to request that any submitted copy is verified by staff.

(1) Only supporting documents, as defined in subsection 3084(h), necessary to clarify the appeal shall be attached to the appeal. Attachments shall not raise new issues, but shall only serve to clarify the present appeal issue and action(s) requested as stated in Parts A and B of the Inmate/Parolee Appeal form. New issues raised in the supporting documents shall not be addressed and any decision rendered will pertain only to the present appeal issue and requested action(s).

(2) Inmates or parolees shall submit their appeal documents in a single mailing and shall not divide their appeal documents into separate mailings.

(3) Inmates or parolees shall not deface or attach dividers or tabs to their appeal forms.

(4) Inmates or parolees shall not contaminate or attach physical/organic objects or samples to their appeal documents. Examples of these objects or samples include, but are not limited to, food, clothing, razor blades, books, magazines, tape, string, hair, blood, and/or bodily fluids/excrement.

(c) First and second level appeals as described in section 3084.7 shall be submitted to the appeals coordinator at the institution or parole region for processing.

(d) If dissatisfied with the second level response, the appellant may submit the appeal for a third level review, as described in section 3084.7, provided that the time limits pursuant to section 3084.8 are met. The appellant shall mail the appeal and supporting documents to the third level Appeals Chief via the United States mail service utilizing his or her own funds, unless the appellant is indigent in which case the mailing of appeals to the third level of review shall be processed in accordance with indigent mail provisions pursuant to section 3138.

(e) If the appeal has been accepted and processed as an emergency appeal and the appellant wishes a third level review, the appellant must forward the appeal to the appeals coordinator who shall electronically transmit it to the third level Appeals Chief. The third level review shall be completed within five working days.

§ 3084.3                          DEPARTMENT OF CORRECTIONS AND REHABILITATION                          **TITLE 15**

(f) An inmate or parolee or other person may assist another inmate or parolee with preparation of an appeal unless the act of providing such assistance would create an unmanageable situation including but not limited to: acting contrary to the principles set forth in sections 3163 and 3270, allowing one offender to exercise unlawful influence/assume control over another, require an offender to access unauthorized areas or areas which would require an escort, or cause avoidance or non-performance in assigned work and program activities. Inmates or parolees shall not give any form of compensation for receiving assistance or receive any form of compensation for assisting in the preparation of another's appeal. The giving or receiving of compensation is considered misconduct and is subject to disciplinary action.

(g) An inmate or parolee shall not submit an appeal on behalf of another person.

(h) Group appeal. If a group of inmates/parolees intend to appeal a policy, decision, action, condition or omission affecting all members of the group, one CDCR Form 602, Inmate/Parolee Appeal, shall be submitted describing the appeal issue(s) and action requested, accompanied by a CDCR Form 602-G (08/09), Inmate/ Parolee Group Appeal, which is incorporated by reference, with the legible name, departmental identification number, assignment, housing, and dated signature of the inmate or parolee who prepared the appeal. Each page of the CDCR Form 602-G must contain the appeal issue, action requested, and a statement that all the undersigned agree with the appeal issue/action requested.

(1) The legible names of the participating inmates/parolees, departmental identification numbers, assignments, housing, and dated signatures shall be included in the space provided on the Inmate/ Parolee Group Appeal form and no other signature page shall be accepted by the appeals coordinator.

(2) The inmate or parolee submitting the appeal shall be responsible for sharing the appeal response with the inmates or parolees who signed the appeal attachment.

(3) If the inmate or parolee submitting the appeal is transferred, released, discharged, or requests to withdraw from the group appeal, responses shall be directed to the next inmate or parolee listed on the appeal attachment who remains at the facility/region, and who shall be responsible for sharing the response with the other inmates or parolees identified on the appeal.

(4) An appeal shall not be accepted or processed as a group appeal if the matter under appeal requires a response to a specific set of facts (such as disciplinary and staff complaint appeals) that are not the same for all participants in the appeal. In such case, the group appeal shall be screened out and returned to the inmate or parolee submitting the appeal with directions to advise all those who signed the appeal attachment to submit individual appeals on their separate issues.

(5) Every inmate or parolee who signs a group appeal is ineligible to submit a separate appeal on the same issue.

(6) A group appeal counts toward each appellant's allowable number of appeals filed in a 14 calendar day period.

(i) Multiple appeals of the same issue. When multiple appeals are received from more than one inmate or parolee on an identical issue, each such appeal shall be individually processed. However, if other issues in addition or extraneous to the multiple appeal issue are contained in the submitted appeal, this particular complaint shall not be processed as a multiple appeal, but will be subject to processing as a separate, individual appeal.

(1) The original inmate or parolee, and as needed for clarification of issues, one or more of the other inmates or parolees, shall be interviewed.

(2) The appellant shall be provided with an appeal response. A statement shall be included in the response indicating that the

appeal has been designated as one of multiple identical appeals for processing purposes and the same response is being distributed to each appellant.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 832.5(a) and 5054, Penal Code; Civil Rights of Institutionalized Persons Act; Title 42 U.S.C. Section 1997 et seq., Public Law 96-247, 94 Stat. 349; and Section 35.107, Title 28, Code of Federal Regulations.

HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.
2. Certificate of Compliance as to 5-18-89 order transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. New subsection (g) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.
4. Certificate of Compliance as to 5-6-92 order transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).
5. Amendment of subsection (a) and Note filed 4-7-95 as an emergency pursuant to Penal Code section 5058; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.
6. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).
7. Amendment of subsections (a)(1), (a)(2), (c) and (f)(1) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
8. Amendment of subsections (a)(1), (a)(2), (c) and (f)(1) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
9. Editorial correction of History 8 (Register 97, No. 24).
10. Certificate of Compliance as to 5-29-97 order, including amendment of subsection (c), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).
11. Amendment of section heading, repealer and new section and amendment of Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.
12. Certificate of Compliance as to 12-13-2010 order, including amendment of subsections (b), (e)–(f) and (h)(6), transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

**3084.3. Supporting Documents.**

(a) An inmate or parolee shall obtain and attach all supporting documents, as described in section 3084(h), necessary for the clarification and/or resolution of his or her appeal issue prior to submitting the appeal to the appeals coordinator.

(b) The inmate or parolee shall not delay submitting an appeal within time limits established in section 3084.8 if unable to obtain supporting documents, but shall submit the appeal with all available supporting documents and in Part B of their CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, provide an explanation why any remaining supporting documents are not available. Time limits for filing an appeal are not stayed by failure to obtain supporting documentation and commence as set forth in subsection 3084.8(b).

(c) Failure to attach all necessary supporting documents may result in the appeal being rejected as specified in subsection 3084.6(b)(7). The appeals coordinator shall inform the inmate or parolee that the appeal is rejected because necessary supporting

EXHIBIT- 10

language will be repealed by operation of law on the following
day.

4. Amendment of subsections (a), (a)(1) and (a)(3), repealer and
new subsection (a)(4), and amendment of subsections (b) and (d)
refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97,
No. 22). A Certificate of Compliance must be transmitted to OAL
by 9-30-97 or emergency language will be repealed by operation
of law on the following day.

5. Editorial correction of History 4 (Register 97, No. 24).

6. Certificate of Compliance as to 5-29-97 order, including amend-
ment of subsection (d), transmitted to OAL 9-25-97 and filed
11-7-97 (Register 97, No. 45).

7. Repealer and new section and amendment of Note filed 12-13-2010
as an emergency; operative 1-28-2011 (Register 2010, No. 51).
Pursuant to Penal Code section 5058.3, a Certificate of Compli-
ance must be transmitted to OAL by 7-7-2011 or emergency lan-
guage will be repealed by operation of law on the following day.

8. Certificate of Compliance as to 12-13-2010 order, including
amendment of subsection (a)(3), transmitted to OAL 6-15-2011
and filed 7-28-2011 (Register 2011, No. 30).

**3084.5.   Screening and Managing Appeals.**

(a) Each institution head and parole region administrator shall
designate an appeals coordinator at a staff position level no less
than a Correctional Counselor II or Parole Agent II.

(b) The appeals coordinator or a delegated staff member under
the direct oversight of the coordinator shall screen all appeals prior
to acceptance and assignment for review.

(1) When an appeal indicates the inmate or parolee has difficulty
describing the problem in writing or has a primary language other
than English, the appeals coordinator shall ensure that the inmate
or parolee receives assistance in completing and/or clarifying the
appeal.

(2) When an appeal is received as an emergency appeal that does
not meet the criteria for emergency appeal as defined in subsec-
tion 3084.9(a), the appellant shall be notified that the appeal does
not meet the criteria for processing as an emergency appeal and has
been either accepted for regular processing or is rejected for the
specific reason(s) cited.

(3) When an appeal is not accepted, the inmate or parolee shall
be notified of the specific reason(s) for the rejection or cancellation
of the appeal and of the correction(s) needed for the rejected appeal
to be accepted.

(4) When an appeal is received that describes staff behavior or
activity in violation of a law, regulation, policy, or procedure or ap-
pears contrary to an ethical or professional standard that could be
considered misconduct as defined in subsection 3084(g), whether
such misconduct is specifically alleged or not, the matter shall be
referred pursuant to subsection 3084.9(i)(1) and (i)(3), to determine
whether it shall be:

(A) Processed as a routine appeal but not as a staff complaint.

(B) Processed as a staff complaint appeal inquiry.

(C) Referred to Internal Affairs for an investigation/inquiry.

(5) If an appeal classified as a staff complaint includes other
non-related issue(s), the provisions of 3084.9(i)(2) shall apply.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections
832.5, 832.7, 832.8, 5054 and 5058.4(a), Penal Code; Americans With
Disabilities Act; Public Law 101-336, July 26, 1990, 104 Stat. 328;
Civil Rights of Institutionalized Persons Act; Title 42 U.S.C. Section
1997 et seq.; Public Law 96-247, 94 Stat. 349; and Section 35.107, Title
28, Code of Federal Regulations.

HISTORY:

1. New section filed 5-18-89 as an emergency; operative 5-18-89
(Register 89, No. 21). A Certificate of Compliance must be trans-
mitted to OAL within 120 days or emergency language will be
repealed on 9-15-89. For prior history, see section 3003(a) and (b).

2. Certificate of Compliance as to 5-18-89 order including amend-
ment of subsections (a) and (g) transmitted to OAL 9-7-89 and
filed 10-18-89 (Register 89, No. 41).

3. New subsection (a)(3)(F), amendment of subsection (b), new sub-
sections (g) and (h), and relettering of subsection (g) to (i) filed
5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A
Certificate of Compliance must be transmitted to OAL 9-3-92 or
emergency language will be repealed by operation of law on the
following day.

4. Certificate of Compliance as to 5-6-92 order transmitted to OAL
8-31-92 and filed 10-7-92 (Register 92, No. 41).

5. New subsection (a)(3)(G) filed 2-1-93 as an emergency; opera-
tive 2-1-93 (Register 93, No. 6). A Certificate of Compliance must
be transmitted to OAL 6-1-93 or emergency language will be re-
pealed by operation of law on the following day.

6. Certificate of Compliance as to 2-1-93 order transmitted to OAL
5-20-93 and filed 6-8-93 (Register 93, No. 24).

7. New subsection (a)(3)(H) and amendment of Note filed 4-7-95
as an emergency pursuant to Penal Code section 5058; operative
4-7-95 (Register 95, No. 14). A Certificate of Compliance must
be transmitted to OAL by 9-14-95 or emergency language will be
repealed by operation of law on the following day.

8. New subsection (b)(4) filed 5-5-95; operative 6-5-95 (Register 95,
No. 18).

9. Certificate of Compliance as to 4-7-95 order transmitted to OAL
6-26-95 and filed 7-25-95 (Register 95, No. 30).

10. Amendment of subsections (c), (d) and (e)(1) filed 12-23-96 as
an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant
to Penal Code section 5058(e), a Certificate of Compliance must
be transmitted to OAL by 6-2-97 or emergency language will be
repealed by operation of law on the following day.

11. Amendment of subsections (c), (d) and (e)(1) refiled 5-29-97 as
an emergency; operative 6-2-97 (Register 97, No. 22). A Certifi-
cate of Compliance must be transmitted to OAL by 9-30-97 or
emergency language will be repealed by operation of law on the
following day.

12. Editorial correction of History 11 (Register 97, No. 24).

13. Certificate of Compliance as to 5-29-97 order transmitted to OAL
9-25-97 and filed 11-7-97 (Register 97, No. 45).

14. Repealer and new section heading and section and amendment
of Note filed 12-13-2010 as an emergency; operative 1-28-2011
(Register 2010, No. 51). Pursuant to Penal Code section 5058.3,
a Certificate of Compliance must be transmitted to OAL by
7-7-2011 or emergency language will be repealed by operation of
law on the following day.

15. Certificate of Compliance as to 12-13-2010 order transmitted to
OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

**3084.6.   Rejection, Cancellation, and Withdrawal Criteria.**

(a) Appeals may be rejected pursuant to subsection 3084.6(b),
or cancelled pursuant to subsection 3084.6(c), as determined by the
appeals coordinator.

(1) Unless the appeal is cancelled, the appeals coordinator shall
provide clear and sufficient instructions regarding further actions
the inmate or parolee must take to qualify the appeal for processing.

(2) An appeal that is rejected pursuant to subsection 3084.6(b)
may later be accepted if the reason noted for the rejection is cor-
rected and the appeal is returned by the inmate or parolee to the
appeals coordinator within 30 calendar days of rejection.

(3) At the discretion of the appeals coordinator or third level
Appeals Chief, a cancelled appeal may later be accepted if a de-
termination is made that cancellation was made in error or new
information is received which makes the appeal eligible for further
review.

(4) Under exceptional circumstances any appeal may be accept-
ed if the appeals coordinator or third level Appeals Chief conclude
that the appeal should be subject to further review. Such a conclu-
sion shall be reached on the basis of compelling evidence or receipt
of new information such as documentation from health care staff

documents are missing. The appellant shall be allowed an addition-al 30 calendar days to secure any missing supporting documents and resubmit the appeal.

(d) The appeals coordinator may grant additional time exten-sions beyond the initial 30 calendar day extension if the inmate or parolee submits a reasonable explanation of why the supporting documents still are not available.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code.

HISTORY:

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be trans-mitted to OAL within 120 days or emergency language will be repealed on 9-15-89.

2. Certificate of Compliance as to 5-18-89 order transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. Amendment of subsection (b) and new subsections (b)(1)–(2) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 5-6-92 order transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).

5. Amendment of subsection (a) filed 12-23-96 as an emergency; op-erative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

6. Amendment of subsection (a) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compli-ance must be transmitted to OAL by 9-30-97 or emergency lan-guage will be repealed by operation of law on the following day.

7. Editorial correction of History 6 (Register 97, No. 24).

8. Certificate of Compliance as to 5-29-97 order transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

9. Repealer and new section heading and section and amendment of Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

10. Certificate of Compliance as to 12-13-2010 order, including amendment of subsection (b), transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

**3084.4. Appeal System Abuse.**

(a) The following are deemed misuse or abuse of the appeals process and may lead to appeal restriction as described in subsec-tion 3084.4(g).

(1) The submittal of more than one appeal for initial review within a 14 calendar day period is considered excessive, unless the inmate or parolee is submitting an emergency appeal.

(2) The repeated filing of appeals that have been cancelled pur-suant to subsection 3084.6(c).

(3) The appeal submission contains information the appellant knows to be false or consists of a deliberate attempt at distorting the facts.

(4) The appeal contains threatening, grossly derogatory, slander-ous or obscene statements and/or organic contamination is included in or makes up any part of the appeal package.

(5) The description of the problem and/or requested action deliberately exceeds the space provided on the 602 forms or the appeal is intentionally filed contrary to instructions.

(b) When an inmate or parolee submits appeals as described above in subsections 3084.4(a)(1)–(a)(5):

(1) The first appeal received shall be screened for routine processing.

(2) All subsequent non-emergency appeals submitted by that in-dividual shall be screened and the appeals coordinator shall begin documenting any abuse as evidenced by the screening results.

(c) If an inmate or parolee persists in submitting excessive, de-monstrably false, noncompliant or abusive appeals, as described in subsection 3084.4(a), he or she shall receive a warning letter from the appeals coordinator that will document the history and nature of appeal system abuse.

(d) If the abuse of process continues after the issuance of a warn-ing letter, the appeals coordinator shall meet with the inmate or parolee in a timely manner before imposition of any restriction to provide instruction for the appropriate use of the appeals process and to rule out any unintended basis for non-compliance. If a face-to-face meeting is not possible, an agent acting on behalf of the appeals coordinator shall conduct the meeting.

(e) Excessive, demonstrably false, noncompliant or abusive ap-peals, as described in subsection 3084.4(a), submitted by an inmate or parolee after the issuance of a warning letter, pursuant to subsec-tion 3084.4(c) above, shall be screened by the appeals coordinator to ensure they do not contain qualifying emergency issues.

(1) If the appeal contains emergency issues, as described in sub-section 3084.9(a)(1), it shall be processed as an emergency appeal.

(2) If no such issue is determined to be present, the appeal shall be retained by the appeals coordinator pending placement of the appellant on appeal restriction by the third level Appeals Chief. The appellant shall be informed in writing why the appeal constitutes abuse of the appeal process and informed that appeal processing has been suspended pending determination of appeal restriction status.

(f) If the appeal abuse continues after the issuance of a warn-ing letter and a face-to-face meeting, the request for placement on restriction shall be referred to the third level Appeals Chief for approval.

