UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. MORENO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-00014-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION FOLLOWING <u>ALBINO</u> EVIDENTIARY HEARING RECOMMENDING ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES |

Plaintiff Lenin Garcia is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the $400.00 filing fee for this action.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's failure to protect claim against Defendants E. Moreno, Pena, H. Hinojosa, Segura and M. Silva, excessive force claim against Defendant Moreno, retaliation claim against Defendants Moreno, Pena, Hinojosa, Segura and E. Silva, and failure to decontaminate cell claim against Defendants D. Hick, M. Harris, and E. Silva.

Defendants filed an answer to the complaint on August 2, 2018. On August 3, 2018, the Court issued the discovery and scheduling order.

On August 6, 2018, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust the administrative remedies. Plaintiff filed an opposition on August 19, 2018, and

Defendants filed a reply on September 6, 2018. On September 17, 2018, Plaintiff filed a request to file a surreply to Defendants' reply.

On November 1, 2018, the Court granted Plaintiff's request to file a surreply, and issued Findings and Recommendations recommending Defendants' exhaustion-related motion for summary judgment be denied, subject to an evidentiary hearing pursuant to Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2015), if requested by Defendants.

On May 15, 2019, an evidentiary hearing was conducted before the undersigned, in which the evidence and witness testimony was heard and admitted.

## II.

## ALLEGATIONS OF COMPLAINT

On November 8, 2016, Plaintiff observed Defendants Pena, Moreno, Segura, and Hinojosa escorting inmate Contreras. Plaintiff heard Contreras yelling at the Defendants that he was suicidal and homicidal and did not want to go in the cell with Plaintiff. Contreras requested to be sent to the crisis bed unit, to be placed in another cell or to be sent to administrative segregation. Defendants refused and Contreras told them "I will hurt myself I will hurt anyone." Defendant Pena stated, "we don't care this is Corcoran you need to go in the cell and do what you had to do." Defendant Hinojosa stated, "I bet he is not going to do nothing." Defendant Segura stated, "This is Corcoran go in there and do what you had to do." Defendant Moreno stated, "You are delaying count you need to go in there and do what you had to do." After Plaintiff heard the threats made by Contreras and the refusal of Defendants to place him in suicide watch, Plaintiff feared for his safety and pleaded with Defendants to not place Contreras in his cell. Defendants ignored Plaintiff and Silva stated out loud "six, o, two, us like you always do, you hear me Garcia." All the Defendants laughed out loud at Silva's statement. Defendant Silva then opened Plaintiff's cell door and Contreras refused to enter the cell, but Defendants Pena, Moreno, Hinojosa and Segura all forcefully pushed Contreras inside Plaintiff's cell. Once inside the cell, Contreras refused to relinquish the handcuffs, he again yelled at Defendants "I will hurt myself or anyone else." Plaintiff again pleaded with Defendants to move Contreras out of his cell, and Defendants again ignored Plaintiff. Contreras continued refusing to give up the handcuffs, after sometime he allowed staff to remove the handcuffs, and Contreras immediately

2

pushed Plaintiff and punched him in the face knocking him down to the floor and repeatedly punched Plaintiff and bit him on the arm. While Plaintiff was on the floor, Defendant Moreno sprayed him with pepper spray. Defendant Silva opened the cell door and Defendants proceeded to remove Contreras from the cell and secured the cell door. Plaintiff continued to lay on the floor of the cell while Defendant Moreno continued to spray pepper spray on him. Plaintiff was later handcuffed and escorted by Defendants Hicks to the medical unit for assessment. After the assessment, Plaintiff asked Defendants Hicks, Harris, and Silva to decontaminate the cell, but the Defendants refused. Plaintiff thereafter refused to enter the cell, but Defendants Hicks, Harris and Silva forcefully pushed him inside the cell and left him there for several days without decontamination. Plaintiff had trouble breathing the toxic fumes, respiratory failure, dizziness, blurred vision, and cough.

After the incident, Defendants acted in concert to cover up their misconduct by filing false reports. Defendant Moreno authored a false rules violation report charging Plaintiff with the specific act of fighting and he lied in his report by stating he alone escorted Contreras to Plaintiff's cell and both inmates got in a fighting stance and began fighting one another. Moreno also omitted from his report that Contreras told them he did not want to go in the cell with Plaintiff, that he was suicidal and going to herself himself or someone else, and that Plaintiff pleaded with them not to put Contreras in his cell. Moreno also omitted from his report that Pena, Hinojosa, Segura and himself (Moreno) forcefully pushed Contreras inside Plaintiff's cell.

