# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>       Plaintiff,<br><br>v.<br><br>E. MORENO, et al.,<br><br>       Defendants. | Case No.: 1:18-cv-00014-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY, GRANTING IN PART EXTENSION OF TIME, AND DENYING REQUEST FOR FREE COPY OF TRANSCRIPT<br><br>[ECF No. 55] |

Plaintiff Lenin Garcia is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to stay the proceeding or, in the alternative, a ninety-day extension of time to file objections, and request for a free copy of the evidentiary hearing transcript, filed February 10, 2020.

Plaintiff seeks to stay the action until he receives a complete copy of the evidentiary hearing transcript. In the alternative, Plaintiff seeks an extension of time to file objections to the pending Findings and Recommendations.

The United States Supreme Court has indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even

1

balance. Landis v. North American Co., 299 U.S. 248, 254-55 (1936). "[T]he proponent of the stay bears the burden of establishing its needs." Clinton v. Jones, 520 U.S. 681, 706 (1997).

At this juncture, the Court finds that Plaintiff has failed to show that a stay of these proceedings is necessary. However, having considered the request, the Court finds good cause to grant, in part, the requested extension of time. Fed. R. Civ. P. 6(b). The Court finds that an extension of thirty days, rather than ninety days, is reasonable under the circumstances.

With regard to Plaintiff's request for a free copy of the evidentiary hearing transcript, it must be denied. A defendant is not required to provide plaintiff with a free copy of a deposition transcript. See Whittenberg v. Roll, No. CIV S–04–2313 FCD JFM P, 2006 WL 657381 at *5 (E.D. Cal. Mar. 15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of his deposition transcript free of charge). Although granted leave to proceed in forma pauperis, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) (quoting United States v. MacCollom, 426 U.S. 317, 321, 96 S. Ct. 2086 (1976). The expenditure of public funds for deposition transcripts is not authorized by the in forma pauperis statute or any other statute. See 28 U.S.C. § 1915.

The Court will not require Defendants to provide Plaintiff a free copy of the hearing transcript, nor is there any authority for the expenditure of public funds to provide a free copy of the hearing transcript to Plaintiff. There is no transcript for the evidentiary hearing on the docket at this time as the proceeding was audio recorded. When proceedings have been recorded as the official record by electronic sound recording equipment, parties may choose to purchase copies of the electronic sound recording files, from the clerk of court in lieu of a transcript for their own use. Orders for audio records should be submitted to the clerk's office at:

> United States District Court
> **Attn:** Otilia Rosales, Electronic Court Reporter Operator
> 2500 Tulare Street, Suite 1501
> Fresno, CA 93721.

Any and all applicable fees with apply. The hearing WILL NOT be provided unless and until a request is properly made and the applicable fees are received.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request to stay the proceedings is denied;
2. Plaintiff is granted thirty (30) days from the date of service of this order to file objections; and
3. Plaintiff's request for a copy of the evidentiary transcripts is denied, without prejudice.

IT IS SO ORDERED.

Dated: **February 13, 2020**

UNITED STATES MAGISTRATE JUDGE