UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>E. MORENO, et al.,<br><br>　　　　　Defendants. | No. 1:18-cv-00014-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Doc. No. 53) |

　　　　Plaintiff Lenin Garcia is a state prisoner appearing *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This action currently proceeds on plaintiff's claims for failure to protect, excessive use of force, retaliation, and failure to decontaminate his cell brought against various defendants (collectively, defendants), each of whom is alleged to have been a correctional officer at the relevant time at California State Prison, Corcoran ("Corcoran"). (Doc. Nos. 1 at 2–3; 11 at 1; 53 at 1.)

　　　　On August 6, 2018, defendants filed a motion for summary judgment. (Doc. No. 32.) Therein, defendants argued that plaintiff failed to exhaust his administrative remedies prior to filing suit with respect to the claims he is asserting in this action. (*Id.*) The assigned magistrate judge issued findings and recommendations on November 1, 2018, recommending that

1

defendants' motion for summary judgment be denied without prejudice. (Doc. No. 39.) Those findings and recommendations noted that

> [w]hether due to some inadvertent loss of the grievance form, or for some other reason, Plaintiff contends that his grievance was not acted upon by prison officials, and he was thereby prevented from fully exhausting the grievance. Thus, at this juncture, the determination of whether Plaintiff properly submitted a November 11, 2016 appeal turns on the relative credibility of the parties which cannot be determined by way of motion for summary judgment. Based on the evidence submitted by Plaintiff there is a genuine issue of material fact as to whether the circumstances rendered the administrative remedies effectively unavailable to him.

(*Id.* at 12.) On April 4, 2019, the undersigned adopted the November 1, 2018 findings and recommendations, denied defendants' motion for summary judgment, and granted defendants' motion for an evidentiary hearing related to plaintiff's exhaustion of the claims he is asserting in this action pursuant to *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). (Doc. No. 46.)

On May 15, 2019, the *Albino* evidentiary hearing was held before the magistrate judge. (Doc. No. 52.) Plaintiff Garcia appeared at the hearing *pro se*. (*Id.*) Some of plaintiff's exhibits were admitted into evidence. (*Id.*) Other than his own, plaintiff did not present any other testimony at the hearing. (*Id.*) Defendants presented testimony from various witnesses who either are or were Corcoran staff member, some of whom work or worked for the Office of Appeals at Corcoran. (*Id.*; *see also* Doc. No. 53 at 7–10.)

Based on the evidence presented at the *Albino* hearing, the magistrate judge concluded that plaintiff did not exhaust his administrative remedies prior to filing suit as is required. (Doc. No. 53.) Accordingly, on January 29, 2020, the magistrate judge issued the pending findings and recommendations, recommending dismissal of this action due to plaintiff's failure to exhaust his administrative remedies with respect to his claims. (*Id.*) After requesting and receiving an extension of time to do so (Doc. Nos. 55, 57), plaintiff filed his objections to the pending findings and recommendations on March 16, 2020. (Doc. No. 58.) After requesting and receiving an extension of time to file a response to plaintiff's objections (Doc. Nos. 61, 62), defendants filed their response on April 29, 2020. (Doc. No. 63.)

/////

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the transcript of the *Albino* hearing, each of the exhibits that was admitted into evidence at that hearing, and plaintiff's unauthorized sur-reply,[1] the undersigned concludes that the magistrate judge's recommendation that this action be dismissed without prejudice due to plaintiff's failure to exhaust his administrative remedies to be supported by the record.[2]

Plaintiff asserts three objections to the pending findings and recommendations. First, he argues that he was prejudiced by the magistrate judge's denial of his request to introduce certain exhibits into evidence at the *Albino* hearing. (Doc. No. 58 at 1.) Second, he contends that he was prejudiced by the magistrate judge's denial of his request for a free copy of a transcript of the evidentiary hearing. (*Id.*) Finally, he argues that the evidence presented at the *Albino* hearing, as well as evidence he unsuccessfully attempted to present, establishes that Corcoran staff prevented him from exhausting his administrative remedies. (*Id.* at 4–26.)

