UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>            Plaintiff,<br><br>    v.<br><br>E. MORENO, et al.,<br><br>            Defendants. | Case No.: 1:18-cv-00014-DAD-SAB (PC)<br><br>ORDER REGARDING DEFENDANTS' BILL OF COSTS<br><br>(ECF No. 69) |

On November 1, 2018, the undersigned issued Findings and Recommendations recommending that Defendants' motion for summary judgment for failure to exhaust the administrative remedies be denied, without prejudice.  (ECF No. 39.)

On April 4, 2019, the District Judge adopted the Findings and Recommendations.  (ECF No. 46.)

On April 23, 2019, the undersigned set an evidentiary hearing pursuant to Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014)  in order to resolve the factual dispute as to whether Plaintiff exhausted the administrative remedies.  (ECF No. 47.)

An evidentiary hearing was held on May 15, 2019.  On January 29, 2020, the undersigned issued Findings and Recommendations recommending that this action be dismissed, without prejudice, for Plaintiff's failure to exhaust the administrative remedies.  (ECF No. 53.)

///

1

On October 29, 2020, the District Judge adopted the Findings and Recommendations and dismissed the action, without prejudice, for Plaintiff's failure to exhaust the administrative remedies. (ECF No. 67.)

On November 12, 2020, Defendants submitted a bill of costs.[1] (ECF No. 69.)

On November 30, 2020, Plaintiff filed a "Motion to Retax Cost Pursuant to Federal Rule of Civil Procedure 54," which the Court construes as an opposition to the bill of costs. (ECF No. 74.)

## I.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) authorizes courts to award costs to the "prevailing party" in federal actions. There is a presumption in favor of awarding costs to the prevailing party, and a district court following the presumption need not specify its reasons for doing so. Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003). However, the court may elect not to award costs where the party is indigent or where other compelling circumstances exist. Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1247-48 (9th Cir. 2014). The losing party must demonstrate why costs should not be awarded. Nat'l Info. Servs., Inc. v. TRW, Inc., 51 F.3d 1470, 1471-72 (9th Cir. 1995), overruled on other grounds, Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 592-93 (9th Cir. 2000). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." Id. This list is not exhaustive, but rather a starting point for analysis. Escriba, 743 F.3d at 1248.

However, "a district court deviates from normal practice when it refuses to tax costs to the losing party, and that deviation triggers the requirement to specify reasons." Save Our Valley, 335 F.3d at 945 (internal quotation marks omitted). Thus, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." Stanley v. Univ. of S. California, 178 F.3d 1069,

---

[1] Orders concerning the award of costs under Federal Rule of Civil Procedure 54 are non-dispositive motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A). Cf. United States ex rel. Doe v. Biotronik, Inc., No. 2:09-cv-3617-KJM-EFB, 2015 WL 6447489, at *6 (E.D. Cal. Oct. 23, 2015) (recognizing that a motion for attorneys' fees under Rule 54was non-dispositive).

1079 (9th Cir. 1999).  Moreover, the Ninth Circuit has held "a district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." Save Our Valley, 335 F.3d at 945. However, the Ninth Circuit has explained that "[d]istrict courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases." Stanley, 178 F.3d at 1079.

The costs that may be taxed are those enumerated in 28 U.S.C. § 1920. See Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175 (9th Cir. 1990) (per curiam) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987) ).  Section 1920 lists "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" as a taxable cost.  28 U.S.C. § 1920(2).

## II.

## ANALYSIS

Here, Defendants request only $1,071.85 the cost of the evidentiary hearing transcript.  No other costs or expenses were requested.  Plaintiff argues costs should not be imposed because he is currently indigent and he pursued this action in good faith.  (ECF No. 74 at 3-4.)  In consideration of the Ninth Circuit's admonition, the Court has considered both the financial resources of Plaintiff and the requested amount of costs and finds that costs shall be imposed because Plaintiff has not shown that this is anything but an ordinary case.

Although the Court found a dispute of fact as to whether Plaintiff exhausted the administrative remedies that could not be resolved by way of motion for summary judgment, Plaintiff did not prevail after the Court conducted an evidentiary hearing on the issue.  Because Plaintiff filed objections to the Findings and Recommendations and summarized testimony at the hearing, Defendants requested a copy of the transcript of the evidentiary hearing to file a response thereto.  (ECF Nos. 58, 59.) Defendants filed their response on April 29, 2020, which included citations to the evidentiary hearing transcript.  (ECF No. 63.)  Based on a review of the record, the case was neither difficult nor close, and Defendants did not act in bad faith in litigating the issue of exhaustion of the administrative remedies.  As stated by the District Judge, "[o]ther than expressing his own theories about what he believes may have happened with his inmate appeals, plaintiff has offered no *evidence* or *corroboration* for his claim that he never received the responses to his inmate appeals or that his inmate appeals were never

processed, despite the magistrate judge having held an Albino hearing and provided plaintiff ample opportunity to prepare for and present evidence at that evidentiary hearing." (ECF No. 67, Order at 5:3-8) (citation omitted).

Further, Plaintiff has not demonstrated how the costs of the transcript in this instance would have a chilling effect on potential civil rights plaintiffs. See Williams v. Gore, No. 15-CV-0654-AJB,-PCL, 2017 WL 4960220, at *3 (S.D. Cal. Nov. 1, 2017) (concluding that $3,119.58 in costs "is not so excessive as to serve as an inappropriate threat to discourage serious civil rights claims"); Kidd v. Pacific Bell Telephone Co., No. 11cv1512 L(MDD), 2013 WL 2146924, at *2 (S.D. Cal. May 16, 2013) ("The amount of costs [of $5,147.23] sought is reasonable and not exorbitant. Therefore, the suggestion that an award of costs would chill further civil rights litigation is not persuasive in this instance."); compare with Ass'n of Mexican-Am. Educators, 231 F.3d at 592-93 (affirming the district court's denial of $216,443.67 in costs to a prevailing defendant because the extraordinarily high" costs "might have the regrettable effect of discouraging potential [civil rights] plaintiffs"). Indeed, the Court finds any chilling effect to be minimal given the law clearly establishes that exhaustion of the administrative remedies must be done prior to filing suit. See 42 U.S.C. § 1997e(a); see also Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (2016). While Plaintiff may currently have limited funds in his trust account, he paid the $400.00 filing fee for this action, and as of November 9, 2020, he had $37.35 in his account. (ECF No. 74 at 6.) The Court will apportion the payment of costs to be withdrawn in monthly installments equaling "20 percent of the preceding month's income credited to the prisoner's account," so long as the balance before the monthly deduction is greater than $10. See 28 U.S.C. § 1915(b)(2), (f)(2)(B). This procedure "will ensure that Plaintiff is not completely stripped of the means to meet his basic needs." Duvigneaud v. Garcia, No. 04CV580 BTMWMC, 2007 WL 2009800, at *2 (S.D. Cal. July 5, 2007). Considering all the foregoing, the Court finds that Plaintiff has not overcome the presumption of awarding costs of the evidentiary hearing transcript in this instance.

///
///
///
///

**III.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' bill of costs is granted;
2. Defendants shall recover costs in the amount of $1,071.85, to be deducted from Plaintiff's prisoner account in monthly installments equaling "20 percent of the preceding month's income credited to the prisoner's account," anytime the balance before the month deduction is greater than $10, until the total of $1,071.85 has been collected; and
3. The Clerk of Court shall serve a copy of this order on the Director of the California Department of Corrections, via the Court's electronic case filing system (CM/ECF).

IT IS SO ORDERED.

Dated: **February 3, 2021**

UNITED STATES MAGISTRATE JUDGE