(g) Upon confirmation of continued abuse and verification that a face-to-face interview and warning letter have occurred, the third level Appeals Chief shall have the discretion to authorize prepara-tion of a notice by the Appeals Coordinator restricting the inmate or parolee to one non-emergency appeal every 30 calendar days for a period of one year. Any subsequent violation of the appeal restric-tion shall result in an extension of the restriction for an additional one-year period upon approval by the third level Appeals Chief.

(h) If the third level Appeals Chief makes a decision not to place the inmate or parolee on appeal restriction, any appeal submit-ted by the inmate or parolee and retained pursuant to subsection 3084.4(e)(2) shall be returned to the inmate or parolee who may then resubmit a returned appeal if he or she desires to do so. Re-submitted appeals are not exempt from the standard submittal requirements set forth in this Article, except that the appellant's original submittal date of the appeal may serve to satisfy filing time requirements.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 148.6(a), 832.5(c) and 5054, Penal Code.

HISTORY:

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be trans-mitted to OAL within 120 days or emergency language will be repealed on 9-15-89.

2. Certificate of Compliance as to 5-18-89 order including a clarify-ing change of subsections (a) and (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. Amendment of subsections (a), (a)(1) and (a)(3), repealer and new subsection (a)(4), and amendment of subsections (b) and (d) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency

EXHIBIT - 11

mitted to OAL within 120 days or emergency language will be repealed on 9-15-89.

2. Certificate of Compliance as to 5-18-89 order including amendment of subsection (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. Amendment of subsections (b)(1)–(5), repealer and new subsection (b)(6)(D), amendment of subsections (b)(7) and (c), and repealer of subsections (c)(1) and (c)(2) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

4. Amendment of subsections (b)(1)–(5), repealer and new subsection (b)(6)(D), amendment of subsections (b)(7) and (c), and repealer of subsection (c)(1) and (c)(2) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

5. Editorial correction of History 4 (Register 97, No. 24).

6. Certificate of Compliance as to 5-29-97 order, including amendment, transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

7. Repealer and new section heading and section and amendment of Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.

8. Certificate of Compliance as to 12-13-2010 order transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

**3084.7. Levels of Appeal Review and Disposition.**

(a) All appeals shall be initially submitted and screened at the first level unless the first level is exempted. The appeals coordinator may bypass the first level for appeal of:

(1) A policy, procedure or regulation implemented by the department.

(2) A policy or procedure implemented by the institution head.

(3) An issue that cannot be resolved at the division head level such as Associate Warden, Associate Regional Parole Administrator, CALPIA manager or equivalent.

(4) Serious disciplinary infractions.

(b) The second level is for review of appeals denied or not otherwise resolved to the appellant's satisfaction at the first level, or for which the first level is otherwise waived by these regulations. The second level shall be completed prior to the appellant filing at the third level as described in subsection 3084.7(c).

(1) A second level of review shall constitute the department's final action on appeals of disciplinary actions classified as "administrative" as described in section 3314, or of minor disciplinary infractions documented on the Counseling Only Rules Violation Report, pursuant to section 3312(a)(2), and shall exhaust administrative remedy on these matters.

(2) Movies/videos that have been given a rating of other than "G", "PG", or "PG-13" by the Motion Picture Association of America are not approved for either general inmate viewing pursuant to section 3220.4 or for viewing within the classroom, and will not be accepted for appeal at any level. The first level shall be waived for appeals related to the selection or exclusion of a "G", "PG", or "PG-13" rated or non-rated movie/video for viewing and the second level response shall constitute the department's final response on appeals of this nature.

(c) The third level is for review of appeals not resolved at the second level, or:

(1) When the inmate or parolee appeals alleged third level staff misconduct or appeals a third level cancellation decision or action.

(2) In the event of involuntary psychiatric transfers as provided in subsection 3084.9(b).

(d) Level of staff member conducting review.

(1) Appeal responses shall not be reviewed and approved by a staff person who:

(A) Participated in the event or decision being appealed. This does not preclude the involvement of staff who may have participated in the event or decision being appealed, so long as their involvement with the appeal response is necessary in order to determine the facts or to provide administrative remedy, and the staff person is not the reviewing authority and/or their involvement in the process will not compromise the integrity or outcome of the process.

(B) Is of a lower administrative rank than any participating staff. This does not preclude the use of staff, at a lower level than the staff whose actions or decisions are being appealed, to research the appeal issue.

(C) Participated in the review of a lower level appeal refiled at a higher level.

(2) Second level review shall be conducted by the hiring authority or designee at a level no lower than Chief Deputy Warden, Deputy Regional Parole Administrator, or the equivalent.

(3) The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies; however, this does not preclude amending a finding previously made at the third level.

(e) At least one face-to-face interview shall be conducted with the appellant at the first level of review, or the second level if the first level of review is bypassed, unless:

(1) The appellant waives the interview by initialing the appropriate box on the CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal. An appellant's waiver of the interview shall not preclude staff from conducting an interview in the event of staff determination that an interview is necessary.

(2) The reviewer has decided to grant the appeal in its entirety.

(3) The appeal is a request for a Computation Review Hearing, in which case the initial interview shall occur at the second level of review.

(4) The appellant is not present at the institution or parole region where the appeal was filed.

(A) In such case, a telephone interview with the appellant shall meet the requirement of a personal interview. If the appeal concerns a disciplinary action, the telephone interview may be waived if the appeals coordinator determines an interview would not provide additional facts.

(B) The response must note that the interview was conducted by telephone, explain the extraordinary circumstances that required it, and state why a face-to-face interview was not possible under the circumstances.

(C) If the appellant is not available for a telephone interview, the reviewer may request that a suitable employee in the jurisdiction where the appellant is located complete the interview and provide a report.

(f) An interview may be conducted at any subsequent level of review when staff determine that the issue under appeal requires further clarification.

(g) When a group or multiple appeal is received, one or more of the participating inmates/parolees shall be interviewed to clarify the issue(s).

(h) At the first and second level of review, the original appeal, within the time limits provided in section 3084.8, shall be returned

DEPARTMENT OF CORRECTIONS AND REHABILITATION

that the inmate or parolee was medically or mentally incapacitated and unable to file.

(5) Erroneous acceptance of an appeal at a lower level does not preclude the next level of review from taking appropriate action, including rejection or cancellation of the appeal.

- (b) An appeal may be rejected for any of the following reasons, which include, but are not limited to:

(1) The appeal concerns an anticipated action or decision.

(2) The appellant has failed to demonstrate a material adverse effect on his or her welfare as defined in subsection 3084(c).

(3) The inmate or parolee has exceeded the allowable number of appeals filed in a 14 calendar day period pursuant to the provisions of subsection 3084.1(f).

(4) The appeal contains threatening, obscene, demeaning, or abusive language.

(5) The inmate or parolee has attached more than one CDCR Form 602-A (08/09), Inmate/Parolee Appeal Form Attachment.

(6) The appeal makes a general allegation, but fails to state facts or specify an act or decision consistent with the allegation.

(7) The appeal is missing necessary supporting documents as established in section 3084.3.

(8) The appeal involves multiple issues that do not derive from a single event, or are not directly related and cannot be reasonably addressed in a single response due to this fact.

(9) The appeal issue is obscured by pointless verbiage or voluminous unrelated documentation such that the reviewer cannot be reasonably expected to identify the issue under appeal. In such case, the appeal shall be rejected unless the appellant is identified as requiring assistance in filing the appeal as described in subsection 3084.1(c).

(10) The inmate or parolee has not submitted his/her appeal printed legibly in ink or typed on the lines provided on the appeal forms in no smaller than a 12-point font or failed to submit an original.

(11) The appeal documentation is defaced or contaminated with physical/organic objects or samples as described in subsection 3084.2(b)(4). Appeals submitted with hazardous or toxic material that present a threat to the safety and security of staff, inmates, or the institution may subject the appellant to disciplinary action and/or criminal charges commensurate with the specific act.

(12) The appellant has attached dividers or tabs to the appeal forms and/or supporting documents.

(13) The appeal is incomplete; for example, the inmate or parolee has not provided a signature and/or date on the appeal forms in the designated signature/date blocks provided.

(14) The inmate or parolee has not submitted his/her appeal on the departmentally approved appeal forms.

(15) The inmate or parolee has submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review, e.g., submitting an appeal at the third level prior to lower level review.

(16) The appeal issue or complaint emphasis has been changed at some point in the process to the extent that the issue is entirely new, and the required lower levels of review and assessment have thereby been circumvented.

- (c) An appeal may be cancelled for any of the following reasons, which include, but are not limited to:

(1) The action or decision being appealed is not within the jurisdiction of the department.

(2) The appeal duplicates an inmate or parolee's previous appeal upon which a decision has been rendered or is pending.

(3) The inmate or parolee continues to submit a rejected appeal while disregarding appeal staff's previous instructions to correct the appeal including failure to submit necessary supporting documents,

unless the inmate or parolee provides in Part B of the CDCR Form 602 (Rev. 08/09), Inmate/Parolee Appeal, a reasonable explanation of why the correction was not made or documents are not available.

(4) Time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints. In determining whether the time limit has been exceeded, the appeals coordinator shall consider whether the issue being appealed occurred on a specific date or is ongoing. If the issue is ongoing, which may include but is not limited to, continuing lockdowns, retention in segregated housing, or an ongoing program closure, the inmate or parolee may appeal any time during the duration of the event; however, the inmate or parolee is precluded from filing another appeal on the same issue unless a change in circumstances creates a new issue.

(5) The appeal is submitted on behalf of another person.

(6) The issue is subject to a department director level review independent of the appeal process such as a Departmental Review Board decision, which is not appealable and concludes the appellant's departmental administrative remedy pursuant to the provisions of section 3376.1.

(7) The appellant is deceased before the time limits for responding to an appeal have expired and the appeal is not a group appeal.

(8) The appellant refuses to be interviewed or to cooperate with the reviewer.

(A) The appellant's refusal to be interviewed or to cooperate with the reviewer shall be clearly articulated in the cancellation notice.

(B) If the appellant provides sufficient evidence to establish that the interviewer has a bias regarding the issue under appeal, the appeals coordinator shall assign another interviewer.

(9) The appeal is presented on behalf of a private citizen.

(10) Failure to correct and return a rejected appeal within 30 calendar days of the rejection.

(11) The issue under appeal has been resolved at a previous level.

(d) Group appeals shall not be cancelled at the request of the submitting individual unless all of the inmate signatories are released, transferred, or agree to withdraw the appeal.

(e) Once cancelled, an appeal shall not be accepted except pursuant to subsection 3084.6(a)(3); however, the application of the rules provided in subsection 3084.6(c) to the cancelled appeal may be separately appealed. If an appeal is cancelled at the third level of review, any appeal of the third level cancellation decision shall be made directly to the third level Appeals Chief.

(f) An appeal may be withdrawn by the appellant by requesting to have the processing stopped at any point up to receiving a signed response. The request for the withdrawal shall identify the reason for the withdrawal in section H of the CDCR Form 602, Inmate/Parolee Appeal and shall be signed and dated by the appellant. If there is an agreed upon relief noted in writing at the time of a withdrawal and the relief is not provided when and as promised, then the failure to provide the agreed upon relief may be appealed within 30 calendar days of the failure to grant the promised relief. The withdrawal of an appeal does not preclude further administrative action by the department regarding the issue under appeal. A withdrawn staff complaint shall be returned to the hiring authority to review for possible further administrative action.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 832.5 and 5054, Penal Code; Sections 19570, 19575.5, 19583.5 and 19635, Government Code.

HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be trans-

EXHIBIT - 12

to the appellant with a written response to the appeal issue providing the reason(s) for each decision. Each response shall accurately describe the matter under appeal and fully address the relief requested. If the decision is a partial grant, the response shall clarify for each requested action whether it is granted, granted in part, or denied, and shall also state the action taken.

(i) Modification orders issued by the institution, parole region, or by the third level of review shall be completed within 60 calendar days of the appeal decision which determined the need for a modification order. Reasonable documented proof of completion of the modification order shall accompany the completed order, or a statement shall be added by the responder clarifying the action taken and why documentation is not available.

(1) If it is not possible to comply with the modification order within 60 calendar days, staff responsible for complying with the modification order shall advise the local appeals coordinator every 30 calendar days of the reason for the delay and provide a projected date of completion. If the modification order was imposed by the third level of review, the local appeals coordinator shall notify the third level Appeals Chief every 30 calendar days of the reason for the delay and provide a projected date of completion.

(2) When it is clear that the modification order cannot be completed in the allotted time, the appeals coordinator shall advise the appellant of the reason for the delay and the anticipated date of completion. This process shall occur every 30 calendar days until the modification order is completed. All time constraints for an appellant to submit an appeal to the next level are considered postponed up to 120 days until the completion of a previous level modification order. Thereafter, the appellant must submit his/her appeal to the next level within 30 calendar days of receiving the modification order response.

(3) If the modification order is not completed after 120 calendar days of the issuance, the appellant may submit the appeal to the next level for administrative review within 30 calendar days.

(4) If the appellant transfers prior to the completion of the modification order, the originally assigned institution or parole region shall retain responsibility for completion of the modification order as specified in subsection 3084.7(i), including cases where the receiving institution or parole region provides the actual relief.

(5) In cases where a modification order is issued on an emergency appeal, the order shall specify the timeframe for the completion of the action granted. The appeals coordinator, if granted at the second level of review, and the third level Appeals Chief or designee, if granted at the third level of review, shall notify the hiring authority by electronic transmission of the emergency timeframe for completion of the granted action.

NOTE: Authority cited: Sections 5058 and 10006(b), Penal Code. Reference: Sections 5054 and 10006(b), Penal Code; Americans With Disabilities Act, Public Law 101-336, July 26, 1990, 104 Stat. 328; Civil Rights of Institutionalized Persons Act; Title 42 U.S.C. Section 1997 et seq., Public Law 96-247, 94 Stat. 349; and Section 35.107, Title 28, Code of Federal Regulations.

HISTORY:
1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3325(c).
2. Certificate of Compliance as to 5-18-89 order including amendment of subsections (a) and (d) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).
3. Editorial correction of printing errors in subsections (f)(1)(B) and (g)(2) (Register 92, No. 5).
4. Amendment of subsection (e)(4) and new subsections (h)(3), (i)(2)(c)1. and 2., and (k) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must

be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.
5. Certificate of Compliance as to 5-6-92 order including amendment of subsections (e)(4) and (i)(2)(C)1. transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).
6. New subsection (l) and amendment of Note filed 4-7-95 as an emergency pursuant to Penal Code section 5058; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.
7. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).
8. New subsections (m)–(m)(3) and amendment of Note filed 6-28-96 as an emergency; operative 6-28-96 (Register 96, No. 26). A Certificate of Compliance must be transmitted to OAL by 1-6-97 or emergency language will be repealed by operation of law on the following day.
9. Editorial correction of subsection (m)(3) (Register 96, No. 51).
10. New subsections (m)–(m)(3) and amendment of Note refiled 12-19-96 as an emergency; operative 12-19-96 (Register 96, No. 51). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 5-28-97 or emergency language will be repealed by operation of law on the following day.
11. Repealer of subsection (a)(1)(D), amendment of subsections (a)(2)(A), (b)(2), (d)(4), (d)(4)(A) and (e)(1), repealer of subsections (h) and (h)(1), renumbering of old subsections 3084.7(h)(2) and (h)(3) to new subsections 3391(b) and (c), subsection relettering, and amendment of newly designated subsection (k) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.
12. Certificate of Compliance as to 12-19-96 order, incorporating relettering from 12-23-96 order and further amending section and Note, transmitted to OAL 4-14-97 and filed 5-23-97 (Register 97, No. 21).
13. Repealer of subsection (a)(1)(D), amendment of subsections (a)(2)(A), (b)(2), (d)(4), (d)(4)(A) and (e)(1), repealer of subsections (h) and (h)(1), renumbering of old subsections 3084.7(h)(2) and (h)(3) to new subsections 3391(b) and (c), subsection relettering, and amendment of newly designated subsection (k) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.
14. Editorial correction of subsection (j)(1) and History 13 (Register 97, No. 24).
15. Certificate of Compliance as to 5-29-97 order, including amendment of subsections (b)(2) and (k), transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).
16. New subsections (m)–(m)(4) and amendment of Note filed 9-13-2005; operative 9-13-2005 pursuant to Government Code section 11343.4 (Register 2005, No. 37).
17. Repealer and new section heading and section and amendment of Note filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.
18. Certificate of Compliance as to 12-13-2010 order transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).
19. Change without regulatory effect amending subsection (a)(3) filed 1-8-2014 pursuant to section 100, title 1, California Code of Regulations (Register 2014, No. 2).
20. Change without regulatory effect repealing subsection (b)(3) filed 4-22-2015 pursuant to section 100, title 1, California Code of Regulations (Register 2015, No. 17).
21. Amendment of subsection (b)(1) filed 6-2-2016 as an emergency; operative 6-2-2016 (Register 2016, No. 23). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be trans-

mitted to OAL by 11-9-2016 or emergency language will be repealed by operation of law on the following day.
22. Certificate of Compliance as to 6-2-2016 order, including amendment of subsection (b)(1), transmitted to OAL 11-7-2016 and filed 12-22-2016; amendments effective 12-22-2016 pursuant to Government Code section 11343.4(b)(3) (Register 2016, No. 52). - -

## 3084.8.  Appeal Time Limits.

(a)  Time limits for reviewing appeals shall commence upon the date of receipt of the appeal form by the appeals coordinator.

(b)  An inmate or parolee must submit the appeal within 30 calendar days of:

(1)  The occurrence of the event or decision being appealed, or;

(2)  Upon first having knowledge of the action or decision being appealed, or;

(3)  Upon receiving an unsatisfactory departmental response to an appeal filed.