Defendant Silva, Hicks and Harris also filed a false report about the incident by omitting that after pepper spray was administered in the cell they refused to decontaminate Plaintiff's cell and when Plaintiff refused to enter the cell they forcefully pushed him inside. Plaintiff was found not guilty of the false rules violation charge for fighting.

In November 2016, Plaintiff submitted an inmate appeal regarding the incident and all of Defendants' actions. Plaintiff also inquired as to the status of his appeal. However, Plaintiff's appeal was not lodged, processed or responded to. Plaintiff sought relief at several different levels of review all of which failed to respond to his appeal.

///

///

# III.

## LEGAL STANDARD FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, 136 S. Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.' "). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendant bears the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendant must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show that something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with

Defendant. Williams, 775 F.3d at 1191 (quotation marks omitted).

Where "summary judgment is not appropriate," as to the issue of exhaustion "the district judge may decide disputed questions of fact in a preliminary proceeding." Albino, 747 F.3d at 1168. Whenever feasible, such questions of fact should be "decided before reaching the merits of a prisoner's claim." Id. at 1170. "If the district judge holds that the prisoner has exhausted available administrative remedies, that administrative remedies are not available, or that a prisoner's failure to exhaust available remedies should be excused, the case may proceed to the merits." Id. at 1171.

Furthermore, one of the purposes of an evidentiary hearing is to enable the finder of fact to evaluate the credibility of witnesses by seeing "the witness's physical reactions to questions, to assess the witness's demeanor, and to hear the tone of the witness's voice. . . ." United States v. Mejia, 69 F.3d 309, 315 (9th Cir. 1995). It is only in rare instances that "credibility may be determined without an evidentiary hearing" on the documentary testimony and evidence in the record. Earp v. Ornoski, 431 F.3d 1158, 1169–70 (9th Cir. 2005).

## IV.

### ANALYSIS AND FINDINGS ON EXHAUSTION OF ADMINISTRATIVE REMEDIES

This action is proceeding on Plaintiff's failure to protect claim against Defendants E. Moreno, Pena, H. Hinojosa, Segura and M. Silva, excessive force claim against Defendant Moreno, retaliation claim against Defendants Moreno, Pena, Hinojosa, Segura and E. Silva, and failure to decontaminate cell claim against Defendants D. Hick, M. Harris, and E. Silva.

In denying the motion for summary judgment, the Court found that a material issue of fact exists as to whether Plaintiff attempted to exhaust his administrative remedies, but "due to some inadvertent loss of the grievance form, or for some other reason," prison officials took no action with respect to the grievance. The Court specifically stated, "Defendants do not specifically address Plaintiff's argument that he submitted a grievance on November 11, 2016, for which he received no response. Plaintiff also contends under penalty of perjury that he inquired as to the lack of response to his appeal on December 22, 2016, but again received no response. Defendants point out that Plaintiff has failed to attach the grievance paperwork relevant to his claims in this case. However, the lack of

the November 11, 2016 grievance, may be attributed to Plaintiff's claim that it was never answered or returned to him. Plaintiff has submitted sufficient evidence in support of his contentions, in the form of his declaration declaring facts under penalty of perjury, based on personal knowledge, that he could testify about and be examined upon. See Fed. R. Civ. P. 56(c)(4)." (ECF No. at 11:10-18.)

An evidentiary hearing was held on May 5, 2019, Robert Perkins and Jon Allin appeared on behalf of Defendants, and Plaintiff appeared pro se. Witnesses Dwayne Goree, Michelle Oliveira, Kimberly Dicks, Jorge Dominquez, Sean Pugh, and Jared Cruz testified on behalf of the defense, and Plaintiff testified on behalf of himself. The following exhibits were admitted into evidence: Plaintiff's Exhibits 1A ,1B, 7, 8 and 14, and Defendants' Exhibits F, H, J, K, M, N, P, Q, R, T and V. At the conclusion of the hearing, the matter was taken under submission for written Findings and Recommendations.

### A.     Relevant Testimony

**Plaintiff** testified that on November 8, 2016, he submitted a Form 22 notifying Defendants Segunda and Hinojosa that he was not ready to have a cellie, but both Defendants refused to accept the Form 22. A couple days later Plaintiff submitted an inmate appeal regarding the incidents at issue in this action. A couple weeks after submission of the inmate appeal, Plaintiff submitted a Form 22 requesting the status, but he did not receive a response.

On December 22, 2016, Plaintiff filed a second inmate appeal with the appeals coordinator. This appeal was filed against the appeals office, identified the subject matter of the missing inmate appeal, and the fact that he never received a log number or rejection for such appeal. Plaintiff did not receive a response, log number, or rejection letter for the December 22, 2016, appeal.