The court finds that the magistrate judge properly excluded from evidence various letters plaintiff sent and received as well as the declarations of other inmates at Corcoran because most of the excluded exhibits contained hearsay statements from non-testifying declarants, while others violated the best evidence rule or were not relevant to resolution of the issue now before the

---

[1] On May 8, 2020, plaintiff filed an unauthorized sur-reply to defendants' response to his objections. (Doc. No. 64.) On May 14, 2020, defendants moved to strike that unauthorized sur-reply. (Doc. No. 65.) The court will deny defendants' motion to strike. In light of the Ninth Circuit's liberal standards for review of *pro se* filings, the court has considered plaintiff Garcia's unauthorized sur-reply. *See Edwards v. Nat'l Milk Producers Fed'n*, No. 11-cv-04766-JSW, 2017 WL 4581926, at *5 (N.D. Cal. Sept. 13, 2017).

[2] The undersigned does not adopt the finding that the evidence presented at the evidentiary hearing failed to establish that plaintiff submitted an inmate grievance on November 8 or 11, 2016. (*See* Doc. No. 53 at 11.) The undersigned has reviewed the evidentiary record and finds that plaintiff did file inmate appeals on both November 7 and 8, 2016, that those inmate appeals appear to relate to the claims plaintiff is asserting in this action and that those inmate appeals were rejected by prison officials. (*See* Exs. K, F.) Nevertheless, the undersigned agrees with the magistrate judge that the evidence presented at the *Albino* hearing establishes that plaintiff failed to exhaust his administrative remedies with respect to the claims he is asserting in this action. Accordingly, the court will adopt the magistrate judge's recommendation that this action be dismissed without prejudice due to plaintiff's failure to exhaust his administrative remedies prior to filing suit.

court.  (*See* Doc. No. 60 at 11–12, 16, 19–20, 23–24, 32–35, 106–08, 174–75, 188–91, 200, 205–06); *see also* Fed. R. Evid. 801 (defining "hearsay" as a statement that "the declarant does not make while testifying at the . . . hearing" and one that "a party offers in evidence to prove the truth of the matter asserted in the statement"); Fed. R. Evid. 1002 (Best Evidence Rule); Fed. R. Evid. 401 (Test for Relevant Evidence).  Moreover, the court notes that the April 23, 2019 order setting the evidentiary hearing informed plaintiff of his right to present witnesses, including incarcerated witnesses, as well as the procedure by which he was to obtain the attendance of incarcerated witnesses at that hearing, and plaintiff was further informed of his obligation to be prepared to submit exhibits in proper form at the hearing.  (Doc. No. 47.)  Plaintiff, however, did not move for the attendance of any incarcerated witness, nor did he present any persuasive argument at the evidentiary hearing as to why any of the exhibits that were excluded from evidence on hearsay grounds should have been admitted.  Accordingly, plaintiff's objection that he was prejudiced by the magistrate judge's evidentiary rulings is without merit.

Next, the court finds that the magistrate judge's denial of plaintiff's request for a free copy of the evidentiary hearing transcript did not prejudice plaintiff.  As an initial matter, the court notes that this "objection" does not dispute the magistrate judge's finding that the evidence failed to support plaintiff's claim that he has exhausted his administrative remedies.  Setting that aside, the magistrate judge correctly found that plaintiff was not entitled to a free hearing transcript.  (*See* Doc. No. 57.)  Plaintiff is not proceeding *in forma pauperis* in this action and has not cited any authority in support of his position that he is entitled to such a transcript on demand in this civil action in any event.