(c)  All appeals shall be responded to and returned to the inmate or parolee by staff within the following time limits, unless exempted pursuant to the provisions of subsections 3084.8(f) and (g):

(1)  First level responses shall be completed within 30 working days from date of receipt by the appeals coordinator.

(2)  Second level responses shall be completed within 30 working days from date of receipt by the appeals coordinator.

(3)  Third level responses shall be completed within 60 working days from date of receipt by the third level Appeals Chief.

(d)  Exception to the time limits provided in subsection 3084.8(c) is authorized only in the event of:

(1)  Unavailability of the inmate or parolee, or staff, or witnesses.

(2)  The complexity of the decision, action, or policy requiring additional research.

(3)  Necessary involvement of other agencies or jurisdictions.

(4)  State of emergency pursuant to subsection 3383(c) requiring the postponement of nonessential administrative decisions and actions, including normal time requirements for such decisions and actions.

(e)  Except for the third level, if an exceptional delay prevents completion of the review within specified time limits, the appellant, within the time limits provided in subsection 3084.8(c), shall be provided an explanation of the reasons for the delay and the estimated completion date.

(f)  An appeal accepted as an emergency appeal shall be processed within the time frames set forth in subsections 3084.9(a)(4) and (a)(5).

(g)  An appeal of the involuntary psychiatric transfer of an inmate or parolee shall be made directly to the third level pursuant to subsection 3084.9(b), within 30 calendar days of receipt of the hearing decision on the need for involuntary transfer.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code; Civil Rights of Institutionalized Persons Act; Title 42 U.S.C. Section 1997 et seq., Public Law 96-247, 94 Stat. 349; and Section 35.107, Title 28, Code of Federal Regulations.

HISTORY:
1. New section filed 12-13-2010 as an emergency; operative 1-28-2011 (Register 2010, No. 51). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 7-7-2011 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 12-13-2010 order transmitted to OAL 6-15-2011 and filed 7-28-2011 (Register 2011, No. 30).

## 3084.9.  Exceptions to the Regular Appeal Process.

(a)  Emergency appeals. Emergency appeals should not be used by inmates or parolees as a substitute for verbally or otherwise informing staff of an emergency situation requiring immediate response.

(1)  When circumstances are such that the regular appeal time limits would subject the inmate or parolee to a substantial risk of personal injury or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal. Emergency circumstances include, but are not limited to:

(A)  Threat of death or injury due to enemies or other placement concerns.

(B)  Serious and imminent threat to health or safety.

(2)  An emergency appeal shall be submitted directly to the appeals coordinator and shall include a clear description of the circumstances warranting emergency processing. A request for emergency processing of an appeal that clearly does not meet the criteria for emergency processing or is made for the purpose of circumventing normal procedures or obtaining an expedited response may be considered misuse or abuse of the appeals process.

(3)  If the appeals coordinator determines emergency processing is unwarranted, the inmate or parolee shall be notified and the appeal shall be processed pursuant to subsection 3084.5(b)(2).

(4)  If emergency processing is warranted, the first level shall be waived and the second level review shall be completed within five working days.

(5)  Prison Rape Elimination Act (PREA) Sexual Violence (Inmate on Inmate) and Staff Sexual Misconduct Appeals.

A grievance in whole or part containing allegations of sexual violence or staff sexual misconduct shall be processed as an emergency appeal. The appeal shall be immediately reviewed by the Hiring Authority or designee and processed directly at the Second Level of Review. When the appeal alleges or indicates that the inmate may be in substantial risk of imminent sexual violence or imminent staff sexual misconduct, a risk assessment shall be undertaken.

(A)  Staff Complaints: While the department maintains the right to defend against an inmate lawsuit on the grounds of the applicable statute of limitations, a time limit shall not be imposed upon when an appellant may file such a grievance. The time limits for processing an emergency Staff Complaint are as follows:

1. There shall be no time limit for allegations of staff sexual misconduct, but once received by the appeals coordinator, the appeal shall be screened in accordance with subsection 3084.5(b)(4).

2. A risk assessment determination of all staff sexual misconduct related appeals shall be immediately completed by the Hiring Authority to determine if the appellant is in substantial risk of imminent staff sexual misconduct. If the assessment results in a determination of the appellant being in substantial risk of imminent staff sexual misconduct, the Hiring Authority shall take immediate corrective action.

3. The appeals coordinator shall provide an initial response to the appellant within 48 hours that shall include whether or not the appeal is being processed as an emergency Staff Complaint.

4. An initial risk assessment shall be documented within 48 hours and the completed risk assessment determination by the Hiring Authority shall be documented within 5 calendar days describing whether the appellant was determined to be in substantial risk of imminent staff sexual misconduct and the action(s) taken in response to the appeal.

5. If the conditions of exceptional delay exist as described in subsection 3084.8(d), the time constraints of Second Level of Review or Third Level of Review may be extended in increments of 30 days, but shall not exceed 160 days from the date the appeal was received by the appeals coordinator. Any extension shall require written notification to the appellant and shall include the estimated completion date. The time consumed by the appellant in preparing the appeal shall not count in the calculation of a timely response.

EXHIBIT — 13

9. Amendment filed 7-17-2008; operative 7-17-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 29).

**3142. Processing of Outgoing Confidential Mail.**

In order to be accepted and processed as confidential correspondence, an inmate's letter shall comply with the following requirements:

(a) The letter must be addressed to a person or to the office of a person listed in Section 3141. The address of an attorney must match the address listed with the State Bar.

(b) The inmate's full name, department identification number, and the address of the facility shall be included in the return address appearing on the outside of the envelope.

(c) The word "confidential" shall appear on the face of the envelope. Failure to do this will result in the letter being processed as regular mail or being returned to the inmate if for any reason the mail cannot be processed as regular mail.

(d) Inmates shall post confidential mail by presenting the mail unsealed to designated staff. In the presence of the inmate, the staff shall remove the contents of the envelope upside down to prevent reading of the contents. Staff shall remove the pages and shake them to ensure there is no prohibited material, consistent with these regulations. If no prohibited material is discovered, the contents shall be returned to the envelope and sealed. Staff shall place their signature, badge number and date across the sealed area on the back of the envelope. Staff shall then deposit the confidential mail in the appropriate depository.

(e) If prohibited material is found in the confidential mail, the prohibited material shall be confiscated; however, the letter may be returned to the inmate or mailed following the process outlined above. If the prohibited material indicates a violation of the law or intent to violate the law, the matter may be referred to the appropriate authorities for possible prosecution. Administrative and/or disciplinary action shall also be taken against all parties involved.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 2601, Penal Code.

HISTORY:
1. Amendment filed 7-17-2008; operative 7-17-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 29).

**3143. Processing Incoming Confidential Mail.**

Incoming letters must show the name, title, return address and the office of persons listed in Section 3141 on the outside of the envelope to be processed as confidential correspondence. An attorney's return address must match the address listed with the State Bar. A notice or request for confidentiality is not required on the envelope. Correspondence that is appropriately addressed with a return address that indicates it may be confidential shall be processed and treated as confidential correspondence whether or not it is stamped as such.

(a) Designated staff shall open the letter in the presence of the addressed inmate at a designated time and place. Staff shall not read any of the enclosed material. Staff shall remove the pages and shake them to ensure the absence of prohibited material.

(b) Inmates shall sign for all confidential mail at the time of delivery. This shall be accomplished by use of a permanent logbook or use of receipts. If receipts are used, the receipts shall be forwarded to the mailroom for filing. The log book at a minimum must record the date of delivery, the inmates name and departmental identification number, and the senders name and address.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 2601, Penal Code.

HISTORY:
1. Amendment filed 7-17-2008; operative 7-17-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 29).

**3144. Inspection of Confidential Mail.**

Confidential mail will be opened and inspected for contraband in the presence of the inmate addressee. Inspecting correctional officials will not read any of the contents of the confidential mail. Confidential mail may be further inspected, for cause only.

(a) Cause may include, but is not limited to, the reasonable belief by correctional officials that the letter is not addressed to or is not from an official or office listed in Section 3141 or when other means of inspection indicates the presence of physical contraband in the envelope. In such instances the mail will be opened in the presence of the inmate for determination.

(b) Administrative action may be taken to restrict, for cause, the confidential mail privileges afforded to an attorney pursuant to this Article.

(1) A first offense of a non-serious mail rule violation of the department's mail regulations shall result in a written warning or up to a six-month suspension of the attorney's confidential mail privileges. A non-serious mail violation means a violation of the inmate regulations that is not chargeable as a felony but is nevertheless unlawful, such as an enclosure of contraband into the confidential mail, or a misrepresentation of the sender or addressee's identity.

(2) A second offense of a non-serious mail rule violation shall result in modification/suspension of confidential mail privileges for a period of up to twelve months.

(3) A third offense of a similar nature and/or a first offense that could be charged as a felony that jeopardizes the safety of persons, or the security of the facility, shall result in confidential mail privileges being suspended from one year up to an indefinite period of time.

(4) The attorney must petition the Warden or Director of the Division of Adult Institutions (DAI) for reinstatement of confidential mail privileges.

The confidential mail privilege may be a statewide suspension for any offense that could be prosecuted as a felony. Only the Director of the DAI or designee shall issue a statewide suspension of confidential mail privileges.

(c) Upon determining that the envelope contains prohibited material or that there is a misrepresentation of the sender's or the addressee's identity the letter and any enclosures may be examined and read in its entirety to determine the most appropriate of the following actions:

(1) When the prohibited material or misrepresentation of identity indicates a violation of the law or an intent to violate the law, the matter will be referred to the appropriate criminal authorities for possible prosecution. Any case referred to criminal authorities will be reported to the Director of the DAI. When a case is referred to criminal authorities and the determination is made not to prosecute, the fact of the referral and the determination made will be reported to the inmate and to the inmate's correspondent. The Director of the DAI will be informed of the outcome of all referrals to criminal authorities.

(2) When an inmate's action or complicity indicates a violation of law; the regulations set forth in this article; or approved facility mail procedures; the matter may also be handled by appropriate disciplinary action.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 2601, Penal Code; and *Wolff v. McDonald*, 94 S. Ct. 2963 (1974).

HISTORY:
1. Amendment filed 7-17-2008; operative 7-17-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 29).

2. Change without regulatory effect amending subsection (b)(4) filed 3-11-2013, pursuant to section 100, title 1, California Code of Regulations (Register 2013, No. 11).

### 3145. Enclosures in Confidential Mail.

When the inspection of confidential correspondence discloses written or printed enclosures, the enclosures will be treated in the same manner as confidential correspondence. The inmate will not be given the enclosures or be allowed access to the enclosures except as authorized in the following subsections:

(a) The inmate may consent to an immediate examination of the enclosure by staff who issues mail. Such examination will be limited to the extent necessary to determine if the enclosure may be safely admitted into the facility under the standards of Penal Code Section 2601. The conclusion of the examiner will be written on the enclosure, and be dated and signed by the examiner. If the enclosure can be safely admitted into the facility, it will be given to the inmate. If in the examiner's opinion the enclosure does not meet the standards of Penal Code Section 2601 and cannot be safely admitted into the facility, it will be referred to staff at not less than the Correctional/Facility Captain level, for final determination. If not released to the inmate at this level, the inmate will be allowed access to the enclosure only as authorized in subsection (b).

(b) The inmate may decline to consent to examination of enclosures in confidential mail by any staff. When this occurs, the enclosure will be immediately placed in a separate envelope and the envelope will be sealed in the presence of the inmate. The separate envelope will, at the inmate's choosing, be returned to the sender with the mailing cost charged to the inmate's trust account, or disposed of pursuant to section 3191(c). The inmate is entitled to keep the letter or correspondence and the envelope it came in.

(c) Any person who examines the content of mail under the authority of this article or in connection with an appeal by an inmate of a ruling under this article, must keep the content of the material which was examined in strict confidence. No original, copy, excerpt, or summary of personal correspondence to or from an inmate shall be made or be placed in an inmate's C-file unless such correspondence is or has been the subject of:

(1) Legal, disciplinary, criminal investigation, or casework determination and actions affecting the inmate.

(2) When the recipient of an inmate's disturbing or offensive mail corresponds with the facility and requests administrative action, subject to section 3135.

(3) If an inmate requests that a copy of personal correspondence be placed in their C-file and the inmate's caseworker deems it appropriate to do so based on the relationship of the correspondence to the inmates incarceration.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 2600, Penal Code; and *In re Jordan*, 12 CA 3rd 575 (1974).

HISTORY:

1. Change without regulatory effect amending subsection (a) filed 4-3-2001 pursuant to section 100, title 1, California Code of Regulations (Register 2001, No. 14).

2. Amendment filed 7-17-2008; operative 7-17-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 29).

### 3146. Mail in Languages Other Than English.

Mail may be subject to a delay for translation of its contents by staff. When such delay exceeds normal mail processing by five business days, the inmate shall be notified in writing of the delay, the reason for the delay, and subsequent determinations and actions regarding that item of mail. If staff are unable to translate the letter and its contents within 20 business days of notice to the inmate, then the letter shall be delivered to the inmate untranslated.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2600 and 2601, Penal Code.

HISTORY:

1. Amendment filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.

2. Amendment refiled 6-13-95 as an emergency; operative 6-13-95 (Register 95, No. 24). A Certificate of Compliance must be transmitted to OAL by 11-20-95 or emergency language will be repealed by operation of law on the following day.

3. Reinstatement of section as it existed prior to emergency amendment filed 12-27-95 by operation of Government Code section 11346.1(f). Certificate of Compliance as to 6-13-95 order transmitted to OAL 11-9-95; disapproved by OAL and order of repeal as to 6-13-95 order filed on 12-27-95 (Register 95, No. 52).

4. Amendment filed 12-27-95 as an emergency pursuant to Government Code section 11346.1; operative 12-27-95 (Register 95, No. 52). A Certificate of Compliance must be transmitted to OAL by 4-25-96 or emergency language will be repealed by operation of law on the following day.

5. Certificate of Compliance as to 12-27-95 order including amendment of section transmitted to OAL 4-25-96 and filed 6-6-96 (Register 96, No. 23).

6. Amendment filed 7-17-2008; operative 7-17-2008 pursuant to Government Code section 11343.4 (Register 2008, No. 29).

### 3147. Definition and Disposition of Mail.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Sections 2080, 2600, 2601, 4570 and 5054, Penal Code; *Procunier v. Martinez*, (1974) 416 U.S. 396; *Bell v. Wolfish*, (1979) 99 S. Ct. 1861; *Thornburgh v. Abbott* (1989) 109 S. Ct. 1874; *Turner v. Safely* (1987) 107 S. Ct. 2256; and Sections C031.3.0 and C031.5.4, Domestic Mail Manual, issue 46 7/1/93, U.S. Postal Regulations.

HISTORY:

1. Amendment of subsection (a)(9)(G) filed 2-16-83; effective thirtieth day thereafter (Register 83, No. 8).

2. Editorial correction of subsection (a)(9)(G) filed 2-17-83 (Register 83, No. 8).

3. Editorial correction of printing error in subsection (a)(5)(A) (Register 92, No. 5).

4. Amendment of subsection (a)(2) and Note filed 6-17-94 as an emergency; operative 6-17-94 (Register 94, No. 24). A Certificate of Compliance must be transmitted to OAL by 10-15-94 or emergency language will be repealed by operation of law on the following day.

5. Certificate of Compliance as to 6-17-94 order transmitted with amendments to OAL 10-17-94 and filed 12-1-94 (Register 94, No. 48).

6. Amendment of subsection (a)(9)(I) and Note filed 1-3-95 as an emergency; operative 1-3-95 (Register 95, No. 1). A Certificate of Compliance must be transmitted to OAL 6-12-95 or emergency language will be repealed by operation of law on the following day.

7. Amendment of subsections (a)(9)(I)1.-5. and Note refiled 6-13-95 as an emergency; operative 6-13-95 (Register 95, No. 24). A Certificate of Compliance must be transmitted to OAL by 11-20-95 or emergency language will be repealed by operation of law on the following day.

8. Reinstatement of section as it existed prior to emergency amendment filed 12-27-95 by operation of Government Code section 11346.1(f). Certificate of Compliance as to 6-13-95 order transmitted to OAL 11-9-95; disapproved by OAL and order of repeal as to 6-13-95 order filed on 12-27-95 (Register 95, No. 52).

9. Amendment filed 12-27-95 as an emergency pursuant to Government Code section 11346.1; operative 12-27-95 (Register 95, No. 52). A Certificate of Compliance must be transmitted to OAL by 4-25-96 or emergency language will be repealed by operation of law on the following day.

10. Certificate of Compliance as to 12-27-95 order including amendment of subsections (a)(5) and (a)(5)(A), relocation of former

# EXHIBIT __14__

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

**OFFICE OF APPEALS**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



March 21, 2018

GARCIA, LENIN, J12590
Mule Creek State Prison
P.O. Box 409099
Ione, CA  95640

**MAILED**

MAR 2 2 2018

RE: TLR# 1801871     COR-17-06231, MCSP-17-04140     STAFF COMPLAINTS

Mr. GARCIA:

The Office of Appeals has received your appeal regarding the above matter.  It has been forwarded to the Appeals Coordinator at COR for further action.

The Appeals Coordinator has 30 working days to complete the action requested by the Office of Appeals.  If you have not received the original appeal and notification of the further action taken within 30 working days, you may file an appeal on the inaction with the institution.

If not satisfied with the further action taken by the institution, please attach a second CDCR 602 to your appeal, and use Section F on the new 602 for your amended appeal response.  Sign and date, and resubmit to the Office of Appeals.

**Please note that time constraints apply for resubmitting your appeal.**  If dissatisfied with the amended Second Level Response, you must resubmit your complete appeal for Third Level Response within 30 calendar days of receiving the amended Second Level Response.

M. VOONG, Chief
Office of Appeals

State of California

Department of Corrections and Rehabilitation
Corcoran State Prison

*IM ⊘ MCSP*

# Memorandum



Date : August 17, 2018

To : GARCIA, J12590
A 001 2217001L

Log Number: CSPC-8-17-06231

Subject: **EXCEPTIONAL DELAY IN REVIEW OF APPEAL**

This is to notify you that the due date on the above referenced appeal has been extended for the following reason:

☐ Unavailability of the appellant, or staff or inmate witness.

☒ Complexity of the decision, action, or policy.

☐ Necessary involvement of other agencies or jurisdictions.

This notification is required per California Code of Regulations, Section 3084.8(e). The new estimated completion date is <u>September 28, 2018</u>.

☐ M. Oliveira, CCII Appeals Coordinator
☐ T. Galaviz, CCII Appeals Coordinator (A)
☐ D. Goree Jr, CCII Appeals Coordinator
California State Prison-Corcoran

1/MQMCSP

State of California                                                                Department of Corrections and Rehabilitation
                                                                                           Corcoran State Prison

# Memorandum



Date    :    September 28, 2018


To      :    GARCIA, J12590
             A  001 2217001L


        Log Number: CSPC-8-17-06231


Subject:    **EXCEPTIONAL DELAY IN REVIEW OF APPEAL**


This is to notify you that the due date on the above referenced appeal has been extended for the
following reason:

☐  Unavailability of the appellant, or staff or inmate witness.

☒  Complexity of the decision, action, or policy.

☐  Necessary involvement of other agencies or jurisdictions.


This notification is required per California Code of Regulations, Section 3084.8(e).  The new
estimated completion date is November 12, 2018.


☐  M. Oliveira, CCII Appeals Coordinator
☐  D. Goree Jr, CCII Appeals Coordinator
    California State Prison-Corcoran

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)                                                                                                              Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| CSP-CORCORAN | 17-6231 | 7 |
| MCSP-O | 17-04140 FOR STAFF USE ONLY | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, (CCR) Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                 WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| GARCIA, LENIN | J12590 | A-5-248L | E.O.P |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

GRIEVANCE AGAINST C/O MORENO SGT HARRIS LT. E. SILVA, C/O D. HICKS

**A.** Explain your Issue (If you need more space, use Section A of the CDCR 602-A) C/O H. HINOJOSA

C/O M. SILVA C/O PENA, C/O SEGURA. ON OCTOBER. 25. 2017. GARCIA WAS SERVED WITH THE FINAL DISPOSITION RESULT OF RVR #01415235. ON 11.08.16. GARCIA OBSERVED/HEARD (CONTRERAS-AN5170) YELLING -

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): APPELLANT WAS FOUND NOT GUILTY OF THE FALSE RVR, THUS ALL RECORDS OF THE RVR SHALL BE EXPUNGED FROM THE SOMS AND THE REGISTER OF INSTITUTIONAL VIOLATION. THAT APPELLANT BE ALLOW TO EXHAUST HIS REMEDIES.

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

RVR. FINAL DISPOSITION - 01415235       RVR-01415235
CDCR-837-COR-3B-16-IR-0713A1       MENTAL HEALTH ASSESSMENT

☐ No, I have not attached any supporting documents. Reason : _____
_____
_____

Inmate/Parolee Signature: _____       Date Submitted: 10.31.17

_____ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only** AG 11/15/17 TM       Staff – Check One: Is CDCR 602-A Attached? ☒ Yes  ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☒ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
Assigned to: _____       Title: _____       Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
          Date of Interview: _____       Interview Location: _____
Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
          See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____
Reviewer: _____ (Print Name)  Title: _____  Signature: _____
Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ___/___/___ |

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

**Side 2**

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

BYPASS

BYPASS

Inmate/Parolee Signature: _____   Date Submitted: _____

**E. Second Level - Staff Use Only**

Staff – Check One: Is CDCR 602-A Attached?  ☑ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Cancelled (See attached letter)
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____
☑ Accepted at the Second Level of Review

Assigned to: _____  Title: _____  Date Assigned: 12/6/17  Date Due: 12/23/18

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title,
interview date and location, and complete the section below.
Date of Interview: 12/18/2017   Interview Location: TELEPHONE
Your appeal issue is:  ☐ Granted  ☑ Granted in Part  ☐ Denied  ☐ Other

See attached letter. If dissatisfied with Second Level response complete Section F below.

Interviewer: J. _____ (Print Name)   Title: _____   Signature: _____   Date completed 12/18/2017
Reviewer: _____ (Print Name)   Title: E.C.U.   Signature: _____

AC Use Only
Date received by AC: 12/29/17

**F.** If you are dissatisfied with the Second Level response, explain reason below, attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

APPELLANT REITERATES PART (A), PART (B) ON THE S.L.R. NO RELIEF WAS
DONE, THUS, APPELLANT IS DISSATISFIED AND REQUEST A THIRD LEVEL
REVIEW...

Inmate/Parolee Signature: _____   Date Submitted: 01.18.2018

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)
☐ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other:

See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant _/_/_

**H. Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because: State reason. (If withdrawal is conditional, list conditions.)

Inmate/Parolee Signature: _____   Date: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT
CDCR 602-A (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CSP-CORCORAN | 17-6231 | |
| | MCSP-O 17-04140 | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| GARCIA, LENIN | J12596 | A5-24EL | E.O.P |

A.  Continuation of CDCR 602, Section A only (Explain your issue) : AT SEPERATE MORENO,
SGT. HINOJOSA, LT. SECURA, C/O SILVA, THAT HE WAS SUICIDAL - HOMOC-
IDAL - HE REQUESTED TO BE SEND TO CRISIS BED, AD-SEG, OR TO ANOTH-
ER - CELL, HE YELLED I WILL HURT MY SELF OR ANYONE, THESE STAFFS STATED
THIS IS CORCORAN, WE DONT CARE, GO IN THE CELL AND DO WHAT YOU HAD TO
DO, GARCIA PLEADED WITH THESE STAFF NOT TO PUT THE CRAZY MAN
IN HIS CELL, THEY IGNORED GARCIA PLEADS, C/O SILVA STATED 602
US LIKE YOU ALWAYS DO, YOU HEAR, YOU HEAR ME GARCIA, THE OTH-
ER - STAFF ALL LAUSHED OUT LOUD, C/O SILVA OPENED THE CELL DOOR
(CONTRERAS) REFUSED TO ENTER, STAFFS PUSHED CONTRERAS INSIDE
THE CELL, HE REFUSED TO RELINQUISH THE HANDCUFFS HE SAY I WILL HURT MY
SELF OR ANYONE AFTER SOMETIME HE ALLOWED STAFF TO REMOVED THE HAN-
D-CUFFS, SUBSEQUENTLY HE IMMEDIATELY RUSHED GARCIA AND PUNCHED
HIM ON THE FACE KNOCKING HIM TO THE FLOOR, HE BIT GARCIA ON THE ARM, WHILE
ON THE FLOOR STAFF SPRAY GARCIA, THEY REMOVED CONTRERAS FROM THE
CELL, SECURED THE DOOR AND AGAIN CONTINUE TO SPRAY GARCIA, STAFF REMO-
VED GARCIA STAFF REFUSED TO DE CONTAMINE THE CELL AND FORCED HIM BACK
IN THE CELL AND LEFT HIM THERE, GARCIA WAS CHARGED WITH A FALSE RVR FOR
"FIGHTING" THE FALSE RVR WAS EVENTUALLY DISMISSED.

Inmate/Parolee Signature: _____                    Date Submitted: 10-31  17

B.  Continuation of CDCR 602, Section B only (Action requested): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____                    Date Submitted: 10 - 31    17

Template Date 4/4/2012                                                    Attachment E-1
State of California                                        Department of Corrections and Rehabilitation

# Memorandum

Date  :  December 21, 2017

To    :  Inmate Garcia, CDCR# J12590
         Facility A 005-2-248L
         Mule Creek State Prison

Subject:  **STAFF COMPLAINT RESPONSE - APPEAL# CSPC-8-17-06231; *SECOND* LEVEL
          RESPONSE**

APPEAL ISSUE:  Inmate Garcia alleges he was involved in a cell fight on November
18, 2016 while housed at CSP-Corcoran's Facility 3B.  Prior to the fight, Garcia
alleges staff intentionally placed inmate Contreras (AN5170) into his cell despite
pleading with staff to house Contreras in a different cell.  Garcia also alleges staff
pushed Contreras into the cell which led to a fight.  Staff then used OC pepper spray
to quell the fight and removed Contreras from the cell.  Additionally, staff continued
to spray Garcia after the incident ended and later, when re-housing Garcia, staff
intentionally did not decontaminate the cell.  For this incident, Garcia was charged
with 'Fighting' which Garcia alleges is a false report.

All issues unrelated to the allegation of staff misconduct must be appealed
separately and will not be addressed in this response.  You do not exhaust
administrative remedies on any unrelated issue not covered in this response or
concerning any staff member not identified by you in this complaint.  If you are
unable to name all involved staff you may request assistance in establishing their
identity.

DETERMINATION OF ISSUE: A review of the allegations of staff misconduct
presented in the written complaint has been completed. Based upon this review your
appeal is:

➢  Being processed as an Appeal Inquiry.

You were telephonically interviewed on December 18, 2017 by Lieutenant J. Amaya
and you stated: "I don't think I should be celled up with a crazy person.  Staff pushed
Contreras into the cell knowing I didn't want him.  Contreras said he was suicidal too.
But Contreras ended up attacking me and as punishment they sprayed us both.
They're retaliating against me for filing 602's.  I want the false 115 removed from my
C-file because I was found not guilty."

**Your appeal is PARTIALLY GRANTED in that:**

Page 2

> ➢ The **Appeal inquiry** is complete and has been reviewed and all issues were adequately addressed.

The following witnesses were questioned and/or interviewed:   Officer E. Moreno, Officer M. Silva, Officer D. Hicks and Officer H. Hinojosa.

The following information was reviewed as a result of your allegations of staff misconduct:  FLSA for November 18, 2016; RVR log# 1415624 (inmate Garcia) for 'Fighting' dated November 18, 2016; RVR log# 1415635 (inmate Contreras) for 'Fighting' dated November 18, 2016; and Incident Log# COR-03B-1611-0713.

Staff: *did* ☐ *did not* ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.  A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: J. Amaya, ⸺  Sign: ⸺  Date: 12/24/2012
Interviewer

Print: B Calderon  Sign: ⸺  Date: 12/28/17
Hiring Authority

Appeal Log No: CSPC-8-17-06231

# EXHIBIT  15

**Subject:**  Inmate Lenin Garcia J12590 safety

**From:**  Emely Emely (emely721@yahoo.com)

**To:**  dave.davey@cdcr.ca.gov; xinabolden@cdcr.ca.gov;

**Cc:**  emely721@yahoo.com;

**Date:**  Wednesday, October 5, 2016 9:44 AM


Warden  David Davey Corcoran State Prison

Ombudsman Miss Xina Bolden


RE: Inmate Lenin Garcia #J12590
    Corcoran State Prison
    Fac 3B -01-138L


With all due respect,I am contacting both of the above
Mentioned high authorities, my Boyfriend of 26 years
Is serving his life without parole at Corcoran State
Prison.Time after time he has informed me that he has
Filed grievances in accordance to the process the CDCR
states,but without no avail,His civil rights are being ignored.Furthermore to my worry ,he has informed
Me that a correctional officer M.Silva has threatened
Him , stating " if you keep filling grievances,I will make
Sure ,some inmates hurt you", as you might well understand my concern for the safety of Lenin Garcia
at Corcoran State Prison is very worrisome.Inmate
Lenin Garcia has been a model prisoner,staying out of trouble for years.The fact that he is incarcerated does
Not bar nor strip him from his civil rights,nor does it
Give any Correctional Officer the right to maliciously
Threaten his safety for filing grievances, lastly Correctional Officer M. Silva has no authority to interfere
With Lenin Garcias' grievances due process which are
Protected by his civil rights.I fear for his safety and I
Humbly plead with all due respect that you Mr. Davies
And Miss Bolden,are able to protect Lenin Garcia , and
Follow thru with a solution to this problem.

Sincerely and respectfully,

Emilia Garcia

suffering,once more I plead With you to please transport his
property to Mule Creek.At this point I am in shock that his
rights have been compromised,by such behavior And perhaps
Hired Correctional Officers at Corcoran State prison need to
be denounced To the Inspector General, perhaps in an audit
It will come to light that ,hired help at the EOP In
Corcoran are not fit to work there....

Most Sincere,
Emilia Garcia


--- On Wed, 3/8/17, Emely Emely <emely721@yahoo.com>
wrote:

> From: Emely
Emely <emely721@yahoo.com>
> Subject: inmate Lenin Garcia J12590
safety
> To: xina.bolden@cdcr.ca.gov
> Date: Wednesday, March 8, 2017, 12:48 PM
Miss. Bolden,
>
>
Last
>
> October I
contacted you with the email below, As to the safety of
> Lenin Garcia #J12590, Nothing to protect
Lenin Garcia was done...
> Everything was
a downward spiral of
> Pain and suffering
and emotional distress, There is so much to cover I
> am unable to summarize Such neglect and
treatment of an EOP inmate.
> He ended in
administrative segregation in the Most inhumane
> conditions,of which id rather Abstain from
discussing...he was
> transferred To
Mule Creek State Prison on or about 3 weeks Ago, when
> he went to claim his property only His
personal property arrived,
> missing
were
> 4 boxes containing all his Legal
document/ Personal documents.I've
>
tried to call Corcoran Day in day out they tell me its
extension #7560
> No one picks up nor
there is a voice mail prompt.
>
Transportation has arrived to Mule Creek but His 4 boxes
have not
> come. He has pending Legal
matters he needs to address and is unable
> To because his property is still in
storage 4 Boxes at
> Corcoran...finally
another extension Answered me in R and R and they
> assured Me his 4 boxes are in storage
there ,I appeal to you Miss.
> Bolden to
please help us get his
> 4 boxes In
Storage to Mule Creek as soon as Possible....He feels at
> this point that Corcoran Is keeping his
property in retaliation,again
> For
grievances filed by him that still were Not
> addressed....Miss.Bolden when can all This
retaliation stop....I feel
> helpless
and in disbelief.....Why is Corcoran keeping his
> 4 boxes? Is it because he has pending
Litigation? Please help us get
> his 4
boxes To Mule Creek.I Thank you kindly for your attention in

# EXHIBIT ___16___

## DECLARATION IN SUPPORT OF EXHIBITS-ATTACHMENTS

ATTACHMENT #1: IS A TRUE AND CORRECT COPY OF APPEAL LOG # CSPC-8-17-06231. SUBMITTED BY GARCIA ON OCTOBER.31.2017.

ATTACHMENT #2: IS A TRUE AND CORRECT COPY OF PAGE #9 OF GARCIA LAW SUIT COMPLAINT

ATTACHMENT #3: IS A TRUE AND CORRECT COPY OF THE LETTER SUBMITTED-BY GARCIA ON JANUARY.08-2016, TO THE CHIEF, INMATE APPEAL BRANCH (M. VOONG, COOA).

ATTACHMENT #4: IS A TRUE AND CORRECT COPY OF APPEAL LOG # CSPC-2-17-00759- SUBMITTED BY GARCIA ON FEBRUARY. 12, 2017, AND CANCELLED BY THE CORCORAN APPEALS COORDINATOR STAFF. ON FEBRUARY.15.2017

ATTACHMENT #5: IS A TRUE AND CORRECT COPY OF A E.MAIL SUBMITTED BY GARCIA GIRLFRIEND INQUIRING ABOUT GARCIA MISSING LEGAL DOCUMENTS-

ATTACHMENT #6: IS A TRUE AND CORRECT COPY OF APPEAL LOG # CSPC-02-17-01632., SUBMITTED BY GARCIA REQUESTING THAT ALL HIS LEGAL DOCUMENTS BE RETURNED TO HIM.


I SWEAR UNDER THE PENALTY OF PERJURY THAT THE ABOVE MENTIONED INFORMATION IS TRUE AND CORRECT.


LENIN GARCIA                    AUGUST .26 . 2018

PLAINTIFF.

DECLARATION OF PLAINTIFF IN SUPPORT OF HIS OPPOSITION
TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT:

ON NOVEMBER, 2016, GARCIA SUBMITTED A APPEAL REGARDING
THE INCIDENTS THAT OCCURRED ON NOVEMBER. 08.2016, THE APPEAL
WAS SIMILAR TO APPEAL LOG# C5PC-8-17-06231(SEE, ATTACHMENT
#1.) THE ACTIONS REQUEST IN BOTH APPEAL WAS DIFFERENTS, BOTH
APPEALS WERE SUBMITTED FOR DIFFERENT PURPOSES, THE NOV.
2016, WAS TO NOTIFY DEFENDANTS OF THE PROBLEM AND TO EXHA-
UST THE CLAIMS IN THE LAWSUIT, THE APPEAL DETAIL WAS SUFF-
ICIENT TO NOTIFY DEFENDANTS AND JOHN DOES#1 — 5, OF THE
FAILURE TO PROTECT, EXCESSIVE FORCE, RETALIATION, AND
FAILURE TO DECONTAMINE DEFENDANTS WERE PUT ON NOTICE
OF THESE CLAIMS...

GARCIA, DID NOT RECEIVE A LOG#, OR ANY RESPONSE TO THE
APPEAL SUBMITTED ON NOVEMBER 2016, BECAUSE OF SUCH HE
SUBMITTED A CDCR 22 FORM REQUESTING A UPDATE STATUS OF
THIS APPEAL, NO RESPONSE WAS GIVEN, GARCIA FOLLOW UP WITH
ANOTHER CDCR 22 FORM REQUEST AGAIN NO RESPONSE... GARCIA
THEN SUBMITTED A APPEAL AGAINST THE APPEALS COORDINATOR
STAFF FOR FAILING TO LOG, PROCESS, RESPOND... AGAIN NO LOG#
NO RESPONSE WAS GIVEN...

GARCIA, FOLLOW UP WITH A LETTER SUBMITTED ON JANUARY.
08.17, TO THE CHIEF INMATE APPEALS BRANCH CDCR AT SACRAME-
NTO — REQUESTING THAT THE " CHIEF M. VOONG" ORDER CORCORAN
PRISON APPEALS COORDINATOR STAFF TO PROCESS, THIS LETTER
WAS TO NO AVAIL (SEE, ATTACHMENT #3)...

GARCIA THEN FOLLOW UP WITH ANOTHER APPEAL AGAINST THE
APPEALS COORDINATOR STAFF, SUBMITTED ON FEBRUARY. 12 2017

THESE APPEAL WAS LOGGED #CSPC-12-17-00-759, AND WAS CANCE-
IIED—BY THE CORCORAN APPEAL COORDINATOR STAFF (SEE, ATTACHM-
ENT-# 4),...

ON JANUARY, 18. 2017, GARCIA WAS TRANSFER TO THE CRISIS
BED HOSPITAL, SUBSEQUENTLY PLACED IN ADMINISTRATIVE SEGR
EGATION — AND TRANSFER OUT. DEFENDANT HINOJOSA AND OTHER
STAFF CONFISCATED GARCIA LEGAL DOCUMENTS INCLUDING COPIES
OF THE APPEAL SUBMITTED ON NOVEMBER 2016, THE FOLLOW UP
CDCR 22 FORMS REQUEST, AND THE FOLLOW UP APPEAL AGAINST THE
APPEALS COORDINATOR OFFICE STAFF, TILL THIS DATE DEFENDANTS
HAS NOT RETURNED THESE DOCUMENTS TO GARCIA.

GARCIA, CONTENTIONS IN THE LAW SUIT, HIS OPPOSITION TO
SUMMARY JUDGMENT, AND ALL OF HIS CONTENTIONS ARE BASED ON
PERSONAL KNOWLEDGE AND SETH FORTH FACTS THAT WOULD BE ADMISE-
IBLE-IN EVIDENCE, AND GARCIA ATTESTED UNDER PENALTY OF PERJURY
THAT THE CONTENTS OF THE LAW SUIT ARE TRUE AND CORRECT (SEE,
P. #6, OF THE LAW SUIT )


I SWEAR UNDER THE PENALTY OF PERJURY THAT THE CONTENTS
OF THIS DECLARATION ARE TRUE AND CORRECT.
LENIN GARCIA                              AUGUST. 26 , 2018

PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO-DIVISION
IN PROPER-ASSITED BY JAIL HOUSE LAWYER
LENIN GARCIA, PLAINTIFF., V. E. MORENO, et.al, DEFENDANTS.,

CASE X 1:18-CV-OOO14-DAD-SAB

OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDEMENT

JUDGE: THE. HON. STANLEY A. BOONE

42 USC 1983 COMPLAINT, FILED ON DECEMBER 29, 2017,... ON JULY, 16 2018, SETTLEMENT CONFERENCE WAS HELD BEFORE MAGISTRATE-JUDGE, BARBARA MCAULIFFE, GARCIA AGREED TO SETTLE THIS LAW SUIT, FOR 8,000 DOLLARS, PLUS FILING FEE $400. DEFENDANTS DECLINED THE OPPORTUNITY TO SETTLE THIS CASE FOR LESS THAN IT WILL COST TO LITIGATE THIS MATTER, DEFENDANTS ARE NOW SPENDING RESOURCES $ON BASELESS MOTION THAT MUST BE DENIED BY THIS COURT

PLAINTIFF "GARCIA" HEREBY OPPOSES DEFENDANTS MOTION FOR SUMMARY JUDGMENT... GARCIA EVIDENCE CLEARLY DEMOSTRATE THE PRISON APPEALS STAFF OUTRIGTH OBSTRUCTED GARCIA EFFORTS TO LODGE THE THE NOVEMBER 2016 GRIEVANCE AGAINST DEFENDANTS OR PURSUING THE PROCESS, GARCIA SUBMITTED A TIMELY APPEAL TO WHICH HE RECEIVE NO LOGX, NO RESPONSE AT ALL... THIS EFFECTIVELY MADE IT IMPOSSIBLE FOR GARCIA TO PROCEED TO THE NEXT LEVEL/STEP TO EXHAUST ANY REMEDIES...

THEREBY EXCUSING PROPER EXHAUSTION... GARCIA EVIDENCE HERES BELOW HAS SHOWN A GENUINE ISSUE AS TO WHETHER THE APPEALS OFFICE STAFF OBSTRUCTED HIS EFFORTS TO PURSUE THE GRIEVANCE TO NO AVAIL, THUS THIS GENUINE ISSUE OF MATERIAL FACT PRECLUDES ENTRY OF JUDEMENT, DEFENDANTS MOTION FOR SUMMARY JUDEMENT MUST BE DENIED...

GARCIA, COMPLAINT WAS SIGNED UNDER PENALTY OF PERJURY SEE, COMPL., A VERIFY COMPLAINT MAY BE TREATED AS AN AFFIDAVIT TO OPPOSE SUMMARY JUDGMENT TO THE EXTENT IT IS BASED ON PERSONAL KNOWLEDGE AND SETS FORTH SPECIFIC FACTS ADMISSIBLE IN EVIDENCE. (SEE, KEENAN V. HALL, 83 F3d. 1083, 1090, n.1 (9th CIR. 1996), 135 F.3d 1318 (9th CIR. 2004) CERT. DENIED, 546 U.S. 820, 126 S. ct. 351 (2005)

SUMMARY OF FACTS                          2 OF 7

DEFENDANTS CONTEND IN THEIR SUMMARY JUDGMENT MOTION
THAT GARCIA BASES HIS CLAIMS AND EXHAUSTION OF REMEDIES ON A
APPEAL LOG# CSPC-8-17-06231 SUBMITTED ON OCTOBER-31-2017,
(SEE ATTACHMENT #1), HOWEVER DEFENDANTS ARE MISTAKEN... FOR
EXAMPLE, IN HIS COMPLAINT GARCIA CITES TO CERTAIN APPEALS
SUBMITTED IMMEDIATELY AFTER THE NOVEMBER-08-2016 INCIDENT
(SEE COMPLAINT AT P.9.)(SEE ATTACHMENT #2.), GARCIA SUBMITTED
A APPEAL ON NOVEMBER, 2016, REGARDING THE NOVEMBER-08-2016
INCIDENT, IN THE APPEAL HE NAMED DEFENDANTS MORENO, HINOJOSA,
PEÑA, SEGURA, M.SILVA DOES #1 THROUGH #5, THESE JOHN DOES
WERE LATER IDENTIFIED AS DEFENDANTS HICKS, HARRIS, AND E.SILVA
        WHILE TRUE GARCIA SUBMITTED TWO SIMILAR GRIEVANCES
THESE GRIEVANCES WERE SUBMITTED FOR DIFFERENT PURPOSES, THE
GRIEVANCE SUBMITTED ON NOVEMBER 2016 WAS FOR THE PURPOSE OF
EXHAUSTING THE CLAIMS ON THE COMPLAINT, THE OCTOBER-31-2017, GRIE-
VANCE-WAS SUBMITTED FOR THE PURPOSE OF EXPUNGING THE RULE-
VIOLATION-REPORT-RECORDS... FURTHER THE ACTION REQUETS ON THESE
GRIEVANCES WERE DIFFERENT... THE GRIEVANCES DESCRIBED IN THE
COMPLAINT PAGE #9, WAS SUBMITTED BEFORE THE 30 DAYS TIMES
CONSTRAINS PURSUANT TO TITLE 15. CCR, SECTION 3084.8.b, LIKE-
WISE-ANY OTHER APPEAL REGARDING THE NOVEMBER-08-2016, INCI-
DENT-NOT SUBMITTED WITHIN 30 DAYS WOULD HAD BEING REJECTED
AS UNTIMELY...
        DEFENDANTS ASSERT GARCIA FAILED TO EXHAUST HIS "REMEDIES"
THEY POINT OUT TO APPEAL LOG# CSPC-8-17-06231, SUBMITTED APPROXI-
MATELY-TEN MONTHS AFTER THE INCIDENT, DUE TO THE FACT THE RULE
VIOLATION HEARING WAS CONDUCTED ON SEPTEMBER, 16-2017,
AND GARCIA WAS FOUND NOT GUILTY, HE PROCEEDED TO APPEAL REQUEST-
ING-THE RECORDS BE EXPUNGED, GARCIA DID NOT INTENDED TO EXHAUS-
T-HIS CLAIMS ON THE COMPLAINT THROUGH THESE APPEAL, (SEE SECTION
(B) ACTION REQUEST OF THESE APPEAL (SEE ATTACHMENT #1 )
        DEFENDANTS SELECTIVELY PICK THESE GRIEVANCE AND ASSERT
GARCIA BASES HIS CLAIMS OF EXHAUSTION OF REMEDIES ON THESE
APPEAL., HOWEVER, DEFENDANTS APPEAR TO HAVE OVERLOOKED PAGE,
#9 OF THE COMPLAINT IN THIS ACTION, GARCIA SPECIFICALLY WROTE
ON NOVEMBER, 2016, HE SUBMITTED A 602 REQUESTING ADMINIS-
TRATIVE-RELIEF ON CLAIM I, II, III, III, THE APPEAL OFFICE

FAILED TO LOG, PROCESS, OR RESPOND (SEE, P. #9, COMPLAINT).

IN SEEKING DISMISSAL BASED ON FAILURE TO EXHAUST REMEDIES DEFENDANTS APPEAR TO HAVE IGNORED THE CONTENTS OF THE COMPL-AINT. IN SUPPORT OF HIS MANY ATTEMPTS TO HAVE THE APPEALS OFFICE LOG, PROCESS, RESPOND TO HIS GRIEVANCE SUBMITTED ON NOVEMBER, -2016, GARCIA IS PROVIDING THE FOLLOWING EVIDENCE.

※ 1. A LETTER HE SUBMITTED ON JANUARY-08·2016, TO THE CHIEF, INMATE APPEAL BRANCH, CDCR, THE LETTER WAS STAMPED (REC. BY OOA, DATE JANUARY·11·2017, BY M. VOONG, COOA), SEE, ATTACHMENT:※3). ON THIS LETTER GARCIA STATED HE SUBMITTED GRIEVANCES ON NOVEMBER, 2016, AND HE SPECIFICALLY IDENTIFIED DEFENDANTS BY THEIR NAMES.

※ 2. A 602, APPEAL HE SUBMITTED AGAINST THE CORCORAN APPE-ALS-OFFICE STAFF, LOG※ CSPC-2-17-00759·DATED FEBRUARY·12·2017 AGAIN GARCIA DESCRIBED THE APPEAL HE SUBMITTED ON NOVEMBER 2016, AND AGAIN HE IDENTIFIED DEFENDANTS BY NAME, THESE APPEAL WAS "CANCELLED" BY THE APPEALS OFFICE COORDINATOR STAFF AT CORCORAN STATE PRISON (SEE, ATTACHMENT ※ 4).

FURTHER BETWEEN NOVEMBER 2016 AND JANUARY 2017, GAR-CIA-FOLLOW UP BY SUBMITTING SEVERAL CDCR 22 REQUEST FORMS REQUESTING UP DATE STATUS OF THE NOVEMBER 2016 APPEAL AGAI-NTS-DEFENDANTS, AGAIN NO RESPONSE WAS GIVEN.

GARCIA, THEN FOLLOW UP WITH A GRIEVANCE AGAINST THE APPEAL OFFICE STAFF FOR NOT RESPONDING, NO LOG, NO PROCESSING, AGAIN NO LOG※, NO RESPOND (SEE, P.9. OF THE COMPLAINT), HOWEVER, HE CANNOT PROVIDE COPIES OF THE ABOVE MENTIONED, 22 FORMS, 602, BECAUSE THESE DOCUMENTS WERE CONFISCATED BY DEFENDANT (H. HINOJOSA), SPECIFICALLY, ON JANUARY·18·2017, GARCIA WAS STILL HOUSED A(3B-01-CELL 138ᴸ) HE DID NOT HAD A CELLIE, ON HIS ASSIGNED CELL HE HAD SEVERAL BOXES OF LEGAL DOCUMENTS, THE COPIES OF THE NOVEMBER 2016 APPEAL AGAINST DEFENDANTS REGARDING THE NOVEM-BER-08-2016 INCIDENT, FOLLOW UP 22 CDCR FORMS, AND APPEAL AGAI-NTS-THE APPEAL OFFICE STAFF WERE IN THESE BOXES, GARCIA WAS ADMITTED TO THE HOSPITAL CRISIS BED ON 01·18·17, SUBSEQUENTLY HE WAS PLACED IN ADMINISTRATIVE SEGREGATION AND TRANSFER OUT TO MULE CREEK STATE PRISON, ON THIS DATE JANUARY·18·2017, GARCIA PROPERTY SHALL HAD BEING COLLECTED INVENTORY IN A 1083 FORM AND FORWARD TO R&R (RECEIVED AND RELEASE) BY HOUSING UNIT

STAFF (DEFENDANT H. HINOJOSA, DEFENDANT SEGURA AND OTHER STAFF)
SEE CDCR OPERATIONAL MANUAL 54030.13.2, HOWEVER, STAFF DID
NOT INVENTORY GARCIA PROPERTY TILL FEBRUARY.24.2017, 36 DAYS AFT-
ER - HE WAS SEND TO THE HOSPITAL, AD-SEG, AND TRANSFER OUT,.

THREE BOXES OF LEGAL DOCUMENTS WERE NOT INVENTORY, DUE
TO THE CONFISCATION OF HIS LEGAL DOCUMENTS  GARCIA CANNOT PROVIDE
THIS COURT WITH A COPY OF THE 602 SUBMITTED ON NOVEMBER, 2016,
AGAINST DEFENDANTS, THE FOLLOW UP 22 FORMS, AND 602 SUBMITTED
AGAINST CORCORAN APPEAL OFFICE STAFF, GARCIA ASSERT THE CONF-
ISCATION - OF THESE DOCUMENTS WAS A CALCULATED EFFORT TO COVER
UP - THE MISCONDUCT BY DEFENDANTS OF THE INCIDENT ON NOVEMBER-
08-2016 - ALLEGED IN GARCIA LAW SUIT... IN SUPPORT OF THE CONFISCATI-
ON - OF LEGAL DOCUMENTS GARCIA IS PROVIDING THE FOLLOWING EVIDENCE,

※1. E-MAIL SUBMITTED BY GARCIA GIRLFRIEND INQUIRING
ABOUT GARCIA LEGAL DOCUMENTS (SEE, ATTACHMENT ※5  )

※2. APPEAL LOG ※ CSPC-02-17-01632, REQUESTING THAT All
HIS LEGAL DOCUMENTS BE RETURNED TO HIM (SEE, ATTACHMENT ※6 )

GARCIA HAS SHOWN HOW THESE STAFF EFFECTIVELY DEPRIVED
HIM OF ADMINISTRATIVE REMEDIES AND ACTED IN CONCERT TO CONFIS-
CATE - HIS EVIDENCE OF HIS MANY ATTEMPS TO EXHAUST REMEDIES.
HOWEVER, DESPITE CORCORAN STAFF EFFORTS TO COVER UP THE NOVEM-
BER-08-2016 INCIDENT, GARCIA LETTER TO CHIEF, INMATE APPEALS
OFFICE IN SACRAMENTO AND THE APPEAL CANCELLED BY CORCORAN APPE-
ALS-OFFICE, CLEARLY IDENTIFY THE SUBJECT MATTER OF THE APPEAL
HE FILED ON NOVEMBER 2016 AGAINST DEFENDANTS REGARDING CLAIMS
I, II, III, IIII, OF THE COMPLAINT... FURTHER THIS COURT CAN DETER-
MINE - THAT THE LETTER SUBMITTED TO THE CHIEF, INMATE APPEALS
OFFICE AND THE CANCELLED APPEAL ARE WHAT THEY PURPORT TO BE
BY EXAMINING THEIR DISTINCTIVE CHARACTERISTICS FED. R. EVID.
901 (b) (4), THE COURT SHOULD CONSIDER THESE DOCUMENTS, OF.
FRASER V. GOODALE 342 F.3d 1632, 1036-37 (9th CIR-2003)...

GARCIA HAS TIED HIS DOCUMENTARY EVIDENCE TO THE
GRIEVANCE IDENTIFIED IN PAGE ※9. OF THE COMPLAINT

DECLARATIONS OF CORCORAN APPEALS COORDINATOR
(T. GALAVIZ) AND CHIEF INMATE APPEAL OFFICE (M. VOONG), THESE
DECLARATIONS SUFFERS FROM CREDIBILITY ISSUES...

FOR EXAMPLE, BOTH DECLARATIONS STATES THEY CONDUCTED

A COMPUTARIZED (IATS) INMATE APPEALS TRACKING SYSTEM FOR APPEALS SUBMITTED BY GARCIA. SPECIFICALLY, THE REPORT REVIEWED ~ ANY APPEALS FILED BY GARCIA RELATED TO ANY STAFF COMPLAINT FOR AN INCIDENT THAT OCCURRED ON NOVEMBER 08 2016 THAT INVOLVED OFFICERS MORENO, HINOJOSA, PENA, SEGURA, M. SILVA, HARRIS, SILVA, AND HICKS (T. GALAVIZ DECLARATION AT P. #3) ... HOWEVER THEY DID NO INCLUDED IN THEIR DECLARATIONS NEITHER THE LETTER SUBMITTED BY GARCIA TO (M. VOONG, CHIEF INMATE APPEAL OFFICE), OR THE APPEAL CANCELLED BY THE APPEALS COORDINATOR STAFF AT CORCORAN, BOTH OF THE DOCUMENTS MENTIONED DEFENDANTS BY NAME AND CONTAIN INFORMATION DIRECTLY RELATED TO THE NOVEMBER 08 2016 INCIDENTS
    IT IS OBVIOUS, T. GALAVIZ AND M. VOONG CONDUCTED A COMPUTARIZED (IATS) IN REVIEWING THE LETTER AND THE CANCELLED 602 DESCRIBED ABOVE. THEY KNEW GARCIA BASES HIS CLAIMS AND EXHAUSTION ~ OF REMEDIES ON A APPEAL SUBMITTED ON NOVEMBER 2016 DESPITE THAT KNOWLEDGE THEY BOTH SUBMITTED A DECLARATION ASSERTING - GARCIA APPEALS FILES ONLY REVEAL APPEAL LOG # CSPC-8-17-06231 - AS THE ONLY APPEAL OR RECORDS RELATED TO THE DEFENDANTS AND THE INCIDENT THAT OCCURRED ON NOVEMBER 08 2016 ...
    THE APPEALS COORDINATOR AT CORCORAN (T. GALAIZ) AND THE CHIEF INMATE APPEAL STAFF (M. VOONG), SUBMITTED THESE DECLARATIONS - IN BAD FAITH, AND WITH THE VERY SPECIFIC INTENT TO HELP DEFENDANTS COVER UP THEIR MISCONDUCT OF THE NOVEMBER 08 2016 - INCIDENT BY ALLEGING FAILURE TO EXHAUST "AVAILABLE" "REMEDIES" THESE DECLARATIONS DO NOT OVERRIDE GARCIA EVIDENCE - DESCRIBED ANTE AS "A PARTY CANNOT CREATE A GENUINE ISSUE OF MATERIAL FACT TO SURVIVE SUMMARY JUDGMENT BY PROVIDING - DECLARATIONS INCONSISTENT WITH THE TRUE VERSION OF FACTS BLOCK V. CITY OF LOS ANGELES, 253 410, 419, n.2 (9th CIRCUIT 2001) REF. RADOBENKO V. AUTOMATED EQUIP. CORP. 520 F.2d 540 544, (9th CIR. 1975) ...
    IN THIS CASE GARCIA SUBMITTED A GRIEVANCE ON NOVEMBER - 2016, AGAINST DEFENDANTS REGARDING THE NOVEMBER 08 2016 INCIDENT. THE APPEAL DETAIL WAS SUFFICIENT TO NOTIFY ALL DEFENDANTS - OF THE FAILURE TO PROTECT, EXCESSIVE FORCE, RETALIATION, AND FAILURE TO DECONTAMINE THE CELL. DEFENDANTS WERE PUT ON NOTICE OF THESE CLAIMS ... PLAINTIFF DOES NOT DISPUTE THAT HE FAILED TO EXHAUST THESE CLAIMS, INSTEAD, HE ARGUES THAT HE WAS PREVENTED FROM EXHAUSTING THESE CLAIMS; BECAUSE CORCORAN APPEALS OFFICE STAFF REPEATEDLY FAILED TO LOG, PROCESS, RESPOND" TO HIS APPEALS ...
    GARCIA ASSERTS THAT THE CORCORAN APPEALS OFFICE STAFF EFFECTIVELY DEPRIVED HIM OF ADMINISTRATIVE REMEDIES, AND THAT HIS CLAIMS SHOULD THEREFORE BE DEEMED EXHAUSTED ...

— APPLICABLE LAW —

THE PLRA REQUIRES ONLY THAT A PRISONER EXHAUST AVAILABLE REMEDIES, AND THAT A FAILURE TO EXHAUST A REMEDY THAT IS EFFEC- TIVELY-UNAVAILABLE DOES NOT BAR A CLAIM FROM BEING HEARD IN FEDERAL COURT... IN THIS CASE GARCIA HAS SHOWN HOW THE PRISON OBSTRUCTED HIS EFFORTS TO LODGE A GRIEVANCE OR PURSUING THE PROCESS, AND HOW DEFENDANTS TOOK STEPS TO COVER UP THEIR OBST- RUCTION — BY CANCELLING APPEAL, CONFISCATING EVIDENCE, AND SUBMITTING DECLARATIONS IN BAD FAITH...

PLAINTIFF FILED SEVERAL INQUIRIES TO PURSUE THE MATTER TO NO AVAIL, GIVEN ALL THE EVIDENCE, INQUIRY PRESENTED BY GARCIA, THE COURT SHOULD RESOLVE ANY FACTUAL DISPUTES ABOUT THE FOLLOW UP IN GARCIA , (SEE, RITT 24, 837, F2d. AT 369) ON THE RECORD PROVIDED BY GARCIA HE ESTABLISHES THAT HE WAS EXCUSED FROM EXHAUSTING HIS ADMINISTRATIVE REMEDIES.

GARCIA DEMOSTRATES A SUFFICIENT EXCUSE FOR NOT EXHAUSTING HIS REMEDIES, GARCIA SUBMITTED A TIMELY APPEAL TO WHICH HE RECEIVE NO RESPONSE, THIS EFFECTIVELY MADE IT IMPOSS- IBLE - FOR GARCIA TO PROCEED TO THE NEXT STEP TO EXHAUST HIS REMEDIES, THEREBY EXCUSING PROPER EXHAUSTION... "GARCIA WAS ONLY REQUIRED TO EXHAUST AVAILABLE REMEDIES" (SEE, BROWN V. VALOFF, 422 F3d 926, 936,-87 (9th CIR. 2005)., THE PLRA'S EXHAUS- TION-IS NOT ABSOLUTE AND CERTAIN FACTS MAY JUSTIFY EXEPTIONS WHERE REMEDIES WERE EFFECTIVELY UNAVAILABLE NUÑEZ V. DUNCAN, 591 F3d. 1217, 1223, — 24 (9th CIR. 2010).

IN SAPP V. KIMBRELL, THE NINTH CIRCUIT CITED WITH APPROVAL OF THE SEVEN CIRCUIT CASE HOLDING THAT PRISON OFFICIALS FAILURE TO RESPOND TO A PROPERLY FILED GRIEVANCE MAKES REMEDIES "UNAVAILABLE" AND THEREFORE EXCUSES A FAILURE TO EXHAUST. 623 F3d. 813, 822, (9th CIR. 2010) CITING. DOLE V. CHANDLER, 438. F3d. 804, 809, 811, (7th CIR. 2006)... OTHER JUDGES OF THIS COURT HAVE RELIED ON NUÑEZ AND PRECEDENT FROM OTHER CIRCUITS IN FINDINGS THAT PRISON OFFICIALS FAILURE TO PROCESS APPEALS WITHIN THE TIME LIMITS PRESCRIBED BY PRISON REGULATIONS RENDERS AN APPEALS PROCE- SS-UNAVAILABLE. SEE, e.g., NIBLE V. KNOWLES, 2010 WL 3245325 AT 3 (E.D. CAL) CITING, INTER ALIA, BOYD V. CORRECTIONS CORP. OF AMERICA 380. F3d. 989, 996 (6th CIR. 2004), POWE V. ENNIS, 177 F3d. 393, 394 (5TH CIR. 1999) WHEN A VALID GRIEVANCE HAS BEEN FILED AND THE STATE'S TIME TO RESPOND HAS EXPIRED, THE REMEDIES ARE DEEMED EXHAUSTED)., FOULK V. CHARRIER, 262 F3d. 687, 698, (8th CIR 2001) DISTRICT COURT DID NOT ERR WHEN IT DECLINED TO DIS- MISS — CLAIM FOR FAILURE TO EXHAUST WHERE PRISON FAILED TO RESPOND TO GRIEVANCE;

FURTHER, NOTHING IN CAL. CODE REGS. TITLE, 15, SUGGEST THAT REQUIRED GARCIA TO DISCLOSE EVERY FACTUAL BASIS FOR THE ALLEGED FAILURE TO PROTECT, EXCESSIVE FORCE, RETALIATION FAILURE TO DECONTAMINE THE CELL, OR TO RECOUNT EVERY DETAIL OF THE RETALIATORY CONDUCT... THE APPEAL GARCIA SUBMITTED ON NOV-

EMBER ~~2016~~ AGAINST DEFENDANTS ~~DISGRIBED IN HIS COMPLAINT~~ ER, 08-2016, INCIDENT WAS SUFFICIENT TO "NOTIFY THE DEFENDANTS OF THE CLAIMS AND THE PROBLEM"(GRRIFFIN, 557.F3d. AT 1120") INDEED THE APPEAL FORM PROVIDES LIMITED SPACE TO EXPLAIN HIS GRIEVANCE, AND INSTRUCTIONS NOT TO EXCEED THE SPACE GIVEN, SO HE CAN HARDLY BE BLAMED FOR NOT SETTING OUT EVERY LAST DETAIL.

## — STANDARD OF REVIEW —

SUMMARY JUDGMENT STANDARD THE COURT DETERMINE WHETHER - A GENUINE ISSUE OF MATERIAL FACT PRECLUDES ENTRY OF JUDGMENT - COMITE DE JORNALEROS DE REDONDO BEACH V. CITY OF REDONDO BEACH, 657 F3d. 936,942 (9th CIR. 2011). IN DOING SO, IT MUST LIBERALLY CONSTRUE GARCIA FILINGS BECAUSE HE IS A PRO-SE PRISONER (THOMAS V. PONDER, 611 F3d 1144, 1150, (9th CIR 2010). FURTHER, THE EVIDENCE OF THE OPPOSING PARTY IS TO BE BELIEVE, SEE. ANDERSON, 477. U.S. AT 255. All REASONABLE INFERENCES THAT MAY BE DRAWN FROM THE FACTS PLACED BEFORE THE COURT MUST BE DRAWN IN FAVOR OF THE OPPOSING PARTY. SEE. MATSUSHITA, 475. U.S. AT 587. IN DETERMINING WHETHER A TRIABLE ISSUE OF MATERIAL FACT EXISTS, THE EVIDENCE MUST BE CONSIDERED IN THE LIGHT MOST FAVORABLE TO THE NON MOVING PARTY (BARLOW V. GROUND 943 F2d. 1132,1134 (9th CIR. 1991). CERT. DENIED, 505 U.S. 1206, 112 Sct. 2995 (1992)... UNDER SUMMARY JUDGMENT STANDARD OF REVIEW AS DESCRIBED ABOVE, DEFENDANTS HAVE NOT MET THEIR INITIAL BURDEN OF DEMOSTRATING THE ABSENCE OF GENUINE ISSUES OF MATERIAL FACT WITH RESPECT TO GARCIA EXHAUSTION OF REMEN'ES, IT IS WELL SETTLED THAT THE PARTY MOVING FOR SUMMARY JUDGMENT HAS THE INITIAL BURDEN OF SHOWING THAT THERE IS NO GENUINE ISSUES OF MATERIAL FACT AND THAT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW... DEFENDANTS OFFER! A APPEAL THAT IS NOT THE APPEAL GARCIA BASES HIS CLAIMS OR HIS EXHAUSTION OF REMEDIES - THEY OFFER DECLARATIONS THAT SUFFER FROM CREDIBILITIES - ISSUES, AND THAT WERE SUBMITTED IN BAD-FAITH, THESE RECORDS ARE NOT RESPONSIVE TO GARCIA CLAIMS ON PAGE #9 OF THE COMPLAINT, WHERE HE ARGUE THAT PRISON OFFICIALS FAILURE TO PROCESS HIS NOVEMBER 2016 APPEALS MAKES REMEDIES "EFFECTIVELY - UNAVAILABLE"

FINALY, GARCIA HAS PUT FORTH EVIDENCE (THE COMPLAINT AT PAGE # 9. SIGNED UNDER PENALTY OF PERJURY, LETTER TO OOA, THE CANCELLED APPEAL, E-MAIL, APPEAL ON THE CONFISCATION OF HIS EVIDENCE - LEGAL DOCUMENTS AND HIS OWN DECLARATION UNDER PENALTY OF PERJURY... VIEWING THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO GARCIA HE HAS RAISE A GENUINE ISSUE OF MATERIAL FACT AND DISPUTES OF FACTS, THAT PRECLUDES ENTRY OF JUDGMENT - THUS, DEFENDANTS MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BY THIS COURT.

**EXHIBIT** ____17____

1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  ROBERT M. PERKINS, III, State Bar No. 309192
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-6144
6    Fax: (916) 324-5205
     E-mail: Robert.Perkins@doj.ca.gov
7  *Attorneys for Defendants Silva, Segura, Silva, Hicks,*
   *Harris, Moreno, Hinojosa, Pena*

8                   IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10                          FRESNO DIVISION

11

12

13  LENIN GARCIA,                          | 1:18-cv-00014-DAD-SAB

14                           Plaintiff,    | DEFENDANTS' REPLY TO
                                           | PLAINTIFF'S OPPOSITION TO
15               v.                        | DEFENDANTS' MOTION FOR
                                           | SUMMARY JUDGMENT
16
    E. MORENO, et al.,                     | Judge:       The Honorable Stanley A.
17                                         |              Boone
                            Defendants.    | Trial Date:  No Trial Date Set
18                                         | Action Filed: December 29, 2017

19                            INTRODUCTION

20       Plaintiff's opposition—that the institution failed to properly log or process an appeal in the

21  month of November 2016—fails to generate a material dispute of fact about the availability of an

22  administrative remedy to him. Indeed, Plaintiff does not dispute the fact that he ultimately did

23  submit an inmate grievance in October 2017, nor does he dispute the fact that he has availed

24  himself of this remedy during the pendency of this lawsuit. Plaintiff's contentions do not excuse

25  his obligation complete all steps held out to him by this process before filing a lawsuit.

26  Defendants have therefore carried their burden in showing that there is an available process to

27  Plaintiff, and that Plaintiff failed to exhaust before bringing this suit. The Court should grant

28  Defendants' motion for summary judgment.

                                      1

**ARGUMENT**

I.    DEFENDANTS HAVE CARRIED THEIR BURDEN TO SHOW THAT PLAINTIFF HAD AN AVAILABLE REMEDY, AND PLAINTIFF HAS NOT GENERATED A MATERIAL DISPUTE OF FACT REGARDING THE AVAILABILITY OF THAT PROCESS.

At summary judgment, the defendant carries the burden to show that there is a generally available administrative remedy and that the plaintiff failed to exhaust that process. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Further, the moving party must show that there is no genuine dispute of *material* fact as to the availability of these procedures. *Id.* Material facts are facts that would affect the outcome of the case. *Id.*

Defendants have met their burden in this instance. Corcoran's Office of Appeals received Corcoran appeal log CSPC-8-17-06231 on December 6, 2017. (Galaviz Decl. ¶ 5 Ex. A.) This appeal described, in substantially similar detail, the factual allegations of this lawsuit. (*Id.* ¶ 6.) This action commenced on December 27, 2016, which was before Plaintiff filed for third-level review of his grievance. Plaintiff does not dispute that he filed this lawsuit before he completed this process. (Pl.'s Opp'n 2, ECF No. 33.) Nor does Plaintiff's opposition address the fact that the grievance is ongoing and that he filed this action before the conclusion of this process. (*Id.*) There is, therefore, no dispute of fact that Plaintiff has availed himself of the administrative process and that he has failed to complete that process before filing this lawsuit.

Plaintiff contends that he is entitled to excuse the mandatory exhaustion requirement for two reasons: 1) he submitted an earlier administrative appeal the day of the November 8, 2016 incident; and 2) despite the fact that Corcoran Appeal CSPC-8-17-06231 contains similar factual allegations to those at issue in this lawsuit, Plaintiff's requested relief is different than what he seeks in this lawsuit. Neither allegation generates a *material* dispute of fact that would excuse Plaintiff's obligation to complete the administrative process before bringing a federal lawsuit. Even assuming the truth that Plaintiff attempted to exhaust by submitting a grievance on the very day that this incident happened but was somehow prevented from doing so, that fact has no bearing on the undisputed fact that Plaintiff is now currently exhausting these factual allegations. The fact that he is exhausting currently shows that the remedy is available. Secondly, exhaustion requirements apply, regardless of the relief sought. *Booth v. Churner*, 532 U.S. 731, 740 (2001).

2

1  Plaintiff's intent, in filing the active appeal, is immaterial to the fact that the remedy has been

2  made available to him.  Moreover, Plaintiff's assertion that his intent in filing CSPC-17-06231

3  was only to expunge his RVR is belied by Plaintiff's 602 form: he also states his purpose to

4  exhaust his administrative remedies.

5  II.  **PLAINTIFF'S APPEAL FROM NOVEMBER 8, 2016 DID NOT EXHAUST HIS REMEDIES OR SHOW THAT THEY WERE UNAVAILABLE.**

6

7       Plaintiff asserts that Corcoran's appeals office effectively prevented him from filing

8  numerous inmate grievances.[1]  Plaintiff references throughout his opposition a grievance he filed

9  on the day of the incident.  (Pl.'s Opp'n 2, ECF No. 33.)  According to plaintiff, this grievance

10  referenced Defendants Moreno, Hinojosa, Pena, Segura, and Silva.  (*Id.*)  Plaintiff has attached

11  two other inmate grievances that he filed well after the November 8, 2016 allegations: one

12  concerning a failure to process certain appeals and another concerning the loss of legal documents

13  during a transfer.  It should be noted that the inmate grievance addressing the loss of legal

14  documents does not address the loss of any 602 form or CDCR form 22.  Plaintiff, however, fails

15  to attach the grievance paperwork he claims is relevant to his claims in this case.

16       Reviewing the IATS attached to Appeal Coordinator Galaviz's declaration, Plaintiff filed

17  Corcoran Appeal log number CSPC 13-16-05450.  This appeal was submitted on November 8,

18  2016.  (Goree Supp. Decl. ¶ 2 Ex. B.)  Plaintiff attempted to make a staff complaint against

19  Defendants Segura, Hinojosa, and Silva for their failure to sign a CDCR form 22 about Plaintiff's

20  issues with having a cellmate.  (*Id.*)  The institution cancelled this grievance in accordance with

21  title 15, § 3084.6(b)(3) because Plaintiff filed more than one non-emergency appeal in a fourteen-

22  day period.  This grievance, though filed on the day of the incident, does not raise any of the

23  ---

[1] Defendants did not reference the particular appeal log number in its initial motion because this grievance about the cell mate was treated as an allegation concerning living conditions, not a staff complaint involving excessive force against Defendants.  This additional evidence is offered in light of the fact that Plaintiff's Opposition makes broader allegations that Corcoran's appeal process failed to log and process several of Plaintiff's appeals from the month of November, including appeals that were not relevant to his available remedies for *this* case and which are therefore not material to this motion.  However, the Court has discretion to decide whether it should consider additional evidence in a reply to an opposition to summary judgment. Fed. R. Civ. P. 56(e)(1); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).  In light of Plaintiff's broader contentions about Corcoran's grievance process, Defendants submit this supplemental declaration to address these broader allegations.

3

1  factual allegations at issue in this lawsuit and does not show that Plaintiff attempted to exhaust

2  administrative remedies.  (*Id.*)  It also does not show that remedies were unavailable because his

3  later grievance that concerned the allegations at issue in this action was accepted and has not yet

4  been exhausted.  Rather than show that Plaintiff was prevented from exhausting at the time of the

5  November 8, 2016 allegations, the history of Plaintiff's inmate grievance activities demonstrates

6  that he came close to abusing the inmate grievance process by filing too many during the relevant

7  period.

8                                     **CONCLUSION**

9        Defendants have carried their burden to show that Plaintiff had an available remedy and

10  failed to use that remedy before filing suit.  Although the Court, under *Albino*, has an obligation

11  to decide disputed issues of fact relevant to exhaustion, Plaintiff's contentions that he raised in his

12  opposition are immaterial to the fact that he is currently exhausting these allegations during the

13  pendency of this lawsuit.  Defendants have proven both that the remedy is available to Plaintiff

14  and that there is no reason to excuse Plaintiff from concluding that process before litigating the

15  Plaintiff's allegations.  The Court should grant Defendants' motion for summary judgment.

16

17  Dated:  September 6, 2018                              Respectfully submitted,

18                                                        XAVIER BECERRA
                                                          Attorney General of California
19                                                        JON S. ALLIN
                                                          Supervising Deputy Attorney General

20

21                                                        */s/Robert M. Perkins, III*

22                                                        ROBERT M. PERKINS, III
                                                          Deputy Attorney General
23                                                        *Attorneys for Defendants Silva, Segura,*
                                                          *Silva, Hicks, Harris, Moreno, Hinojosa, and*
24                                                        *Pena*

25  SA2018301299
     33544775.docx
26

27

28

                                                  4

1  XAVIER BECERRA, State Bar No. 118517
Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
3  ROBERT M. PERKINS, III, State Bar No. 309192
Deputy Attorney General
4  1300 I Street, Suite 125
P.O. Box 944255
5  Sacramento, CA 94244-2550
Telephone: (916) 210-6144
6  Fax: (916) 324-5205
E-mail: Robert.Perkins@doj.ca.gov
7  Attorneys for Defendants Silva, Segura, Silva, Hicks,
Harris, Moreno, Hinojosa and Pena

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10                     FRESNO DIVISION

11

12

| 13 | LENIN GARCIA, | 1:18-cv-00014-DAD-SAB |
|---|---|---|
| 14 | Plaintiff, | SUPPLEMENTAL DECLARATION OF CORCORAN APPEALS |
| 15 | v. | COORDINATOR D. GOREE |
| 16 | | |
| 17 | E. MORENO, et al., | Judge:   The Honorable Stanley A. Boone |
| 18 | Defendants. | Trial Date:  No Date Set |
| | | Action Filed:  December 29, 2017 |

19       I declare:

20       1.    I am employed by the California Department of Corrections and Rehabilitation

21  (CDCR) as the Inmate Appeals Coordinator at Corcoran State Prison (Corcoran). I have personal

22  knowledge of the matters asserted in this declaration. If necessary, I would and could

23  competently testify to the same.

24       2.    I make this declaration at the request of the Office of the Attorney General. I was

25  asked to review the IATS for inmate Lenin Garcia, CDCR Inmate Number J12590. I was

26  specifically asked to review the IATS reports for any appeals and responses for an incident

27  concerning inmate Garcia and any staff complaints arising out of a November 8, 2016 incident

28

                                        1

1    between Garcia and Officers Hicks, Harris, Segura, M. Silva, E. Silva, Pena, Hinojosa, and

2    Moreno. I also reviewed IATS for any appeals filed by inmate Garcia that were within 30 days'

3    time of November 8, 2016. My review of IATS for that time frame revealed that inmate Garcia

4    filed two appeals during that time frame:

- Corcoran Appeal Log Number CSPC-3-16-05423: This appeal was filed as a staff
  complaint against Officers Lieutenant J. Amaya and Chief Deputy Warden Sexton.
  Garcia filed this appeal on November 7, 2016; however, on November 9, 2016,
  CSP-Corcoran's Office of Appeals rejected the appeal because Garcia did not
  include supporting documentation. A true and accurate copy of appeal CSPC-3-16-
  05423 is attached as **Exhibit A**.

- CSP-Corcoran Appeal Log Number CSPC-3-16-05450: This appeal was filed as a
  grievance about inmate Garcia's living conditions. Garcia identified Officers
  Segura, Hinojosa, and Silva in his complaint. He alleges that he wanted to notify
  these officers that he was not mentally stable to be housed with a cell mate on that
  date. The Office of Appeals rejected the appeal because inmate Garcia
  inappropriately filed more than one non-emergency appeal within fourteen days in
  violation of California Code of Regulations title 15, §§ 3084.1(f) and 3084.6(b)(3),
  which prohibits inmates from filing more than one non-emergency appeal during a
  fourteen calendar day period. A true and accurate copy of appeal CSPC-3-16-05450
  is attached as **Exhibit B**.

21    I determined, based on my review of IATS, that the Inmate Appeals Office did not receive an

22    inmate appeal submitted from Garcia against Officers Hicks, Harris, Segura, M. Silva, E. Silva,

23    Pena, Hinojosa, and Moreno during that time for an incident that occurred on November 8, 2016.

24    No staff complaint appeal against these officers was received within thirty days of that date.

25          3.     Moreover, Garcia submitted an appeal on December 22, 2016 about the failure to

26    log a staff complaint against Officers Segura, Hinojosa, and Silva under Appeal Log Number

27    CSPC-3-16-6159.) Garcia specifically asked about CSP-3-16-05450. CSP-Corcoran's Appeal

28    Office responded by sending Garcia a letter explaining that this particular appeal was logged on

                                                    2

1   November 9, 2016 and rejected because Plaintiff filed more than one non-emergency appeal

2   within fourteen calendar days.  A true and accurate copy of this appeal is attached as **Exhibit C.**

3       I declare under penalty of perjury under the laws of the United States of America that the

4   foregoing is true and correct.

5       Executed this _____ $\ell\ell$ _____ day of September, 2018.

6

7                                           D. Goree
                                            Inmate Appeals Coordinator
                                            Corcoran State Prison
8

9

10

11  SA2018301299
    33545232.docx
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  ROBERT M. PERKINS, III, State Bar No. 309192
   Deputy Attorney General
4     1300 I Street, Suite 125
      P.O. Box 944255
5     Sacramento, CA  94244-2550
      Telephone:  (916) 210-6144
6     Facsimile:  (916) 324-5205
      E-mail: Robert.Perkins@doj.ca.gov
7  *Attorneys for Defendants Moreno, Hinojosa, Segura, Pena,*
   *Hicks, Silva, and Harris*
8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11                      FRESNO DIVISION

12

13

| LENIN GARCIA, | Case No.  1:18-cv-00014-DAD-SAB |
|---|---|
| 14 | |
| 15                    Plaintiff, | **DECLARATION OF T. GALAVIZ IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| 16        v. | |
| 17 | |
| 18  E. MORENO, et al., | |
| 19                    Defendants. | |

20      I, T. Galaviz, declare:

21      1.    I am employed by the California Department of Corrections and Rehabilitation

22  (CDCR) as the Inmate Appeals Coordinator at Corcoran State Prison (Corcoran). I have personal

23  knowledge of the matters asserted in this declaration. If necessary, I would and could competently

24  testify to the same.

25      2.    The Corcoran Inmate Appeals Office (IAO) processes all non-healthcare-related

26  inmate appeals received by inmates at Corcoran. As the Inmate Appeals Coordinator for this

27  institution, I hold the responsibility for the overall processing of Corcoran inmate appeals and the

28  functions of the IAO, including, but not limited to, collecting, logging, screening, routing,

                                    1

1   assigning, and responding to the appeals received by inmates. I ensure that Corcoran's IAO is

2   appropriately logging and tracking all inmate appeals submitted within the Inmate Appeals

3   Tracking System (IATS), as well as appropriate record retention for all inmate appeals filed at

4   Corcoran. The IATS has the capability of producing reports that list an inmate's appeal

5   submissions and appeal processing history.

6        3.      As the Corcoran Inmate Appeals Coordinator, I have knowledge of CDCR's inmate

7   appeals policy and the processing of inmate appeals at Corcoran. I am familiar with the governing

8   regulations regarding the appeals process, which can be found in the California Code of

9   Regulations (CCR), title 15, § 3084. Section 3084.1 provides inmates in the custody of CDCR

10  with an inmate appeal process where inmates can appeal for review of any departmental policy,

11  decision, action, or condition that has a material or adverse effect on their welfare. Under §

12  3084.1(b), inmates must complete three levels of appellate review before their appeal is

13  considered exhausted. Moreover, all lower levels of review are subject to modification at the third

14  level of review. The first two levels of appeals are handled by the specific institution where the

15  inmate's claim arose. The third level of appeals is handled by CDCR's Office of Appeals. Section

16  3084.2(a) requires the inmate to use the CDCR Form 602 to describe the specific issues under

17  appeal and the relief requested. The inmate must list all staff members involved and describe their

18  involvement in the issue. Pursuant to § 3084.1(b)(1), administrative remedies shall not be

19  considered exhausted relative to any new issues, information, or person later named by the inmate

20  that was not included in the originally submitted CDCR Form 602 and addressed through all

21  required levels of administrative review.

22        4.      Furthermore, § 3084.8 outlines the time limits in which the institution must review

23  appeals. Section 3084.8(d) provides exceptions to the time limits for an institution's review of

24  inmate appeals. If the complexity of the decision, action, or policy requires additional research,

25  that basis is considered as an exceptional reason for delaying review of the appeal. Under §

26  3084.8(e), the institution must notify the inmate with an explanation for the reasons for the delay

27  and the estimated completion date.

28

2

1     5.    At the request of the Office of the Attorney General, the Corcoran IAO conducted a

2  computerized IATS report for the appeals and responses submitted by inmate Lenin Garcia

3  (Garcia), CDCR Inmate Number J12590. Specifically, the report reviewed any appeals filed by

4  Garcia related to any staff complaints for an incident that occurred on November 8, 2016 that

5  involved Officers Hicks, Harris, Segura, M. Silva, E. Silva, Pena, Hinojosa, and Moreno. Based

6  on a review of the IATS report generated, Corcoran received and processed an appeal from

7  Garcia under appeal log number CSPC-8-17-06231 on December 6, 2017. A true and accurate

8  copy of the computerized IATS report is attached as **Exhibit A.**

9     6.    I have reviewed the relevant documents contained in that appeal log. In appeal log

10  number CSPC-8-17-06231, Garcia's CDCR 602 form was received and processed for second-

11  level review on December 6, 2017. A true and accurate copy of Garcia's 602 is attached as

12  **Exhibit B.** Garcia's 602 described how Officers Pena, Moreno, Hinojosa, Segura, and Silva

13  failed to protect Garcia from inmate Contreras. It also described how Contreras assaulted Garcia

14  in his cell. Garcia's 602 did not state that these officers engaged in this conduct in retaliation for

15  Garcia's use of the 602 appeals process.

16     7.    On December 21, 2017, the institution generated a staff complaint response to

17  Garcia's CDCR 602 Form. Based on Garcia's 602, the Corcoran IAO determined that Garcia's

18  appeal issue involved allegations that staff intentionally placed inmate Contreras in his cell,

19  despite Garcia's requests not to house Contreras in his cell; that staff pushed Contreras into

20  Garcia's cell, which led to an in-cell fight between Contreras and Garcia; and that staff did not

21  decontaminate Garcia's cell. As party of the December 21, 2017 response, Lieutenant J. Amaya

22  telephonically interviewed Garcia on December 18, 2017. During this telephonic interview,

23  Garcia stated, for the first time, that staff retaliated against him for filing 602s. Garcia's appeal

24  was partially granted and staff was found not to have violated any CDCR policy. The second-

25  level response was sent to Garcia on December 29, 2017, which also advised him that he must

26  submit his staff complaint appeal through all levels of appeal review, up to and including the

27  third-level review. A true and accurate copy of the response is attached as **Exhibit C.**

28

3

Decl. of T. Galaviz in Supp. of Defs.' Mot. For Summ. J (1:18-cv-00014-DAD-SAB)

8.    Inmate Garcia requested third-level review of this appeal in January 2018. In March

2018, the Office of Appeals rejected Garcia's appeal as incomplete and requested that the

Corcoran Appeals conduct additional research regarding the use-of-force incident.  Because of the

complexity of the decision action or policy, a final decision at the second-level has been delayed

pending further review of the use-of-force.  Corcoran's IAO notified Garcia of the exceptional

delay. A true and accurate copy of these letters sent to Garcia are attached as **Exhibit D.**

Corcoran's IAO has yet to complete an amended second-level review of Garcia's appeal;

however, once the amended second-level review is complete, and if Garcia is still unsatisfied with

the second-level response, he will be given thirty days' time to appeal the amended second-level

response to the third level.

    I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

    Executed this 2nd day of August, 2018.

                                          _____
                                          T. Galaviz
                                          Inmate Appeals Coordinator
                                          Corcoran State Prison

SA2018301299
33491548.docx

4

1  XAVIER BECERRA, State Bar No. 118517
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  ROBERT M. PERKINS, III, State Bar No. 309192
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA  94244-2550
     Telephone:  (916) 210-6144
6    Facsimile:  (916) 324-5205
     E-mail: Robert.Perkins@doj.ca.gov
7  *Attorneys for Defendants Moreno, Hinojosa, Segura, Pena,*
   *Hicks, M. Silva, E. Silva, and Harris*

8

9            IN THE UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11                     FRESNO DIVISION

12

13                                          Case No. 1:18-cv-00014-DAD-SAB

14  LENIN GARCIA,
                                            **DECLARATION OF M. VOONG IN**
15                             Plaintiff,    **SUPPORT OF DEFENDANTS' MOTION**
                                            **FOR SUMMARY JUDGMENT**
16           v.

17  E. MORENO, et al.,

18                             Defendants.

19

20      I, M. Voong, declare as follows

21      1.   I am employed by the California Department of Corrections and Rehabilitation

22  (CDCR) as the Chief of the Office of Appeals, formerly named the Inmate Appeals Branch, in

23  Sacramento, California. I have worked for the CDCR for approximately 21 years. I have served

24  as the Chief of the Office of Appeals (OOA) since March 16, 2015. I am not a party to this

25  action. I have personal knowledge of the matters asserted in this declaration, and, if necessary, I

26  could and would competently testify to the same.

27      2.   The Office of Appeals receives, reviews, and maintains non-healthcare inmate

28  grievances accepted for a third-level review. This is the final review in CDCR's inmate

                                  1

grievance process. Before August 1, 2008, the Office of Appeals received, reviewed, and maintained all final-level reviews of inmate grievances. Since August 1, 2008, third-level grievances related to medical or dental issues have been received, reviewed, and maintained by the Health Care Correspondence and Appeals Branch (HCCAB), formerly the Inmate Correspondence and Appeals Branch, under the Office of the Federal Receiver.

3.    Upon receipt by the Office of Appeals, appeals are logged into a computer database known as the Inmate Appeals Tracking System (IATS). The IATS tracks inmate appeals that have been accepted by this Office and adjudicated at the third level of review, as well as all appeals that were received and screened out, and the reasons the appeals were screened out. OOA began retaining copies of screened out appeals on August 1, 2014.

4.    In my capacity as the Chief of the Office of Appeals, I have knowledge of CDCR's inmate appeals policy and the processing of inmate appeals. I am familiar with the governing regulations regarding the appeals process, specifically California Code of Regulations (CCR) title 15, section 3084. Section 3084 provides all procedural requirements that inmates must follow when submitting inmate appeals through the administrative grievance process. All inmate appeals processed by this office are are logged and accepted or screened out. All inmate appeals that do not meet the procedural requirements for submission may be screened out (rejected or cancelled) under section 3084.6. All inmate appeals submitted to OOA that contain a deficiency listed in section 3084.6(b) shall be rejected and returned for correction and resubmission. Specific instructions or directives are given so that further action necessary may be taken before resubmission to ensure the appeal is acceptable for processing.

5.    I have access to inmate Lenin Garcia's (CDCR Number J12590) appeal records at the Office of Appeals. At the request of the Office of the Attorney General, I conducted a thorough search of this inmate's appeal files to locate any record of any third level inmate appeals associated with inmate Garcia and Corcoran appeal log number CSPC-8-17-06231.

6.    A true and accurate copy of the Inmate/Parolee Appeals Tracking System—Level II (IATS) Printout for inmate Garcia is attached to this declaration as **Exhibit A**. The IATS

2

1  database tracks the inmate appeals submitted to this Office that were accepted for review or

2  screened out.

3       7. My search revealed that this Office received from inmate Garcia an appeal for third-

4  level review for Corcoran Appeal Log Number CSPC-8-17-06231 on January 29, 2018. That

5  appeal was assigned third-level review log number 1801871. On March 21, 2018, this Office

6  rejected that appeal. This Office notified inmate Garcia of its decision to reject his appeal on

7  March 21, 2018, so that Corcoran State Prison's appeals office could take additional action to

8  amend its second-level response. Inmate Garcia was advised that if he had not received the

9  original appeal and notification of the further action taken within thirty working days, he could

10  file an appeal on the inaction with the institution. Inmate Garcia was specifically advised that if

11  he was dissatisfied with the amended second-level response, he must resubmit his complete

12  appeal for third-level response within thirty calendar days of receiving the amended second-level

13  response. A true and correct copy of this letter is attached as **Exhibit B.** To date, there is no

14  record of this appeal being accepted or exhausted at the third-level review.

15       I declare under penalty of perjury under the laws of the United States of America that the

16  foregoing is true and correct.

17       Executed this ___3ᴿᴰ___ day of __AUGUST__, 2018.

18

19                          M. Voong, Chief
                        Office of Appeals (CDCR)

20

21

22

23

24  SA2018301299
    33490431.docx

25

26

27

28

3

EXHIBIT — 18

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** OFFICER, J- CRUZ
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** LENIN GARCIA
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KINGS<br>1640 KINGS COUNTY DRIVE<br>HANFORD, CALIFORNIA 93230 | **CASE NUMBER:**<br>*(Número del Caso):*<br>18C0380 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LENIN GARCIA, #J12590, MULE CREEK STATE PRISON, A1-217 - P.O.BOX-409020
IONE, CA 95640.

| | | |
|---|---|---|
| **DATE:**<br>*(Fecha)* 02-18 , 2019 | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS**<br>WEST® | Code of Civil Procedure §§ 412.20, 465 |

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| LENIN GARCIA #J12590<br>MCSP-A1-217L<br>P.O. BOX-409020<br>TELEPHONE NO.: IONE, CA,   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): 95640<br>ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
STREET ADDRESS: 1640 KINGS COUNTY DRIVE
MAILING ADDRESS:
CITY AND ZIP CODE: HANFORD, CALIFORNIA 93230
BRANCH NAME:

| PLAINTIFF/PETITIONER: LENIN GARCIA | CASE NUMBER: 18C0380 |
|---|---|
| DEFENDANT/RESPONDENT: OFFICER, J. CRUZ | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   OFFICER, J. CRUZ

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: CSP-CORCORAN, P.O. BOX-8800, CORCORAN, CA. 93212

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* (2) at *(time):*

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.

       (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | THOMSON<br>★<br>WEST | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

| PLAINTIFF/PETITIONER: LENIN GARCIA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: J-CRUZ | 18C0380 |

5. c. ☒ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on (date): 02 · 18 · 2019    (2) from (city): IONE
   (3) ☒ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** (specify means of service and authorizing code section):

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☐ as occupant.
   d. ☐ On behalf of (specify):
      under the following Code of Civil Procedure section:
      ☐ 416.10 (corporation)          ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)  ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)        ☐ 415.46 (occupant)
                                       ☐ other:

7. **Person who served papers**
   a. Name: LENIN GARCIA
   b. Address: MULE CREEK STATE PRISON, A1-217, P.O. BOX, 409020, IONE CA, 95640
   c. Telephone number:
   d. The fee for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
          (i) ☐ owner  ☐ employee  ☐ independent contractor.
          (ii) Registration No.:
          (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 02 · 18 · 2019

LENIN GARCIA
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _(signature)_ (SIGNATURE )

Garcia, L
41-217

# Declaration of Service By Mail

CASE NAME: _LENIN GARCIA V. KEN CLARK_      CASE NO. _18 C0380_

I, _LENIN GARCIA_ , am a resident of the State of California, Mule Creek State Prison, (M.C.S.P.) at Ione, County of Amador, California, and I am at least 18 years of age and I am    a party to the written action. My mailing address is, P.O. Box 409060 Ione, California 95640-9000.

On _FEBRUARY, 18   2019_ , I served a true and correct copy of the following document(s);

_SUMMONS CITATION JUDICIAL NOTICE TO DEFENDANT J· CRUZ_

_PROOF OF SERVICE OF SUMMONS_

_COPY OF THE MANDAMUS PETITION_

_SELF ADDRESS STAMPED ENVELOPE_

On each party listed below by placing it in a sealed envelope, with adequate postage or provided, and depositing said envelope in the institutional mail box or turned said envelope to custodial personnel for the United States Mail at Mule Creek State Prison, P.O. Box 409000, Ione, California 95640-9000.
This copy is being mailed to:

_OFFICER, J· CRUZ_

_CSP- CORCORAN_

_P·O· BOX- 8800_

_CORCORAN, CA· 93212_

I have mailed additional copies to:

_____

_____

_____

_____

There is regular service by the United States Mail between the above place of mailing and the parties listed.
I declare, under penalty of perjury, that the foregoing is true and correct.
Executed this date: _FEBRUARY, 18_ , 20_19_ , at Ione, California.

Signed: _P.G._      CDCR No.: _J-12590_

## MULE CREEK STATE PRISON MAILROOM ACKNOWLEDGEMENT OF MAILING

DATE: _2/19/19_      SIGNED: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print)   (LAST NAME)   (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| GARCIA, LENIN | J12590 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| A1-217 L | N/A | HOURS FROM____ TO____ | SUBMITTING SUMMONS |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW: SEND THE FOLLOWING DOCUMENTS ARE BEING TO (CSP-CORCORAN - S/o J. CRUZ) SUMMONS CITATION JUDICIAL NOTICE TO DEFENDANT, PROOF OF SERVICE OF SUMMONS, COPY OF THE MANDAMUS PETITION (CASE # 18 CO 380) FOR THE RETURN OF PROPERTY OR THE VALUE THEREOF. THESE DOCUMENTS ARE BEING MAILED BY FIRST CLASS CONFIDENTIAL LEGAL MAIL ADDRESSED TO: CSP-CORCORAN - P.O. BOX 8800, CORCORAN, CA 93212 CAN YOU RESPOND BELOW AND ACKNOWLEDGEMENT OF RECEIPT OF SERVICE OF SUMMONS, PER. CCR. 3086 b F. 1, 2, 3. (S.A.S.C - ENCLOSED)

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED**
☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: __/__/__
☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|
| | | | |

| IF FORWARDED - TO WHOM: CSP-CORCORAN - 3A-04- S/o J. CRUZ | DATE DELIVERED/MAILED: FEBRUARY 18 2019 | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON   BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

# EXHIBIT COVER PAGE



**EXHIBIT**

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION: {Check Only one}

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States District Court
- [ ] Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury
- [ ] Other

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** WARDEN. K. CLARK
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** LENIN GARCIA
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA COUNTY OF KINGS 1640 KINGS COUNTY DRIVE HANFORD, CALIFORNIA 93230 | **CASE NUMBER:** *(Número del Caso):* 18C0380 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LENIN GARCIA #J12590 MULE CREEK STATE PRISON, A1-217L P.O. BOX-409020, IONE CA, 95640

| | | |
|---|---|---|
| DATE: *(Fecha)* 02.18.2019 | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

WEST₀

Code of Civil Procedure §§ 412.20, 465

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| LENIN GARCIA #J12590<br>MCSP-A1-217L<br>P.O.BOX-409020<br>TELEPHONE NO.: IONE, CA     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: 95640<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** KINGS
STREET ADDRESS: 1640 KINGS COUNTY DRIVE
MAILING ADDRESS:
CITY AND ZIP CODE: HANFORD, CALIFORNIA 93230
BRANCH NAME:

| PLAINTIFF/PETITIONER: LENIN GARCIA | CASE NUMBER: 18C0380 |
|---|---|
| DEFENDANT/RESPONDENT: WARDEN, K-CLARK | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☐ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      WARDEN. K, CLARK

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: CSP-CORCORAN, P.O.BOX-8800, CORCORAN, CA 93212

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*     (2) at *(time):*
   b. ☐ **by substituted service**. On *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*     from *(city):*     or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | **THOMSON**<br>——✶——<br>WEST | Code of Civil Procedure, § 417.10 |
|---|---|---|---|

| PLAINTIFF/PETITIONER: LENIN GARCIA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: K. CLARK | 18C0380 |

5. c. **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on (date): 02-15-2019   (2) from (city): IONE

(3) ☒ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (specify means of service and authorizing code section):

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☒ as an individual defendant.

b. ☐ as the person sued under the fictitious name of (specify):

c. ☐ as occupant.

d. ☐ On behalf of (specify):

under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: LENIN GARCIA

b. Address: MULE CREEK STATE PRISON, A1-217, P.O. BOX, 409020, IONE, CA. 9564

c. Telephone number:

d. The fee for service was: $

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ a registered California process server.

    (i) ☐ owner  ☐ employee  ☐ independent contractor.

    (ii) Registration No.:

    (iii) County:

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 02-18-2019

LENIN GARCIA

▸ _____

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)   (SIGNATURE)

Garcia 1-217

# Declaration of Service By Mail

CASE NAME: LENIN GARCIA V. KEN, CLARK     CASE NO. 18CO380

I, LENIN GARCIA, am a resident of the State of California, Mule Creek State Prison, (M.C.S.P.) at Ione, County of Amador, California, and I am at least 18 years of age and I am a party to the written action. My mailing address is, P.O. Box 409060 Ione, California 95640-9000.

On FEBRUARY 18, 2019, I served a true and correct copy of the following document(s);
SUMMONS CITATION JUDICIAL NOTICE TO DEFENDANT. K. CLARK
PROOF OF SERVICE OF SUMMONS
COPY OF THE MANDAMUS PETITION
SELF ADDRESS STAMPED ENVELOPE

On each party listed below by placing it in a sealed envelope, with adequate postage or provided, and depositing said envelope in the institutional mail box or turned said envelope to custodial personnel for the United States Mail at Mule Creek State Prison, P.O. Box 409000, Ione, California 95640-9000.
This copy is being mailed to:
WARDEN. KEN, CLARK
CSP- CORCORAN
P.O. BOX-8800
CORCORAN, CA, 93212

I have mailed additional copies to:

There is regular service by the United States Mail between the above place of mailing and the parties listed. I declare, under penalty of perjury, that the foregoing is true and correct.
Executed this date: 02. 18, 20 19, at Ione, California.

Signed: ___     CDCR No.: J12590

MULE CREEK STATE PRISON MAILROOM ACKNOWLEDGEMENT OF MAILING

DATE: 2/19/19     SIGNED:

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 22 (10/09)

## SECTION A:  INMATE/PAROLEE REQUEST

| NAME (Print):  (LAST NAME) (FIRST NAME) | | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| GARCIA, LENIN | | J12590 | |

| HOUSING/BED NUMBER: | ASSIGNMENT: | | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| A1-217L | N/A | HOURS FROM_____ TO_____ | SUBMITTING SUMMONS |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

THE FOLLOWING DOCUMENTS ARE BEING SEND TO (CSP-CORCORAN-WARDEN-K-CLARK) BY FIRST CLASS CONFIDENTIAL LEGAL MAIL., SUMMONS CITATION JUDICIAL NOTICE TO DEFENDANT, PROOF OF SERVICE OF SUMMONS., COPY OF THE MANDAMUS PETITION FOR THE RETURN OF PROPERTY OR THE VALUE THEREOF (CASE# 18CO380). THESE DOCUMENTS ARE ADDRESSED TO: CSP- CORCORAN P.O. BOX -8800, CORCORAN, CA 93212. CAN YOU RESPOND BELOW AND ACKNOWLEDGEMENT OF RECEIPT OF SERVICE OF SUMMONS, PER CCR 3086-b-F,1,2,3.(S.A.S.E

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL:  ADDRESSED TO:_____ DATE MAILED: ___/___/___

☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| | | | (CIRCLE ONE)   YES    NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| CSP-CORCORAN-WARDEN.K.CLARK. | FEBRUARY, 18 2019 | (CIRCLE ONE)  IN PERSON    BY US MAIL |

## SECTION B:  STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C:  REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D:  SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:  {Check Only one}

[ ] Municipal Court
[ ] Superior Court
[ ] Appellate Court
[ ] State Supreme Court
[ ] United States District Court
[ ] Circuit Court
[ ] United States Supreme Court
[ ] Grand Jury
[ ] Other

I am a prisoner incarcerated at CDCR Mule Creek State Prison on the year 2015-2016 I was housed at the California State Prison in Corcoran at Facility 3B Building 1, during my stay there I submitted multiple CDCR Form 22 and multiple CDCR Appeals 602...

Peace officers Segura, Hinojosa, and other officers whois names I can't recall today, were assigned to Building 1 third watch hours 2:00pm- 10:00, this officers pick up institutional mail monday, tuesday, wednsday, thurday, friday, saturday, sunday.

Institutional mail consist of G-22 Inmate Request Forms, CDCR Form 22, Appeal 602 Forms, institutional mail means mail that is not leaving the institution or facility, institutional mail was picked up by officers at the cell door, at the podium, at the officers office, staff read, signed 22 forms, staff made sure 602-Appeals addressed to the appeals office had inmates names, CDCR numbersh, cell numbersh, staff would put the institutional mail in a secured locked box...

Regular mail means letters being mailed outside the institution, legal mail means legal documents being mailed to the courts, regular mail and legal mail was picked up sunday, monday, tuesday, wednsday, thursday, at the cell door, at the podium, at the staff office, staff would put the regular, legal mail in different secured locked box designated for mail being mailed out side the institution, by writing this declaration I don't mean to imply that mail process described above is CDCR policy, what I am simply saying is that during my stay at CSP-3B-01, at this particular building, this particular officers engaged in the mail process described in this declaration.

I declare under penalty of perjury under thre laws of the state of California the foregoing is true and correct, and that this declaration was executed on May 07 , 2019.

Ruben Garcia #J-73373



# EXHIBIT COVER PAGE

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION:  {Check Only one}

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [ ] United States District Court
- [ ] Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury
- [ ] Other

# DECLARATION of T.R.U.T.H.
## By Christopher Nathaniel El-Bey Washington
### CDCR# P 77851

In deed NO More Thou a Declaration is Necessary To Make the Prima facie Case in That a State May Not arbitrarily prevent a Plaintiff/Defendant from presenting evidence That is Material to his defense. See Taray v. Klause 282 f3d 632 (9th Cir 2002) Superior Court of California Kings County Case #19C-0355

That I Christopher Nathaniel El-Bey Washington CDCR# P 77851 NOT a party to This Case or Action being first sworn say and Declare by My Signature That The following facts are True TO the best of My Knowledge and belief:

1). THAT I was housed at CSP-Corcoran from 2016 until 2018.

2). That July 2018 I was Transfered To CSATF-Cor where and when staff lost all of My personal property's including Typewriter television and legal Books valued at over $400.

3). Please Take Judicial NOTice That CSP-Corcoran STAFF Does have a long Notorious history of Retaliating Against specific Targetted inmates who exercise Their Right TO litigate prison Conditions, They usually Destroy loose Damage to Those particular INMATES PROPERTY.

WHEREFORE I declare under penalty of perjury That All of The Foregoing is True and Correct to The best of My Knowledge and belief pursuant TO 28 USC 1746 Respectfully Submitted, by Christopher Nathaniel El-Bey Washington

Dated May 5th 2019

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA       )
                              ) SS

COUNTY OF IONE               )

[C.C.P. §§ 446, 2015.5; 28 U.S.C. §1746]

I, LENIN GARCIA-J12590 , am a resident of the State of California and am over the age of eighteen years and am a party to the above entitled action. My address is listed below.

On MAY. 7 . 2019 I served the following documents:

PLAINTIFF EXHIBIT LIST FOR EVIDENTIARY HEARING , AMENDED EXHIBIT LIST

By placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid in the United States Mail by delivering to prison officials for processing through the Institution's internal legal mail system at Ione, California, addressed as follows:

OFFICE OF THE CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO , CALIFORNIA 93721-1318
ATTENTION: COURT ROOM #9-DEPUTY MAMIE HERNANDEZ

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed in the County of Ione, California on MAY. 7 . 2019

LENIN GARCIA - J12590
MULE CREEK STATE PRISON
P.O. BOX 409020
IONE, CA. 95640

Pursuant to the holding of the United States Supreme Court in Houston v. Lack 108 S. Ct. 2379, 487 U.S. 266, 101 L.Ed.2d 245 (1988) and FRAP, Rule 4 (c) inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the Institution's internal legal mail procedures.