Plaintiff then sent a letter to the chief of the inmate appeals, and explained that he filed two inmate appeals for which he did not receive a log number, rejection letter, or return of the appeal. Plaintiff received a return letter, then submitted another inmate appeal. (Plaintiff's Exhibit 7.)

Plaintiff then submitted a third inmate appeal, which cancelled, and he did not know what to do. (Plaintiff's Exhibit 8.)

Plaintiff then filed the instant action on December 29, 2017.

///

On January 18, 2017, Plaintiff was admitted to the crisis bed unit in Stockton, California. At this time, all of his legal work which included his inmate appeals, and Form 22s, were in his cell at Corcoran State Prison.

On February 24, 2017, property officer Jared Crux informed Plaintiff to go to R&R to collect his property. Plaintiff was presented with a CDCR 1083 inventory property form which did not include any of his legal documents. Plaintiff refused to sign the 1083 Form because he wanted all his property inventoried. Plaintiff was then transferred to Mule Creek State Prison, and he did not receive any of his legal property. Plaintiff then submitted an inmate appeal requesting that Corcoran State Prison forward all his legal material to Mule Creek State Prison. Plaintiff received a response from Corcoran stating no legal documents were located.

Plaintiff submitted Appeal Log No. 17-6231 (Plaintiff's Exhibit 14) to expunge the Rules Violation Report he received regarding the incident on November 8, 2016. Plaintiff received the second level response to this appeal on December 21, 2017. Then, went to third level review, and a letter dated March 21, 2018, was sent to Plaintiff indicating the appeal was sent back to the second level review for further review and to date is still pending.

**Dwayne Goree,** Appeals Coordinator at Corcoran State Prison testified that an inmate can file a Form 602 inmate appeal for any issues. There are three levels to the appeals process. An inmate has 30 days to file initial appeal, 30 days to submit to the second level, then 60 days to submit to the third level for response. An appeal is exhausted after a response is received from the third level of review.

In November 2016, an inmate could initial the appeal process by handing an appeal to an office or place it in the log box in housing unit. In 2016, only the first watch sergeant (from 10:00 p.m. to 6:00 a.m.) had access to the log box in the housing unit. An inmate could follow-up on any appeal filed by submitting a Form 22 to the appeals office or file an additional inmate appeal indicating that no response to the initial appeal was received. If an appeal is lost, a subsequent appeal would be allowed to be filed to re-submit the issue(s).

When an appeal is filed it is logged in the Inmate Tracking System, it is then screened by staff to determine if emergency, then appeals staff screen for assignment of response and assign a log number. If an appeal is missing information, a CDCR Form 695 is issued detailing what is wrong with

7

the appeal and what is necessary for it be accepted. An appeal can be rejected as duplicative, for filing more than one non-emergency appeal within fourteen days, subject to inmate appeal restriction, no supporting documentation, or filing on behalf of another inmate.

Defendants' Exhibit J is an Inmate Parolee Tracking System for Plaintiff which reflects that Plaintiff submitted two inmate appeals in November 2016.

On November 7, 2016, Plaintiff submitted Appeal Log No. CSPC-3-16-05423, in which Plaintiff alleged a cover-up and fabrication of information. (Defendants' Exhibit K.) On November 9, 2016, a Form 695 was issued in Appeal Log. No. CSPC-3-16-05423, because the appeal was missing documentation. (Id.)

On November 8, 2016, Plaintiff submitted Appeal Log No. CSPC-3-16-05450, in which Plaintiff alleged Defendants Segura, Hinojosa, and Silva refused to sign a Form 22. (Defendants' Exhibit F.) The appeal was rejected on November 10, 2016, because Plaintiff had submitted more than one non-emergency appeal within a fourteen-day period. (Id.)

On December 22, 2016, Plaintiff submitted Appeal Log No. CSPC-3-16-06159, in which Plaintiff inquired as to the whereabouts of several different appeals. (Defendants' Exhibit N.) On December 28, 2016, Plaintiff received a response to Appeal Log No. CSPC-3-16-06169 which addressed Plaintiff's appeal history. (Defendants' Exhibit P.)

Between November 8, 2016 and December 28, 2016, Plaintiff did not submit any other appeals. Thus, Appeal Log Nos. CSPC-3-16-05423, CSPC-3-16-05450, and CSPC-3-16-06159, were the only appeals filed during this period.

On October 31, 2017, Plaintiff filed Appeal Log No. CSPC-8-17-6231, with regard to the November 8, 2016, incident and Rules Violation Report. (Defendants' Exhibit M.) On December 21, 2017, Plaintiff received a second level response. (Id.) On January 19, 2018, Plaintiff appealed to the third level of review. (Id.) On March 1, 2018, the appeal was referred to the appeal coordinator at Corcoran State Prison for further review. (Defendants' Exhibit V.) On March 26, 2018, the second level issued an amended decision. (Defendants' Exhibit M.) There is no further evidence as to this appeal.

///

**Michelle Oliveira**, Appeals Coordinator at Corcoran State Prison testified that she responded to appeals filed by Plaintiff.

On December 22, 2016, Plaintiff submitted Appeal Log No. CSPC-3-16-06159 regarding the lack of responses to several appeals. (Defendants' Exhibit N.)

Appeal Log No. CSPC-3-16-06159 was rejected by Ms. Oliveira on December 28, 2016, because (1) it contained multiple issues and (2) there was no supporting documentation or evidence attached to it. (Defendants' Exhibit P.) A CDCR Form 22 is commonly attached as documentation to prove that the inmate submitted the appeal to the officer who signs that it was accepted. Plaintiff did not submit a CDCR Form 22 to this appeal. (Id.) The appeals office did not receive any response to this rejection letter.

On February 12, 2017, Plaintiff filed Appeal Log No. CSPC-2-17-00759, in which he claimed that several appeals coordinators, including Ms. Oliveira did not log or respond to his appeals. (Plaintiff's Exhibit 8.) On February 15, 2017, Plaintiff's appeal was cancelled because he could not appeal the processing of an appeal only its cancellation. (Id.)

**Kimberly Dicks**, Retired Correctional Lieutenant at Corcoran State Prison testified that part of her duties included interviewing inmates about staff complaints. She interviewed Plaintiff regarding an incident on November 8, 2016, and prepared a confidential supplement to Appeal Log No. CSPC-2-17-00719. (Defendants' Exhibit H.) Plaintiff claimed that officer sent inmates to attack him on November 8, 2016.

Ms. Dicks interviewed Plaintiff telephonically on April 3, 2017, regarding the November 8, 2016, incident. Plaintiff was asked about an inmate appeal he filed, and the events which took place on November 8, 2016. Plaintiff never mentioned an appeal he allegedly filed just a few days after the November 8, 2016, incident. Plaintiff stated that he did not know why the incident was not reported. However, a notice of unusual occurrence issued on November 8, 2016, regarding the incident between Plaintiff and his cellmate. (Defendants' Exhibit H.) The interview was eventually terminated because Plaintiff failed to cooperate with the inquiry.

///

///

**Jorge Dominquez**, Correctional Captain of Office of Appeals at Corcoran State Prison testified that he reviews all appeals at the third level of review. Defendants' Exhibit T is an Inmate Appeals Tracking Sheet for all appeals filed by Plaintiff at the third level of review.

On March 21, 2018, Appeal Log No. COR-17-06231 was received at the third level or review and forwarded to the appeals coordinator at the second level of further for further action. (Defendants' Exhibit V.) The appeal was received at the third level on January 29, 2018, and has not been exhausted.

**Sean Pugh**, Correctional Sergeant at Corcoran State Prison testified that he was a sergeant in facility 3(b) from 2008 to 2017. His duties included supervising officers, handling any situations, and maintaining security in the facility.

In November 2016, inmate appeals were collected by him as a sergeant. He would go around to each building that had lockboxes, unlock the box pull out any inmate appeals, and make sure there was no contraband. Only sergeants and lieutenants of each facility had access to the lockboxes.

On November 11, 2016, if an appeal was submitted it would have been collected during Friday night first watch. (Defendants' Exhibit R.) Mr. Pugh did not receive any complaints that appeals were getting lost on facility 3(b).

**Jared Cruz**, Correctional Officer at Corcoran State Prison testified that he packaged the property for Plaintiff on February 24, 2017. (Defendants' Exhibit Q.) Mr. Crux completed the CDCR Inmate Property Form 1083. Plaintiff told Cruz that he had no property, but he had property that he had not yet received. When Cruz packaged Plaintiff's property there was no legal material to be inventoried. Plaintiff never mentioned that any inmate appeal or legal property were missing. Plaintiff refused to sign the property form, but did not explain why he refused to sign and never mentioned anything about any legal or other property missing.

**B.     Plaintiff Failed to Exhaust Administrative Remedies as to Claims at Issue**

Plaintiff does not dispute that an administrative grievance procedure was available or that he was familiar with the process. Rather, as previously stated, Plaintiff contends he submitted a relevant appeal in November 2016, but it was not logged or responded to, and he has no proof of submission because his legal property was improperly confiscated.

10

Failure to exhaust may be excused where the administrative remedies have been rendered "unavailable," and in such a case, the plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); see also Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Brown v. Valoff, 422 F.3d at 939-40 (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available). Aside from this single exception, "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'… [a]nd that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross, 136 S. Ct. at 1856.

The test for deciding whether a grievance procedure was unavailable uses an objective standard. Albino, 697 F.3d at 1035. "[A]ffirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable." Id. at 1034. An inmate may demonstrate the unavailability of remedies by showing "(1) that jail staff affirmatively interfered with his ability to exhaust administrative remedies or (2) that the remedies were unknowable." Id. at 1033. The inmate must make "a good-faith effort" to determine and comply with a prison's grievance procedures. Id. at 1035.

As an initial matter, and detrimental to Plaintiff's contention, is the fact that on November 20, 2016, Appeal Log No. CSPC-3-16-05450 (submitted on November 8, 2016) was rejected because Cal. Code Regs. tit. 15, § 3084.1(f).[1] Thus, even if Plaintiff had, as he alleges, filed an appeal on or about November 8 or 11, 2016, based on the evidence presented at the hearing, it would have been rejected for having filed too may appeals within a fourteen-day period. Furthermore, beyond Plaintiff's own testimony, there is no independent or corroborating evidence to support his contention that on November 8 or 11, 2016, he submitted a grievance relative to the claims at issue in this action.

---

[1] Section 3084.1(f) specifically states, "[a]n inmate or parolee has the right to file one appeal every 14 calendar days unless the appeal is accepted as an emergency appeal. The 14 calendar day period shall commence on the day following the appellant's last accepted appeal."

11

1 See, e.g., Jackson v. Baca, No. CV 12-10393-JLS (JEM), 2018 WL 1916307 (C.D. Feb. 13, 2018)
(inmate's vague allegations that inmate appeal turns up missing is not enough to excuse exhaustion.)
Here, there is no proof that Plaintiff submitted an CDCR Form 22. On December 28, 2016, Plaintiff
received the following response:

> Your appeal is dated 12/22/2016. It appears you are attempting to inquire regarding the whereabouts of several appeals. For future reference you must submit separate appeals for each inquiry. Attached is a copy of your Appeal History. Issue #1 was assigned ap[]peal log# 16-5423 and was received in the Appeals Office on 11/9/2016. The appeal was rejected and sent back to you via CDC Form 695 dated 11/9/2016 noting your appeal was missing necessary supporting documents and all submitted documents must be legible. As of today, this appeal has NOT been resubmitted. Issue #2 was assigned appeal log# 16-5450 and was received in the Appeals Office on 11/10/2016. The appeal was rejected and sent back to you on 11/10/2016 noting you filed more than one non-emergency appeal within (14) calendar days. As of today, this appeal has NOT been resubmitted. Issue #3-you have not provided enough information regarding this appeal in order for the reviewer to gather information noting you have filed a multitude of appeals nor have you provided a copy of the Form 22 as a receipt evidencing you submitted the alleged appeal.

(Defendants' Exhibit P.) Thus, just over a month after the November 8, 2016, incident Plaintiff was unable to describe with sufficient specificity an appeal he allegedly filed regarding his cell living. (Id.) In addition, Plaintiff submitted several other inmate appeals during the relevant time period and thereafter. Lieutenant Dicks testified that Plaintiff stated he files so many inmate appeals he does remember all of them. Sergeant Cruz testified that Plaintiff never mentioned any missing appeal or other legal property. Furthermore, on October 31, 2017, Plaintiff filed Appeal Log No. CSPC-8-17-6231, with regard to the November 8, 2016, incident and Rules Violation Report which may be an attempt to exhaust the claims at issue. (Defendants' Exhibit M.) Although Plaintiff contends that his legal property which included the alleged November 2016 appeal was confiscated, his claim is belied by the fact that he never complained to anyone that his appeal was missing from his property. Accordingly, based on the evidence presented at the hearing, the Court finds that Plaintiff did not exhaust the claims in this action, and the action should be dismissed, without prejudice.

///
///
///

# V.

## CONCLUSION AND RECOMMENDATION

Based on the evidence presented at the hearing, the Court finds that Plaintiff has not exhausted the administrative remedies with respect to the claims at issue in this action, and the action should be dismissed, without prejudice.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 28, 2020**

UNITED STATES MAGISTRATE JUDGE