Finally, with respect to plaintiff's primary objection—that the evidence in this case establishes that Corcoran prison officials prevented him from exhausting his administrative remedies—the court finds that plaintiff merely disagrees with the magistrate judge's findings and does not meaningfully dispute them.  Plaintiff continues to contend, as he did prior to and during the evidentiary hearing, that he never received any of the correspondences from the appeals' office regarding the inmate appeals he filed in November 2016 and December 2016 relevant to this action.  (*See generally* Doc. Nos. 33, 58, 60.)  However, plaintiff's version of events is belied

by the evidence presented at the *Albino* hearing, which the magistrate judge accurately summarized in the pending findings and recommendations. (*See* Doc. No. 53 at 6–10; *see also* Doc. No. 60 at 92, 109, 173; Exs. K, F, N, P, J.) Other than expressing his own theories about what he believes may have happened with his inmate appeals, plaintiff has offered no *evidence* or *corroboration* for his claim that he never received the responses to his inmate appeals or that his inmate appeals were never processed, despite the magistrate judge having held an *Albino* hearing and provided plaintiff ample opportunity to prepare for and present evidence at that evidentiary hearing.³  *See Jackson v. Baca*, No. 12-cv-10393-JLS-JEM, 2018 WL 1916307, at *6 (C.D. Cal. Feb. 13, 2018), ("'[V]ague assertion[s]' that prison officials did not process an inmate's appeals, or 'stopp[ed] them from being processed,' are insufficient to create a genuine factual dispute regarding the availability of a remedy."), *report and recommendation adopted,* No. 12-cv-10393-JLS-JEM, 2018 WL 1918497 (C.D. Cal. Apr. 18, 2018).  The court therefore does not find plaintiff's many disagreements with the pending findings and recommendations to be persuasive objections thereto.

/////

---

³ Even assuming for argument's sake that plaintiff did not receive any of the responses to the inmate appeals he filed in November and December of 2016 as he contends, plaintiff's own exhibit demonstrates that he was aware, prior to his filing of this action in December of 2017, that he had failed to fully exhaust his administrative remedies with respect to the claims he is asserting here. Plaintiff's Exhibit 8, admitted into evidence at the *Albino* hearing, includes yet another response to an inmate appeal plaintiff filed on February 12, 2017, Log Number CSPC-2-17-00759. (Ex. 8.) In that inmate appeal, plaintiff had complained that the appeals coordinators were not processing his inmate appeals, including the inmate appeals that relate to his claims presented in this action. (*Id.*) The appeals coordinator responded by letter dated February 15, 2017, informing plaintiff that his February 12, 2017 inmate appeal was cancelled because he is "not allowed to appeal the processing of an appeal only it's [sic] cancellation." (*Id.*) Thus, even if the court accepts plaintiff's claim that he did not receive any of the responses related to the inmate appeals he filed in November and December of 2016, he does not dispute that he did receive the February 15, 2017 letter, which he has now moved into evidence. By at least February 15, 2017, plaintiff was therefore on notice that his inmate appeals had been or were being processed. He was therefore obligated to exhaust those inmate appeals that he filed related to his claims in this action through the highest level of administrative appeal. He did not do so, but prematurely filed the pending lawsuit instead. *See Sansone v. Thomas*, No. 1:13-cv-01942-DAD-EPG (PC), 2016 WL 7159285, at *2 (E.D. Cal. Dec. 7, 2016) ("Prisoners are required to exhaust the available administrative remedies prior to filing suit."), *report and recommendation adopted*, No. 1:13-cv-01942-DAD-EPG, (Doc. No. 89) (E.D. Cal. Feb. 14, 2017).

For the reasons set forth above,

1. The recommendation issued on January 29, 2020 (Doc. No. 53) is adopted;
2. Defendants' motion to strike plaintiff's unauthorized sur-reply (Doc. No. 65) is denied;
3. Based on the evidence presented at the May 15, 2019 *Albino* evidentiary hearing, the court finds that plaintiff failed to exhaust his administrative remedies prior to filing this action as required;
4. This case is dismissed without prejudice due to plaintiff's failure to exhaust his administrative remedies; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 29, 2020**　　　　　　　／s/ Dale A. Drozd　　　　　　
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE